APPENDIX OF FORMS
**MODEL FORM FOR MOTIONS UNDER
28 U.S.C. § 2255**

**United States District Court** Northern District of Illinois, At Chicago.

**Name**: Janusz Robak

**Prisoner Number**: 21659-424.

**Place of Confinement**: P.O. Box 1731, Waseca, MN 56093.

# FILED

JUN 1 8 2008 *aew*
Jun 18, 2008
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**United States of America,**
**v.**
**Janusz Robak,**
**Movant.**

**MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN
FEDERAL CUSTODY**

## MOTION

1.  **(a) Name and location of court which entered the judgment of conviction under attack**: United States District Court, Northern District of Illinois, At Chicago.
    **(b) Criminal docket or case number (if you know):** Crim. No. 1:04-cr-693
    Civil No.

2.  **(a) Date of the judgment of conviction (if you know):** 5-16-06
    **(b) Date of sentencing:** 5-5-06.

3.  **Length of sentence:** 240 months incarceration.

4.  **Nature of offense involved (all counts):** 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) (conspiracy to distribute 3,4-Methylenedioxymethamphetamine from "approximately 1999, and continuing until in or about August, 2004") (Count 1); 18 U.S.C. § 1956(h) (conspiracy to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States; that is, Canada, with the intent to promote the carrying on of a specified unlawful activity, that is, an agreement to distribute a controlled substance from "approximately 1999, and continuing until in or about August, 2004") (Count 2); 18 U.S.C. § 1623(a) (materially false declarations under oath on or about 9-2-04) (Count 4).

5.  **What was your plea? (Check one)**

08CV3507
JUDGE GETTLEMAN
MAGISTRATE JUDGE DENLOW

(a) Not guilty ........................[x]
(b) Guilty..............................[]
(c) Nolo contendere..............[]

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?  N/A.

6.    If you went to trial, what kind of trial did you have? (Check one)
(a) Jury................................[x]
(b) Judge only ......................[]

7.    Did you testify at a pretrial hearing, trial, or post-trial hearing?
Yes [] No [x]

8.    Did you appeal from the judgment of conviction?
Yes [x] No []

9.    If you did appeal, answer the following:
(a) Name of court: USCA 7
(b) Docket or case number (if you know): 06-2451
(c) Result: conviction and sentence affirmed
(d) Date of result (if you know): 7-25-07.
(e) Citation to the case (if you know): 230 Fed. Appx. 607; 2007 U.S. App. LEXIS 17942
(f) Grounds raised: Defendant argued that the district court erred by denying his motion to suppress his incriminating statements and by admitting evidence of a border stop during which he was caught attempting to bring undeclared cigarettes into the U.S.
(g) Did you file a petition for certiorari in the United States Supreme Court?
Yes [] No [x]
        If "Yes," answer the following: N/A.
        (1) Docket or case number (if you know):
        (2) Result:
        (3) Date of result (if you know): N/A
        (4) Citation to the case (if you know):
        (5) Grounds raised:

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes [] No [x]

11.   If your answer to 10 was "yes," give the following information: N/A.
(a)    (1) Name of court:
       (2) Docket or case number (if you know):
       (3) Date of filing (if you know):

3

**(4) Nature of the proceeding**:

**(5) Grounds raised**:

**(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes [] No []**

**(7) Result**:

**(8) Date of result (if you know)**:

**(b) If you filed any second motion, petition, or application, give the same information**: N/A.

    **(1) Name of court**:

    **(2) Docket or case number (if you know)**:

    **(3) Date of filing (if you know)**:

    **(4) Nature of the proceeding**:

    **(5) Grounds raised**:

    **(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes [] No []**

    **(7) Result**:

    **(8) Date of result (if you know)**:

**(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?** N/A.

    **(1) First petition:**.................. Yes [] No []

    **(2) Second petition:**............. Yes [] No []

**(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not**: Nothing was filed.

12.    For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance Of Counsel During The Sentencing And Direct Appeal Process, When Counsel Failed To Object To, Or Appeal, The Enhancement Of Mr. Robak's Sentence For Obstruction Of Justice Based On Conduct For Which He Was Separately Convicted

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** The facts supporting this ground are set forth in the "Statement of Claim" on the attachments to this page. Mr. Robak incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground One:**

    **(1) If you appealed from the judgment of conviction, did you raise this issue?**
        **Yes [] No [x]**

    **(2) If you did not raise this issue in your direct appeal, explain why**: The reasons for counsel's failures were not part of the record.

4

**(c) Post-Conviction Proceedings:**
    **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
        Yes [] No [x]
    **(2) If your answer to Question (c)(1) is "Yes," state:**
    **Type of motion or petition:**
    **Docket or case number (if you know):**
    **Date of the court's decision:**
    **Result (attach a copy of the court's opinion or order, if available):**
    **(3) Did you receive a hearing on your motion, petition, or application?:**
        Yes [] No []
    **(4) Did you appeal from the denial of your motion, petition, or application?:**
        Yes [] No []
    **(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
        Yes [] No []
    **(6) If your answer to Question (c)(4) is "Yes," state:**
    **Name and location of the court where the appeal was filed:**
    **Docket or case number (if you know):**
    **Date of the court's decision:**
    **Result (attach a copy of the court's opinion or order, if available):**
    **(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:**

**GROUND TWO:** Ineffective Assistance Of Counsel During The Plea, Trial, And Sentencing Process When Counsel Failed To Advise Him To Proceed To A Bench Trial On Stipulated Facts

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** The facts supporting this ground are set forth in the "Statement of Claim" on the attachments to this page. Mr. Robak incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground Two:**
    **(1) If you appealed from the judgment of conviction, did you raise this issue?**
        Yes [] No [x]
    **(2) If you did not raise this issue in your direct appeal, explain why:** The reasons for counsel's failures were not part of the record.
**(c) Post-Conviction Proceedings:**
    **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
        Yes [] No [x]
    **(2) If your answer to Question (c)(1) is "Yes," state:**
    **Type of motion or petition:**
    **Docket or case number (if you know):**
    **Date of the court's decision:**

5

Result (attach a copy of the court's opinion or order, if available):

**(3) Did you receive a hearing on your motion, petition, or application?**:
       Yes [] No []

**(4) Did you appeal from the denial of your motion, petition, or application?**:
       Yes [] No []

**(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
       Yes [] No []

**(6) If your answer to Question (c)(4) is "Yes," state**:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

**(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:**

**GROUND THREE:**  Ineffective Assistance Of Counsel Due To The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Trial, Sentencing, And Direct Appeal Process

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)**: The facts supporting this ground are set forth in the "Statement of Claim" on the attachments to this page. Mr. Robak incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground Three:**
      **(1) If you appealed from the judgment of conviction, did you raise this issue?**
       Yes [] No [x]
      **(2) If you did not raise this issue in your direct appeal, explain why**: The reasons for counsel's failures were not part of the record.

**(c) Post-Conviction Proceedings:**
      **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
       Yes [] No [x]
      **(2) If your answer to Question (c)(1) is "Yes," state:**

Type of motion or petition:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

      **(3) Did you receive a hearing on your motion, petition, or application?**:
       Yes [] No []

      **(4) Did you appeal from the denial of your motion, petition, or application?**:
       Yes [] No []

      **(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
       Yes [] No []

**(6) If your answer to Question (c)(4) is "Yes," state**:
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
**(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue**:

**GROUND FOUR:** Ineffective Assistance Of Counsel During The Plea Process.

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** The facts supporting this ground are set forth in the "Statement of Claim" on the attachments to this page. Mr. Robak incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground Four:**

**(1) If you appealed from the judgment of conviction, did you raise this issue?**
Yes [] No [x]

**(2) If you did not raise this issue in your direct appeal, explain why**: The reasons for counsel's errors were not part of the record.

**(c) Post-Conviction Proceedings:**

**(1) Did you raise this issue in any post-conviction motion, petition, or application?**
Yes [] No [x]

**(2) If your answer to Question (c)(1) is "Yes," state:**
Type of motion or petition:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

**(3) Did you receive a hearing on your motion, petition, or application?**
Yes [] No []

**(4) Did you appeal from the denial of your motion, petition, or application?**
Yes [] No []

**(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
Yes [] No []

**(6) If your answer to Question (c)(4) is "Yes," state:**
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

**(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:**

**GROUND FIVE :** Mr. Robak's Conviction And Sentence Are Violative Of The First, Fourth, Fifth, Sixth, And Eighth Amendments To The Constitution.

7

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** Mr. Robak's Conviction And Sentence Are Violative Of His Right To Freedom Of Speech And To Petition, His Right To Be Free Of Unreasonable Search And Seizure, His Right To Due Process Of Law, His Rights To Counsel, To Jury Trial, To Confrontation Of Witnesses, To Present A Defense, And To Compulsory Process, And His Right To Be Free Of Cruel And Unusual Punishment Under The Constitution.

**(b) Direct Appeal of Ground Five:**
    **(1) If you appealed from the judgment of conviction, did you raise this issue?**
        Yes [x] No [x]
    **(2) If you did not raise this issue in your direct appeal, explain why**: Insufficient record and/or ineffective assistance of counsel.

**(c) Post-Conviction Proceedings:**
    **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
        Yes [] No [x]
    **(2) If your answer to Question (c)(1) is "Yes," state:**
Type of motion or petition:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
    **(3) Did you receive a hearing on your motion, petition, or application?**:
        Yes [] No []
    **(4) Did you appeal from the denial of your motion, petition, or application?**:
        Yes [] No []
    **(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
        Yes [] No []
    **(6) If your answer to Question (c)(4) is "Yes," state**:
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
    **(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:**

## STATEMENT OF CLAIM

1.)    Pursuant to Title 28, United States Code, Federal Rules of Civil Procedure 8-11, and Rule 2 of the Rules Governing Section 2255 Proceedings, Defendant-Movant Janusz Robak, 21659-424, states the following claims for relief under 28 U.S.C. § 2255.

2.)    These claims for relief incorporate the attached Section 2255 Model Court Form, as well as the information contained therein as if set forth in full herein.

3.)    On or about 9-30-04 Janusz Robak was charged with violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) (conspiracy to distribute 3,4-Methylenedioxymethamphetamine "from approximately 2000, and continuing into February, 2004") (Count 1). (Appendix, Exhibits A, Exhibits B, Exhibits C)

4.)    He was arraigned on or about 10-4-04 at which time he pleaded not guilty to the charged violations. (Appendix, Exhibits A, Exhibits B, Exhibits C)

5.)    On or about 10-20-05, Janusz Robak was charged in a superseding indictment with violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) (conspiracy to distribute 3,4-Methylenedioxymethamphetamine from "approximately 1999, and continuing until in or about August, 2004") (Count 1); 18 U.S.C. § 1956(h) (conspiracy to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States; that is, Canada, with the intent to promote the carrying on of a specified unlawful activity, that is, an agreement to distribute a controlled substance from "approximately 1999, and continuing until in or about August, 2004") (Count 2); 18 U.S.C. § 1001(a)(2) (false statement to FBI on 8-3-04); 18 U.S.C. § 1623(a) (materially false declarations under oath on or about 9-2-04) (Count 4). (Appendix, Exhibits C)

9

6.)    He was rearraigned on or about 11-2-05 at which time he again pleaded not guilty to the charged violations. (Appendix, Exhibits C)

7.)    On 10-11-05, counsel filed a motion to suppress. In this motion, counsel argued, *inter alia*, for suppression of certain statements of defendant and physical evidence seized from defendant's vehicle.

8.)    On 11-2-05, a hearing was held on the motion to suppress.

9.)    On 11-2-05, the District Court denied the motion to suppress from the bench "with the exception that the government will be precluded from presenting evidence of the statements made by defendant concerning additional telephone numbers (other than the original telephone number he gave to the police) and tattoos that were made by defendant prior to being advised of his Miranda rights". (CR 79)[1]

10.)    Prior to trial and during the plea process, counsel advised Mr. Robak to proceed to a jury trial without first fully advising Mr. Robak as to material facts, circumstances, and laws involved as hereinafter more fully appears.

11.)    At no time prior to Mr. Robak's trial was he ever advised by counsel that he could obtain appellate review of the denial of his motion to suppress and the sufficiency of evidence, while still obtaining a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility, by proceeding to a bench trial on stipulated facts, while preserving his legal issue for appellate review.

12.)    At no time prior to Mr. Robak's trial was he ever advised by counsel that, if he proceeded to a bench trial on stipulated facts, he would *not* waive his right to raise *any* defenses at his sentencing; he would still be able to challenge his relevant conduct, his criminal history,

---

[1] This refers to docket entry 79 in the district court clerk's record.

and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors.

13.)    Prior to trial and during the plea process, counsel advised Mr. Robak to stand trial without first conducting an independent investigation of the facts, circumstances, pleadings and laws involved as hereinafter more fully appears.

14.)    At no time prior to Mr. Robak's arraignment was he ever advised by counsel that he could likely obtain a reduction in his sentence for "acceptance of responsibility" if he timely pleaded guilty and demonstrated remorse instead of pleading not guilty.

15.)    Mr. Robak was affirmatively misadvised that he could only obtain a benefit to his sentence if the government offered him a "plea agreement".

16.)    Mr. Robak was affirmatively misadvised that he could only obtain a benefit to his sentence if he cooperated with the government in the investigation or prosecution of another person who has committed an offense.

17.)    At no time prior to Mr. Robak's arraignment was he ever advised by counsel that, if he pleaded guilty, he would *not* waive his right to raise *any* defenses at his sentencing; he would still be able to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors. Counsel could have but did not explain that a timely plea of guilty would have made additional, far more useful and powerful defenses available for Mr. Robak at sentencing than he had by proceeding to trial.

18.)    On or about 11-14-05 Mr. Robak proceeded to trial. At trial, the evidence presented by the government was overwhelming.

19.)    Defense counsel's ostensible trial 'strategy' was limited to trying to discredit numerous cooperating government witnesses. This ostensible 'strategy' had almost no chance at all of success.

20.)    On 11-22-05, Mr. Robak was found guilty by the jury as to violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) (conspiracy to distribute 3,4-Methylenedioxymethamphetamine from "approximately 1999, and continuing until in or about August, 2004") (Count 1); 18 U.S.C. § 1956(h) (conspiracy to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States; that is, Canada, with the intent to promote the carrying on of a specified unlawful activity, that is, an agreement to distribute a controlled substance from "approximately 1999, and continuing until in or about August, 2004") (Count 2); 18 U.S.C. § 1623(a) (materially false declarations under oath on or about 9-2-04) (Count 4). (Appendix, Exhibits A, Exhibits B, Exhibits C)

21.)    When the Presentence Report was prepared, the Probation Officer recommended finding a Total Offense Level 40 and a Criminal History I with a guideline sentencing range of 292-365 months incarceration with no statutory mandatory minimum. The Total Offense Level included 2 points enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on the conduct for which he was convicted in Count 4. The Total Offense Level did not include any downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. (Appendix, Exhibits A) (Presentence Report, lines 132-137, 226-234, 285-293, 327-348)

22.)    On 5-5-06, Mr. Robak appeared for sentencing. At sentencing, the District Court adopted the recommendations of the Presentence Report and found a Total Offense Level 40 and a Criminal History I with a guideline sentencing range of 292-365 months incarceration with no

statutory mandatory minimum. (Transcript of Sentencing 5-5-05, page 10) The Court, however, found that a downward variance of 55 months was appropriate in Mr. Robak's case.

23.)    On 5-5-06, Mr. Robak was sentenced to 240 months incarceration for violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) (conspiracy to distribute 3,4-Methylenedioxymethamphetamine from "approximately 1999, and continuing until in or about August, 2004") (Count 1); 18 U.S.C. § 1956(h) (conspiracy to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States; that is, Canada, with the intent to promote the carrying on of a specified unlawful activity, that is, an agreement to distribute a controlled substance from "approximately 1999, and continuing until in or about August, 2004") (Count 2); 18 U.S.C. § 1623(a) (materially false declarations under oath on or about 9-2-04) (Count 4). This sentence represented a Total Offense Level 40 and a Criminal History I with a guideline sentencing range of 292-365 months incarceration with a downward variance of 55 months. It reflected 2 points enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on the conduct for which he was convicted in Count 4. The Total Offense Level did not include any downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. (Appendix, Exhibits A, Exhibits B, Exhibits C)

24.)    Counsel filed a direct appeal. In the appeal, counsel challenged the district court's denial of Mr. Robak's motion to suppress his incriminating statements and his motion to exclude the border-stop evidence.

25.)    On 7-25-07, the Court of Appeals denied Mr. Robak's direct appeal. In denying the appeal, the Court of Appeals held, *inter alia*, that a reasonable, objective observer would not believe the officer's Polish greeting of "good day" to be reasonably likely to elicit incriminating information. The Court of Appeals held that, the fact that the officer omitted any reference to

13

drugs did not undermine the voluntariness of defendant's reinitiation of communication. Defendant was read his Miranda rights in both Polish and English. The Court of Appeals held that when Mr. Robak signed the waiver, he was fully aware of his rights and voluntarily waived them prior to making incriminating statements and consenting to a search. Finally, the Court of Appeals held that the admission of evidence of Mr. Robak's detention at the border with undeclared cigarettes was not unfairly prejudicial because the border-stop evidence was properly admitted to prove defendant's knowledge of border procedures, a permissible noncharacter purpose under Fed. R. Evid. 404(b). *United States v. Janusz Robak*, 230 Fed. Appx. 607; 2007 U.S. App. LEXIS 17942 (7th Cir. 7-25-07)

26.)    No petition for Writ of Certiorari was timely filed with the Supreme Court.

27.)    Mr. Robak provided counsel with complete and accurate information and did not place any restrictions on counsel.

28.)    Mr. Robak relied completely and in all material respects on the advice of counsel.

## CLAIM NUMBER ONE

29.)    Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.

30.)    Mr. Robak's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing and direct appeal process as hereinafter more fully appears.

31.)    Counsel could have but did not object to, or appeal, the enhancement of Mr. Robak's sentence for obstruction of justice based on conduct for which he was separately convicted

14

32.)    Counsel's omissions set forth in ¶31 were based on an incomplete investigation of the law relevant to Mr. Robak's sentencing process.

33.)    Counsel could have but did not investigate case law which holds that application of U.S.S.G. § 3C1.1 to actions for which a defendant was separately convicted constitutes "double counting".

34.)    Counsel's omissions set forth in ¶¶31-33 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Robak during the sentencing process.

35.)    Counsel's omissions set forth in ¶¶31-33 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause during the sentencing process.

36.)    Mr. Robak was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶31-35 because, absent said omissions, there is a reasonable probability that the outcome of his sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that he would not have received 2 points upward adjustment under U.S.S.G. § 3C1.1 for obstruction of justice for conduct for which he was separately convicted in Count 4. Alternatively, had counsel argued on direct appeal that Mr. Robak's sentence was unlawfully enhanced for obstruction of justice based on conduct for which he was separately convicted in Count 4, there is a reasonable probability that the Court of Appeals would have vacated his sentence and remanded for resentencing without enhancement for obstruction of justice.[2]

_____

[2] While Mr. Robak did receive a downward departure, it is well settled law that the starting point for a downward departure must be lawful. *United States v. Burnett,* 66 F.3d 137; 1995 U.S. App. LEXIS 26013 (7th Cir. 1995)

15

37.)    Mr. Robak was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶31-35 because said omissions undermine confidence in the reliability of his sentencing process.

## CLAIM NUMBER TWO

38.)    Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.

39.)    Mr. Robak's plea of not guilty, conviction, and sentence are violative of his Sixth Amendment constitutional right to effective assistance of counsel in the plea process as hereinafter more fully appears.

40.)    Prior to trial and during the plea process, counsel could have but did not  fully inform themselves and Mr. Robak as to all facts relevant to the determination whether to plead guilty or not guilty and proceed to trial.

41.)    Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that there was virtually no chance he could prevail at trial due to the overwhelming weight and quality of the  government's evidence.

42.)    Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that if he proceeded to trial in federal court, he had only about 1 chance in 7, and probably substantially less chance than that, of walking out of court free. [3]

43.)    Counsel's failures set forth in ¶¶40-42 were due to an incomplete factual investigation as to the overwhelming amount and quality of evidence available to the United States to use against Mr. Robak.

---

[3] See the U.S. Department of Justice, "Compendium of Federal Justice Statistics", Chapter 3, page 39 (1997).

44.)    Counsel's failures set forth in ¶¶40-42 were due to an incomplete factual investigation as to the government's actual conviction rate after federal criminal trials.

45.)    Prior to trial and during the plea process, counsel could have but did not fully advise Mr. Robak as to the law relevant to the determination whether to plead guilty or not guilty and proceed to trial.

46.)    Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that he could plead guilty without an 'offer' or 'deal' or 'plea agreement' with the government. While the 'straight up' plea of guilty could have been rejected by the Court under certain limited circumstances[4], it was extremely unlikely that the Court would have done so in his case.

47.)    Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak of the *potential opportunity* to plead guilty pursuant to a "conditional" plea agreement under Federal Rule of Criminal Procedure 11(a)(2), whereby he would plea guilty but retain the right to appeal the denial of his motion to suppress to the Court of Appeals.

48.)    Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that, if he tendered a timely plea of guilty, he could likely obtain a 3-points reduction in his offense level under U.S.S.G. § 3E1.1 for "acceptance of responsibility".

49.)    Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that if he pleaded guilty he would *not* waive his right to raise *any* defenses at his

---

[4] See *United States v. Shepard*, 322 U.S. App. D.C. 160; 102 F.3d 558 (D.C. Cir. 12-6-96) (citing *United States v. Maddox*, 48 F.3d 555, 556-558 (D.C. Cir. 1995) and *Santobello v. New York*, 404 U.S. 257, 260-262 (1971) and *United States v. Jackson*, 390 U.S. 570, 584 (1968) and *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973); *Harris v. United States*, ___ F.3d ___, 1998 U.S. App. LEXIS 20715 (11th Cir. 8-13-98) (Court accepted plea of guilty precluding enhancement to sentence under 21 U.S.C. § 851 even when government "didn't know [defendant] was going to enter a plea")

sentencing; he would still be able to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors. Counsel could have but did not explain that a timely plea of guilty would have made additional, far more useful and powerful defenses available for Mr. Robak at sentencing than he had by proceeding to trial.

50.)    Counsel's acts and omissions set forth in ¶¶44-50 were due to an incomplete investigation of the law relevant to Mr. Robak's determination whether to plead guilty or not guilty and proceed to trial.

51.)    Counsel could have but did not investigate case law such as *United States v. Shepard*, 322 U.S. App. D.C. 160; 102 F.3d 558 (D.C. Cir. 12-6-96) and *United States v. Maddox*, 48 F.3d 555, 556-558 (D.C. Cir. 1995) and *Santobello v. New York*, 404 U.S. 257, 260-262 (1971) and *United States v. Jackson*, 390 U.S. 570, 584 (1968) and *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973). This case law stands for the proposition that, while a Court *can* reject a knowing and voluntary plea of guilty, the circumstances in which the Court can do so are limited by both the concerns of the defendant and public policy.

52.)    Counsel could have but did not investigate U.S.S.G. § 3E1.1, Application Note 3 and case law construing this Application Note such as *United States v. Rogers*, 972 F.2d 489, 493 (2nd Cir. 1992) ("A defendant who pleads guilty is routinely afforded a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1") and *United States v. Speight*, 726 F.Supp. 861, 865 (D.C.D.C. 1989) (a timely plea of guilty constitutes "significant evidence of acceptance of responsibility").

53.)    In actual fact, Mr. Robak believed he could only plead guilty pursuant to a plea agreement with the government. His plea of not guilty was predicated in material part on his

understanding from counsel that he could only plead guilty pursuant to a plea agreement with the government.

54.) In actual fact, Mr. Robak believed that there was no significant advantage in pleading guilty instead of proceeding to trial. His plea of not guilty was predictated in material part on this understanding.

55.) If, prior to advising Mr. Robak to plead *not* guilty, trial counsel had conducted an independent investigation of the facts, circumstances, pleadings and laws involved in Mr. Robak's case, they would have advised Mr. Robak to instead plead guilty either with or without a plea agreement.

56.) Counsel's omissions set forth in ¶¶40-54 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Robak during the plea process.

57.) Counsel's omissions set forth in ¶¶40-54 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause during the plea process.

58.) The advice received from counsel regarding whether to plead guilty or not guilty was so incorrect and so insufficient that it undermined Mr. Robak's ability to make a voluntary and intelligent choice among the alternative courses of action open to him.

59.) Based on the facts set forth in ¶¶40-58, Counsel's performance in the plea process fell below the objective standard of reasonableness required by the Sixth Amendment.

60.) Based on the facts set forth in ¶¶40-58, Mr. Robak's plea of not guilty was not a voluntary and intelligent choice among the alternative courses of action open to him.

19

61.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, absent said performance, there is a reasonable probability that Mr. Robak would have pleaded guilty instead of proceeding to trial.

62.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, absent said performance, there is a reasonable probability that Mr. Robak would have accepted responsibility for his offense.

63.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, had he been advised of the potential opportunity to plead to a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2), there is a reasonable probability that he would have so pleaded while preserving his chance to appeal the denial of his motion to suppress. Conditional guilty pleas are regularly accepted by the government in the Northern District of Illinois.

64.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because a substantial difference exists between the sentence he could have obtained by a plea of guilty and the actual sentence he received after trial. More specifically, had Mr. Robak pleaded guilty instead of proceeding to trial, there is a reasonable probability he would have received a sentence substantially less than the sentence he received after trial. This is because there is a reasonable probability that he would have received either a 2 or a 3 points downward adjustment in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.

65.)    The facts set forth in ¶64 plead and demonstrate "objective evidence" and "special circumstances" to support Mr. Robak's allegations set forth in ¶¶61-63.

66.)    Mr. Robak was prejudiced from the unprofessional acts and omissions of counsel, set forth herein, because said omissions undermine confidence in the reliability of the plea process in his case.

## CLAIM NUMBER THREE

67.)    Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.

68.)    Mr. Robak's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the plea, trial, and sentencing process as hereinafter more fully appears.

69.)    Prior to trial and during the plea process, counsel could have but did not fully inform themselves and Mr. Robak as to all facts relevant to the determination whether to proceed to a jury trial or, instead, to move for a bench trial on stipulated facts.

70.)    Counsel could have but did not fully advise Mr. Robak as to the requirements for obtaining a reduction in his sentence for "acceptance of responsibility".

71.)    Counsel could have but did not advise Mr. Robak that if he proceeded to a jury trial in federal court, he had only about 1 chance in 7, and probably substantially less chance than that, of walking out of court free. [5]

72.)    Counsel could have but did not fully advise Mr. Robak that he could obtain appellate review of the denial of his motion to suppress, while still obtaining a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility, by proceeding to a bench trial on stipulated facts, while preserving his legal issue for appellate review.

---

[5] See the U.S. Department of Justice, "Compendium of Federal Justice Statistics", Chapter 3, page 39 (1997).

73.)    Counsel could have but did not fully advise Mr. Robak that, if he proceeded to a bench trial on stipulated facts, he would *not* waive his right to raise *any* defenses at his sentencing; he would still be able to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors.

74.)    Counsel's acts and omissions set forth in ¶¶69-73 were due to an incomplete investigation of the law relevant to Mr. Robak's determination whether to proceed to a bench or jury trial.

75.)    Counsel could have but did not investigate case law such as *United States v. Villasenor,* 114 F.3d 970; 1997 U.S. App. LEXIS 13605 (9th Cir. 1997) (affirming 2 levels reduction in sentence for acceptance of responsibility after bench trial on stipulated facts); *United States v. Rogers,* 129 F.3d 76; 1997 U.S. App. LEXIS 29784 (2nd Cir. 1997) (same); *United States v. Ryan,* 964 F. Supp. 526; 1997 U.S. Dist. LEXIS 6987 (D MA 1997) (same).

76.)    Counsel could have but did not investigate the plain language of U.S.S.G. § 3E1.1, Commentary, Application Note 2, which provides in relevant part:

> 2. ... Conviction by trial ... does not automatically preclude a defendant from consideration for such a reduction. ... a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, Commentary, Application Note 2.

77.)    In actual fact, Mr. Robak was not even aware that he had any other option but to either proceed to jury trial or plead guilty and, by pleading guilty, lose his chance to appeal the denial of his motion to suppress.

78.)    If, prior to advising Mr. Robak to proceed to a jury trial, counsel had conducted an independent investigation of the facts, circumstances, pleadings and laws involved in Mr. Robak's case, they would have advised Mr. Robak to instead move for a bench trial on stipulated facts.

79.)    The advice received from counsel regarding whether to a jury trial or bench trial on stipulate facts was so incorrect and so insufficient that it undermined Mr. Robak's ability to make a voluntary and intelligent choice among the alternative courses of action open to him.

80.)    Based on the facts set forth in ¶¶69-79, Counsel's performance in the plea, trial, and sentencing process fell below the objective standard of reasonableness required by the Sixth Amendment.

81.)    Based on the facts set forth in ¶¶69-79, Mr. Robak's decision to proceed to a jury trial was not a voluntary and intelligent choice among the alternative courses of action open to him.

82.)    Counsel's omissions set forth in ¶¶69-79 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Robak during the plea, trial, and sentencing process.

83.)    Counsel's omissions set forth in ¶¶69-79 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause  during the plea, trial, and sentencing process.

84.) Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, absent said performance, there is a reasonable probability that Mr. Robak would have moved for a bench trial on stipulated facts and would have proceeded to a bench trial on stipulated facts instead of a jury trial on contested facts.

85.) Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, had he proceeded to a bench trial on stipulated facts, he could have preserved a challenge to the admissibility of the evidence and retained eligibility for a reduction in his sentence under U.S.S.G. § 3E1.1 while, at the same time, retaining his ability to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors.

86.) Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, absent said performance, Mr. Robak would have received a reduction in his sentence under U.S.S.G. § 3E1.1 for acceptance of responsibility.

### CLAIM NUMBER FOUR

87.) Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-86 herein.

88.) Counsel unprofessionally failed to advise Mr. Robak as to all facts and law relevant to his decision to plead not guilty and proceed to trial. Had Mr. Robak been fully advised, there is a reasonable probability that he would have pleaded guilty and/or proceeded to a bench trial on stipulated facts. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

89.)    Counsel unprofessionally failed to timely, properly, and effectively move for dismissal of the indictment. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

90.)    Counsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing of Mr. Robak. Counsel also unprofessionally failed to object to, unlawful, false and unreliable evidence used to determine Mr. Robak's guideline sentencing range and ultimate sentence. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

91.)    Mr. Robak was prejudiced by the objectively unreasonable performance of counsel during the sentencing process, when counsel unprofessionally failed to move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a) in Mr. Robak's case. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

92.)    Counsel unprofessionally failed to investigate or present the strongest issues available to Mr. Robak for his direct appeal and failed to preserve viable issues for collateral review. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

93.)    Mr. Robak's counsel labored under an actual conflict of interest which adversely affected their performance during the plea, pretrial, trial, sentencing, and direct appeal process in this case. Counsel owed a 'duty' other than to Mr. Robak. This duty was in conflict with the duty owed to Mr. Robak. Counsel chose between the duties. This choice adversely affected the performance of counsel during the plea, pretrial, trial, sentencing, and direct appeal process.

94.)    Mr. Robak's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the trial, sentencing, and direct appeal process due to the multiplicity of errors by counsel as set forth herein.

## ALLEGATION OF JURISDICTION

95.)    This Court has jurisdiction to entertain, rule on the merits, and grant relief in Claims Number 1, 3-4 under 28 U.S.C. § 2255 and the principles of *Strickland v. Washington,* 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), as construed in case law such as *United States v. Glover,* 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00).

96.)    This Court has jurisdiction to entertain, rule on the merits, and grant relief in Claim Number Two under 28 U.S.C. § 2255 and the principles of *Strickland v. Washington,* 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), as construed in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) as construed in case law such as *Kates v. United States,* 930 F.Supp. 189, 190-93 (E.D. Pa. 1993) and *Alvernaz v. Ratelle,* 831 F.Supp. 790, 792-799 (S.D. Cal. 1993) and *United States v. Blaylock,* 20 F.3d 1458, 1464-69 (9th Cir. 1994) and *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00).

## STATEMENT AS TO WAIVER, CAUSE, AND PREJUDICE

97.)    Since Mr. Robak is raising only claims of ineffective assistance of counsel, he is not precluded from raising these claims for the first time in this motion pursuant to 28 U.S.C. § 2255. *Massaro v. United States,* 123 S. Ct. 1690; 155 L. Ed. 2d 714; 2003 U.S. LEXIS 3243 (4-

26

23-03) ("an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").

98.)    Based on the foregoing, and the absence of any knowing and intelligent waiver by Mr. Robak of his right to bring this motion, this Court is not precluded by the "cause and prejudice" principle from entertaining, ruling on the merits, and granting the relief requested in this motion.

## JUDGMENT REQUESTED

99.)    Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings, Mr. Robak asks this Honorable Court to **ORDER** an evidentiary hearing where he can prove the allegations herein by: (A) his own testimony; (B) the testimony of Attorneys George Pappas, Kelly O'Brien, Linda Amdur, Robert A. Novelle, and Timothy R. Roellig; (C) additional evidence; and (D) legal argument to be presented at the hearing.

100.)    Upon proof of Mr. Robak's allegations herein, Mr. Robak asks this Honorable Court to:

**100A.) ORDER** that Mr. Robak's sentence be **VACATED** and that he be **RESENTENCED** with a Total Offense Level of 35 (instead of Total Offense Level 40) and the further 52 months downward departure the Court found appropriate at sentencing on 5-5-06.

## MOTION FOR DISCOVERY

101.)    Pursuant to Rule 6[6] of the Rules Governing Section 2255 Proceedings, Mr. Robak asks leave of this Court to invoke the processes of discovery.  More specifically, he asks this

---

[6] It should be noted that Rule 6(a) of the Rules Governing Section 2255 Proceedings provides for discovery under either Federal Rules of Civil Procedure 26-37 or under Federal Rule of Criminal Procedure 16. See J. Liebman and R. Hertz, *Federal Habeas Corpus Practice and Procedure*, § 41.6 [n. 2-3] (3rd Ed. 1998). In this respect, the Rules Governing Section 2255 Proceedings are

27

Honorable Court to **ORDER** that George Pappas, Kelly O'Brien, Linda Amdur, Robert A. Novelle, and Timothy R. Roellig allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Mr. Robak, as to the "performance" of counsel, detailed and set forth herein.[7] More specifically, Mr. Robak requests this Court to allow counsel to question George Pappas, Kelly O'Brien, Linda Amdur, Robert A. Novelle, and Timothy R. Roellig as to the reasons for their failures complained of herein.

## PROFFER

102.) Mr. Robak proffers to this Honorable Court that the foregoing depositions will substantiate his allegations set forth in ¶¶32-35, 40-52, 55-57, 69-76, 78-83.

## MOTION FOR APPOINTMENT OF COUNSEL

103.) Pursuant to Rule 6(c) and Rule 8(c) of the Rules Governing Section 2255 Proceedings, Mr. Robak asks that counsel be appointed for discovery and his evidentiary hearing.[8]

---

distinct from the Rules Governing Section 2254 Proceedings because they allow additional discovery devices. *Id.*

[7] The Supreme Court's most recent review of "discovery" in habeas corpus proceedings was in *Bracy v. Gramley,* 520 U.S. 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). In *Bracy v. Gramley,* the Supreme Court vacated a District Court and Court of Appeals denial of discovery in habeas corpus, 28 U.S.C. § 2254. The Supreme Court pointed out that Rule 6 of the Rules Governing 2254 Cases, prescribing discovery procedures in federal habeas corpus cases, is meant to be consistent with *Harris v Nelson,* 394 US 286, 22 L Ed 2d 281, 89 S Ct 1082 (1969), in which it was stated that where specific allegations before a federal court show reason to believe that a petitioner for federal habeas corpus relief may, if the facts are fully developed, be able to demonstrate entitlement to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry. *Bracy v. Gramley,* 520 U.S. at 909.

[8] See *United States v. Leopard,* 170 F.3d 1013, 1015 (10th Cir. 1999) ("if an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A.")

## **VERIFICATION**

104.)  The facts set forth in ¶¶3-9, 12, 17, 20-23 herein are based on the personal knowledge of Mr. Robak and are true and correct. The rest of the allegations are pleaded on information and belief.

Signed under penalty of perjury under 28 U.S.C. § 1746 this *13* day of *JUNE*            , 2008.

**Janusz Robak**
Defendant-Movant
21659-424
P.O. Box 1731
Waseca, MN 56093

29

**MODEL FORM FOR MOTIONS UNDER**
**28 U.S.C. § 2255**
**(Continued)**

13.    **Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them**: See "Statement as to Waiver, Cause, and Prejudice", supra.

14.    **Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes [] No [x]**

   **If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised**: N/A

15.    **Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:**

   **(a) At preliminary hearing**: George Pappas, Kelly O'Brien, Linda Amdur, Robert A. Novelle, and Timothy R. Roellig.

   **(b) At arraignment and plea**: George Pappas, Law Offices of George Pappas, Three First National Plaza, Suite 3700, Chicago, IL 60602 (1st arraignment); Kelly A O'Brien, Attorney at Law, Three First National Plaza, Suite 3700, Chicago, IL 60602 (1st arraignment); Linda Amdur, Attorney at Law, 53 West Jackson Boulevard, Suite 1503, Chicago, IL 60604 (2nd arraignment)

   **(c) At trial**: Linda Amdur, Attorney at Law, 53 West Jackson Boulevard, Suite 1503, Chicago, IL 60604

   **(d) At sentencing**: Linda Amdur, Attorney at Law, 53 West Jackson Boulevard, Suite 1503, Chicago, IL 60604

   **(e) On appeal**: Robert A. Novelle, NOVELLE & ROELLIG, 61 W Superior St, Second Floor, Chicago, IL 60610; Timothy R. Roellig, NOVELLE & ROELLIG, 61 W Superior St, Second Floor, Chicago, IL 60610

   **(f) In any post-conviction proceeding**: N/A

   **(g) On appeal from any adverse ruling in a post-conviction proceeding**: N/A

16.    **Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes [x] No []**

17.    **Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [] No [x]**

**(a) If so, give name and location of court which imposed sentence to be served in the future**: N/A.

**(b) Give the date the other sentence was imposed**: N/A.

**(c) Give the length of the other sentence**: N/A.

**(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [] No []** N/A.

18.    **TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion**: Mr. Robak's sentence became "final" when the time expired for filing a Petition for Writ of Certiorari with the Supreme Court on 10-23-07. This motion is filed within 1 year of that date.

**Therefore, movant asks that the Court grant the following relief**: Resentence Mr. Robak with a Total Offense Level of 35 (instead of Total Offense Level 40) and the further 52 months downward departure the Court found appropriate at sentencing on 5-5-06.

**or any other relief to which movant may be entitled.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the facts set forth in ¶¶1-11, 13-17 are true and correct. The remaining allegations are pleaded on information and belief. I also declare under penalty of perjury that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __O6.13.2008__ (month, date, year).

Executed (signed) on __O6.13.2008__ (date)

_____
(Signature of Movant)
**Janusz Robak
21659-424
P.O. Box 1731
Waseca, MN 56093**

## <u>TABLE OF CONTENTS</u>

<u>Page:</u>

Table of Contents.................................................................................................... ii

Civil Cover Sheet/Form JS 44 .............................................................................. v

Table of Authorities ............................................................................................. vl

Section 2255 Model Court Form .......................................................................... 2

Statement of Claim ............................................................................................... 9

Claim Number One.............................................................................................. 14

Claim Number Two ............................................................................................. 16

Claim Number Three ........................................................................................... 21

Claim Number Four............................................................................................. 24

Allegation of Jurisdiction.................................................................................... 26

Statement as to Waiver, Cause, and Prejudice .................................................... 26

Judgment Requested ............................................................................................ 27

Motion for Discovery........................................................................................... 27

Proffer .................................................................................................................. 28

Motion for Appointment of Counsel.................................................................... 28

Verification of Motion ......................................................................................... 29

Memorandum in Support of § 2255 Motion ........................................................ 32

Statement of Facts................................................................................................ 32

Issues Presented ................................................................................................... 33

Argument:

1.)    THE SENTENCE OF MR. ROBAK IS VIOLATIVE OF HIS
       SIXTH    AMENDMENT    RIGHT    TO    EFFECTIVE
       ASSISTANCE OF COUNSEL.................................................. 38

1A.)   The Performance Of Counsel For Mr. Robak Fell Below An
       Objective Standard Of Reasonableness During The Trial,
       Sentencing, And Direct Appeal Process.................................... 38

1B1.)  Mr. Robak Was Prejudiced By The Objectively Unreasonable
       Performance Of Counsel During The Sentencing And Direct
       Appeal Process, When Counsel Failed To Object To, Or
       Appeal, The Enhancement Of Mr. Robak's Sentence For
       Obstruction Of Justice Based On Conduct For Which He Was
       Separately Convicted........................................................... 49

1B2.)  Mr. Robak Was Prejudiced By The Objectively Unreasonable
       Performance Of Counsel During The Plea, Trial, And
       Sentencing Process When Counsel Failed To Advise Him To
       Proceed To A Bench Trial On Stipulated Facts ......................... 58

1B3.)  Mr. Robak Was Prejudiced By The Cumulative Impact Of
       Multiple Deficiencies Or Errors By Counsel During The Trial,
       Sentencing, And Direct Appeal Process.................................... 63

2.)    MR. ROBAK'S PLEA OF NOT GUILTY, CONVICTION
       AND SENTENCE ARE VIOLATIVE OF THE SIXTH
       AMENDMENT.................................................................... 65

2A.)   Mr. Robak's Plea Was Not A Voluntary And Intelligent Choice
       Among The Alternative Courses Of Action Open To Him
       Because The Performance Of His Counsel Fell Below An
       Objective Standard Of Reasonableness During The Plea
       Process ............................................................................ 66

2B.)   Mr. Robak Was Prejudiced By The Objectively Unreasonable
       Performance of Counsel During The Plea Process Because,
       Absent The Constitutionally Deficient Performance, There Is A
       Reasonable Probability He Would Have Pleaded Guilty Or
       Nolo Contendere Instead Of Proceeding To Trial ..................... 72

3.)    AN EVIDENTIARY HEARING IS NECESSARY AND
       WOULD BE USEFUL TO THIS COURT................................84

Conclusion.............................................................................87

Certificate of Filing.................................................................88

Verification of Exhibits.......................................................................................89

**Appendix:**

Presentence Report...............................................................................A

Judgment and Commitment Order............................................................B

District Court Docket Sheets ....................................................................C

*United States v. Janusz Robak,*
230 Fed. Appx. 607;
2007 U.S. App. LEXIS 17942 (7th Cir. 7-25-07)........................................D

## TABLE OF AUTHORITIES

**Cases**

*Agan v. Dugger,*

    835 F.2d 1337, 1338 (11th Cir.1987) ............................................................... 84

*Alvernaz v. Ratelle,*

    831 F.Supp. 790 (S.D. Cal. 1993)........................................................ 26, 67, 74, 80

*Anderson v. Johnson,*

    338 F.3d 382; 2003 U.S. App. LEXIS 13778 (5th Cir. 2003) ................................... 47

*as United States v. Rogers,*

    972 F.2d 489, 493 (2nd Cir. 1992) .......................................................... 18, 70, 77

*Auman v. United States,*

    67 F.3d 157 (8th Cir. 1995) ........................................................................... 52

*Ballard v. United States,*

    400 F.3d 404; 2005 U.S. App. LEXIS 4002 (6th Cir. 2005) .................................... 54

*Betancourt v. Willis,*

    814 F.2d 1546 (11th Cir. 1987)...................................................................... 65

*Boria v. Keane, 99 F.3d 492*

    (2nd Cir. 1996) .......................................................................................... 81

*Bracy v. Gramley,*

    520 U.S. 899, 117 S. Ct. 1793,

    138 L. Ed. 2d 97 (1997) ............................................................................... 28

*Brown v. Myers,*

    137 F.3d 1154 (9th Cir. 1998)....................................................................... 41

*Bruce v. United States,*

　*256 F.3d 592; 2001 U.S. App. LEXIS 15054 (7th Cir. 2001)* ............................................ *41, 42*

*Buenoano v. Singletary,*

　*963 F.2d 1433; 1992 U.S. App. LEXIS 12462 (11th Cir. 1992)* ............................................... *84*

*Burley v. Cabana,*

　*818 F.2d 414 (5th Cir. 1987)* ........................................................................................... *54*

*Carmichael v. United States,*

　*1998 U.S. Dist. LEXIS 20313*

　*(D. Ct. 12-16-98)* .......................................................................................... *passim*

*Chizen v. Hunter,*

　*809 F.2d 560 (9th Cir. 1986)* .............................................................................. *73*

*Ciak v. United States,*

　*59 F.3d 296, 306-07 (2nd Cir. 1995)* ............................................................... *84, 85*

*Ellison v. United States,*

　*324 F.2d 710; 1963 U.S. App. LEXIS 3595 (10th Cir. 1963)* ..................................... *84*

*Finch v. Vaughn,*

　*67 F.3d 909, 916 (11th Cir. 1995)* ................................................................... *66*

*Foster v. Lockhart,*

　*9 F.3d 722 (8th Cir. 1993)* .............................................................................. *41*

*Golden v. United States,*

　*35 F. Supp. 2d 664; 1999 U.S. Dist. LEXIS 6087*

　*(ND IN 1999)* ............................................................................................... *73*

*Griffin v. United States,*

   *330 F.3d 733, 737 (6th Cir 2003)*..................................................................*74, 75*

*Guy v. Cockrell,*

   *343 F.3d 348; 2003 U.S. App. LEXIS 16632*

   *(5th Cir. 2003)*.........................................................................................*37, 84, 86*

*Harris By and Through Ramseyer v. Blodgett,*

   *853 F.Supp. 1239 (W.D. Wash. 1994)*.........................................................*63*

*Harris v. Reed,*

   *894 F.2d 871 (7th Cir. 1990)*.....................................................................*42*

*Harris v. Wood,*

   *64 F.3d 1432 (9th Cir. 1995)*....................................................................*35, 63*

*Hill v. Lockhart,*

   *474 U.S. 52, 106 S.Ct. 366,*

   *88 L.Ed.2d 203 (1985)*.............................................................................*passim*

*Hill v. Lockhart,*

   *877 F.2d 698 (8th Cir.), affirmed,*

   *894 F.2d 1009 (1990)(en banc)*...............................................................*65, 66, 80*

*Holmes v. United States,*

   *876 F.2d 1545 (11th Cir. 1989)*................................................................*73*

*Houston v. Lack,*

   *487 U.S. 266, 276 (1988)*.........................................................................*88*

*Iaea v. Sunn,*

   *800 F.2d 861 (9th Cir. 1986)*....................................................................*65, 66, 73*

*Ingrao v. United States,*

   *1997 U.S. Dist. LEXIS 14407 (S.D.N.Y. 1997)*...................................................................*68, 74*

*Jackson v. Calderon,*

   *2000 U.S. App. LEXIS 9049 (9ᵗʰ Cir. 5-8-2000)*...............................................................*47, 52*

*Jiles v. United States,*

   *2003 U.S. App. LEXIS 17091 (7ᵗʰ Cir. 8-18-03)*........................................................................*65*

*Johnson v. Duckworth,*

   *793 F.2d 898, 902 [n. 3] (7ᵗʰ Cir. 1986)*................................................................................*73*

*Johnson v. Newland,*

   *1999 U.S. Dist. LEXIS 427 (ND Cal. 1-15-99)*.........................................................................*63*

*Johnson v. Scott,*

   *68 F.3d 106, 109-10 (5ᵗʰ Cir. 1995)*........................................................................................*50*

*Kates v. United States,*

   *930 F.Supp. 189, 192 (E.D. Pa. 1996)*...........................................................................*passim*

*Killian v. Poole,*

   *282 F.3d 1204; 2002 U.S. App. LEXIS 3887 (9ᵗʰ Cir. 2001)*....................................................*63*

*Kimmelman v. Morrison,*

   *477 U.S. 365, 385-387, 91 L.Ed.2d 305,*

   *106 S.Ct. 2574 (1986)*..................................................................................................*passim*

*Lewandowski v. Makel,*

   *949 F.2d 884, 887 (6ᵗʰ Cir. 1991)*.........................................................................................*66*

*Lewis v. Dretke,*

   *355 F.3d 364; 2003 U.S. App. LEXIS 26156 (5ᵗʰ Cir. 2003)*...................................................*51*

*Lindhorst v. United States,*

    *585 F.2d 361 (8th Cir.1978)* .......................................................................................... 43

*Lockhart v. Fretwell,*

    *506 U.S. 364, 373-375, 122 L.Ed.2d 180,*

    *113 S.Ct. 838 (1993)* ........................................................................................ 50, 51, 52

*Magana v. Hofbauer,*

    *263 F.3d 542 (6th Cir. 2001)* ........................................................................................ 67

*Mak v. Blodgett,*

    *970 F.2d 614; 1992 U.S. App. LEXIS 15964 (9th Cir. 1992)* ................................... 63

*Mask v. McGinnis,*

    *28 F. Supp. 2d 122;*

    *1998 U.S. Dist. LEXIS 17497 (S.D.N.Y. 1998)* ................................................. 67, 74

*Massaro v. United States,*

    *123 S. Ct. 1690; 155 L. Ed. 2d 714;*

    *2003 U.S. LEXIS 3243 (4-23-03)* .................................................................................. 27

*Mathews v. Abramajtys,*

    *2000 U.S. Dist. LEXIS 4635 (E.D. Mich. 4-11-00)* ........................................... 35, 63

*Mathews v. Abramajtys,*

    *2003 U.S. App. LEXIS 2187; 2003 FED App. 0045P (6th Cir. 2003)* ...................... 63

*Mayo v. Henderson,*

    *13 F.3d 528 (2nd Cir. 1994)* .......................................................................................... 51

*Mays v. Gibson,*

    *2000 U.S. App. LEXIS 8858 (10th Cir. 2000)* .................................................... 47, 52

*McKee v. United States,*

    *167 F.3d 103; 1999 U.S. App. LEXIS 1390 (2nd Cir. 1999)*.....................................................*51*

*Moffet v. Kolb,*

    *930 F.2d 1156 (7th Cir. 1991)*...........................................................................................*42*

*Moran v. Burbine,*

    *475 U.S. 412, 431, 106 S. Ct. 1135,*

    *89 L. Ed. 2d 410 (1986)* ...................................................................................................*81*

*Murray v. Carrier,*

    *477 U.S. 478, 91 L.Ed.2d 397,*

    *106 S.Ct. 2639 (1986)* ......................................................................................................*40*

*Nichols v. United States,*

    *75 F.3d 1137, 1145-46 (7th Cir. 1996)*.........................................................................*84, 85*

*Osborn v. Shillinger,*

    *861 F.2d 612 (10th Cir. 1988)*..........................................................................................*51*

*Ostrander v. Green,*

    *46 F.3d 347 (4th Cir. 1995)* ..........................................................................................*65, 72*

*Paprocki v. Foltz,*

    *869 F.2d 281, 287 (6th Cir. 1989)*....................................................................................*84*

*Paters v. United States,*

    *159 F.3d 1043 (7th Cir. 1998)*..................................................................................*passim*

*Paters v. United States,*

    *159 F.3d 1043; 1998 U.S. App. LEXIS 27932 *12-13*

    *(7th Cir. 1998)* ................................................................................................................*73*

*Pitcher v. United States,*

    *371 F. Supp. 2d 246; 2005 U.S. Dist. LEXIS 10314 (SD NY 2005)* ........................................ 67

*Prou v. United States,*

    *199 F.3d 37; 1999 U.S. App. LEXIS 32827 (1ˢᵗ Cir. 1999)* ...................................................... 51

*Risher v. United States,*

    *992 F.2d 982 (9th Cir. 1993)* ......................................................................................... 65, 66

*Rompilla v. Beard,*

    *___ U.S. ___, 125 S. Ct. 2456; 162 L. Ed. 2d 360;*

    *2005 U.S. LEXIS 4846 (2005)* ....................................................................................... 39, 41

*Shaw v. United States,*

    *24 F.3d 1040 (8th Cir. 1994)* ................................................................ 37, 43, 84, 85

*Shushansky v. United States,*

    *1994 U.S. Dist. LEXIS 18589 (ED NY 1994)* ........................................................................ 54

*Slevin v. United States,*

    *1999 U.S. Dist. LEXIS 11430 (S.D.N.Y. 7-15-99)* ........................................................... 68, 74

*Smith v. McCormick,*

    *914 F.2d 1153 (9th Cir. 1990)* ............................................................................................. 43

*Smith v. Stewart,*

    *140 F.3d 1263 (9ᵗʰ Cir.), cert. denied,*

    *525 U.S. 929 (1998)* .......................................................................................................... 41

*Smith v. United States,*

    *2003 U.S. App. LEXIS 22558 (6ᵗʰ Cir. 11-3-03)* .............................................................. 74, 75

*Smith v. United States,*

   *348 F.3d 545; 2003 U.S. App. LEXIS 22558 (6th Cir. 2003)* ............................................ 68, 74

*Smith v. United States,*

   *871 F.Supp. 251 (E.D. Va. 1994)* ................................................................................. 47, 51

*Soffar v. Dretke,*

   *368 F.3d 441, 478-480; 2004 U.S. App. LEXIS 7793 \*\*106-111 (5th Cir. 2004)*.................... 50

*Strickland v. Washington,*

   *466 U.S. 668, 80 L.Ed.2d 674,*

   *104 S.Ct. 2052 (1984)* ......................................................................................................*passim*

*Tejada v. Dugger,*

   *941 F.2d 1551, 1559 (11th Cir.1991)* ..................................................................................... 84

*Turner v. State of Tennessee,*

   *664 F.Supp. 1113 (M.D. Tenn. 1986),*

   *affirmed 858 F.2d 1201 (6th Cir.),*

   *vacated on other grounds, 492 U.S. 902,*

   *109 S.Ct. 3208, 106 L.Ed.2d 559*

   *(1989),*

   *remanded, 883 F.2d 38 (6th Cir.),*

   *reinstated as modified, 726 F.Supp. 1113,*

   *affirmed as modified, 940 F.2d 1000 (6th Cir.),*

   *cert. denied, U.S. 112 S.Ct. 915,*

   *116 L.Ed.2d 815 (1992)* ......................................................................................... 65, 67, 72, 75

*Tyler v. United States,*

　　*1999 U.S. App. LEXIS 13621 (6th Cir. 1999)* ........................................................ *66, 68, 74, 75*

*United States ex rel. Caruso v. Zelinsky,*

　　*689 F.2d 438 (3rd Cir. 1982)* ................................................................................. *74*

*United States v. Acklen,*

　　*47 F.3d 739 (5th Cir. 1995)* ................................................................................... *42, 52*

*United States v. Al King Jones,*

　　*2001 U.S. Dist. LEXIS 1740 (E.D. LA 2-9-01)* ........................................................ *40, 47*

*United States v. Alaniz,*

　　*351 F.3d 365; 2003 U.S. App. LEXIS 24729 (8th Cir. 2003)* ................................... *53*

*United States v. Alexander,*

　　*2006 U.S. App. LEXIS 5602 (DC Cir. 3-2-06)* ........................................................ *40*

*United States v. Alferahin,*

　　*2006 U.S. App. LEXIS 575 (9th Cir. 2006)* ............................................................ *41*

*United States v. Ali,*

　　*186 F.3d 1; 1999 U.S. App. LEXIS 17734 (1st Cir. 1999)* .......................................... *66, 67, 74*

*United States v. Ammidown,*

　　*497 F.2d 615, 622 (D.C. Cir. 1973)* ..................................................................... *18, 69, 70, 77*

*United States v. Blaylock,*

　　*20 F.3d 1458 (9th Cir. 1994)* ................................................................................ *passim*

*United States v. Booker,*

　　*543 U.S. 220, 125 S. Ct. 738; 160 L. Ed. 2d 621;*

　　*2005 U.S. LEXIS 628 (1-12-05)* ............................................................................. *I, 51, 53*

*United States v. Booth,*

 *2005 U.S. App. LEXIS 28896 (3rd Cir. 12-29-05)* .......................................................... *54, 68*

*United States v. Booth,*

 *432 F.3d 542; 2005 U.S. App. LEXIS 28896 (3rd Cir. 2005)* ........................................... *67, 74*

*United States v. Brannon,*

 *2002 U.S. App. LEXIS 20969 (4th Cir. 10-7-02)* ..................................................................... *75*

*United States v. Breckenridge,*

 *93 F.3d 132 (4th Cir. 1996)* ................................................................................................. *52*

*United States v. Briggs,*

 *939 F.2d 222 (5th Cir. 1991)* ............................................................................................... *43*

*United States v. Brown,*

 *316 F.3d 1151; 2003 U.S. App. LEXIS 962 (10th Cir. 2003)* .................................................... *53*

*United States v. Burnett,*

 *66 F.3d 137; 1995 U.S. App. LEXIS 26013 (7th Cir. 1995)* .............................................. *15, 56*

*United States v. Burrows,*

 *872 F.2d 915 (9th Cir. 1989)* ......................................................................................... *42, 43*

*United States v. Castro,*

 *26 F.3d 557; 1994 U.S. App. LEXIS 16934 (5th Cir. 1994)* .................................................... *54*

*United States v. Clark,*

 *316 F.3d 210; 2003 U.S. App. LEXIS 216 (3rd Cir. 2003)* ......................................... *34, 56, 57*

*United States v. Dawson,*

 *857 F.2d 923 (3rd Cir. 1988)* ........................................................................................ *32, 42*

*United States v. Day,*

   *969 F.2d 39 (3rd Cir. 1992)* ................................................................................................ *81*

*United States v. De La Fuente,*

   *8 F.3d 1333 (9th Cir. 1993)* ................................................................................................ *53*

*United States v. Donn,*

   *661 F.2d 820; 1981 U.S. App. LEXIS 15876 (9th Cir. 1981)* ..................................................... *54*

*United States v. Estes,*

   *1998 U.S. App. LEXIS 31866 (9th Cir. 12-17-98)* .................................................................... *61*

*United States v. Estrada,*

   *849 F.2d 1304 (1st Cir. 1988)* ................................................................................................ *43*

*United States v. Ford,*

   *918 F.2d 1343, 1350 (8th Cir. 1990)* ..................................................................................... *53*

*United States v. Foster,*

   *988 F.2d 206, 210 (D.C. Cir. 1993)* ........................................................................................ *47*

*United States v. Garrett,*

   *90 F.3d 210; 1996 U.S. App. LEXIS 17621 (7th Cir. 1996)* .............................................. *35, 61*

*United States v. Gaviria,*

   *116 F.3d 1498 (D.C. Cir. 1997)* ....................................................................................... *67, 68*

*United States v. Gonzalez,*

   *98 Fed. Appx. 825; 2004 U.S. App. LEXIS 10946 (10th Cir. 2004)* ......................................... *84*

*United States v. Gordon,*

   *156 F.3d 376, 379 (2nd Cir. 1998)* ................................................................................. *passim*

*United States v. Grammas,*

   *376 F.3d 433; 2004 U.S. App. LEXIS 13686 (5th Cir. 2004)* ..................................... *65, 67, 74*

*United States v. Gray,*

   *63 F.3d 57 (1st Cir. 1995)* ........................................................................................... *66, 72*

*United States v. Grist,*

   *1998 U.S. App. LEXIS 20199;*

   *1998 Colo. J. C.A.R. 4384 (10th Cir. 1998)* ..................................................................... *84, 85*

*United States v. Guerra,*

   *1996 U.S. App. LEXIS 24982 (5th Cir. 9-25-96)* ..................................................................... *66*

*United States v. Hayes,*

   *2005 U.S. Dist. LEXIS 18309 (ED LA 8-24-05)* ..................................................................... *54*

*United States v. Headley,*

   *923 F.2d 1079 (3rd Cir. 1991)* ............................................................................. *41, 42, 52*

*United States v. Herrera,*

   *412 F.3d 577; 2005 U.S. App. LEXIS 11061 (5th Cir. 6-10-05)* ............................................... *66*

*United States v. Holder,*

   *410 F.3d 651; 2005 U.S. App. LEXIS 10380 (10th Cir. 2005)* ........................................... *41, 43*

*United States v. Horey,*

   *333 F.3d 1185; 2003 U.S. App. LEXIS 12732*

   *(10th Cir. 2003)* .......................................................................................................... *52*

*United States v. Hurtado,*

   *2003 U.S. App. LEXIS 7894 (2nd Cir. 4-24-03)* ..................................................................... *68*

*United States v. Hylton,*

    *2002 U.S. App. LEXIS 12818 (DC Cir. 6-28-02)* ................................................................. *41*

*United States v. Jackson,*

    *390 U.S. 570, 584 (1968)* ................................................................................. *passim*

*United States v. Janusz Robak,*

    *230 Fed. Appx. 607; 2007 U.S. App. LEXIS 17942 (7th Cir. 7-25-07)* ............................... *iv, 14*

*United States v. Jolley,*

    *2007 U.S. App. LEXIS 25334 (5th Cir. 2007)* ......................................................... *67*

*United States v. Knight,*

    *266 F.3d 203, 208 (3rd Cir. 2001)* ......................................................................... *53*

*United States v. Leopard,*

    *170 F.3d 1013, 1015 (10th Cir. 1999)* ..................................................................... *28*

*United States v. Lloyd,*

    *947 F.2d 339; 1991 U.S. App. LEXIS 24763 (8th Cir. 1991)* ....................................... *34, 56, 57*

*United States v. Lopez,*

    *2007 U.S. App. LEXIS 25225 (9th Cir. 2007)* ......................................................... *68, 71*

*United States v. Maddox,*

    *48 F.3d 555, 556-558 (D.C. Cir. 1995)* ..................................................................... *passim*

*United States v. Magini,*

    *973 F.2d 261 (4th Cir. 1992)* ................................................................................. *37*

*United States v. McCoy,*

    *215 F.3d 102 (D.C. Cir. 2000)* ............................................................................... *66*

*United States v. McCoy,*

    410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Cir. 2005) ........................................... 41, 43

*United States v. Nahodil,*

    36 F.3d 323 (3rd Cir. 1994) ................................................................................. 66, 73

*United States v. Olano,*

    507 U.S. 725, 735 (1993) .................................................................................... 49

*United States v. Osuna,*

    189 F.3d 1289, 1294 (10th Cir. 1999) ................................................................... 53

*United States v. Pielago,*

    135 F.3d 703, 714, n.1 (11th Cir. 1998) ................................................................. 53

*United States v. Ramsey,*

    323 F. Supp. 2d 27; 2004 U.S. Dist. LEXIS 12462 (D DC 2004) ...................................... 35, 63

*United States v. Reyes,*

    2002 U.S. App. LEXIS 11411 (5th Cir. 6-12-02) ......................................................... 66

*United States v. Rodriguez-Razo,*

    962 F.2d 1418, 1423-24 (9th Cir. 1992) ................................................................. 53

*United States v. Rodriguez-Rodriguez,*

    929 F.2d 747(1st Cir. 1991) ................................................................................ 32

*United States v. Rogers,*

    129 F.3d 76; 1997 U.S. App. LEXIS 29784 (2nd Cir. 1997) ......................................... *passim*

*United States v. Russel,*

    2002 U.S. App. LEXIS 9538 (4th Cir. 5-20-02) .......................................................... 63

*United States v. Ryan,*

    *964 F. Supp. 526; 1997 U.S. Dist. LEXIS 6987 (D MA 1997)*............................... 22, 45, 59, 61

*United States v. Sergio,*

    *934 F.2d 875, 881 (7th Cir. 1991)*.........................................................................................47

*United States v. Shepard,*

    *322 U.S. App. D.C. 160; 102 F.3d 558 (D.C. Cir. 12-6-96)*............................................ *passim*

*United States v. Smack,*

    *2003 U.S. App. LEXIS 21746 (3ʳᵈ Cir. 10-24-03)* ....................................................................52

*United States v. Soto,*

    *132 F.3d 56, 58 (D.C. Cir. 1997)* ................................................................................... 47, 53

*United States v. Speight,*

    *726 F.Supp. 861, 865 (D.C.D.C. 1989)* .................................................................... 18, 70, 77

*United States v. Stephen,*

    *2002 U.S. App. LEXIS 21158 (4ᵗʰ Cir. 10-10-02)*...................................................................67

*United States v. Stout,*

    *2006 U.S. App. LEXIS 5630 (10ᵗʰ Cir. 3-6-06)*.......................................................................67

*United States v. Streater,*

    *70 F.3d 1314 (D.C. 1995)* ........................................................................................... 65, 73

*United States v. Stricklin,*

    *290 F.3d 748; 2002 U.S. App. LEXIS 9118 (5ᵗʰ Cir. 5-1-02)*............................................ 41, 52

*United States v. Taylor,*

    *139 F.3d 924 (D.C. Cir. 1998)* .................................................................................................73

*United States v. Thornton,*

    *2005 U.S. Dist. LEXIS 17164 (ED PA 2005)* ........................................................... *41*

*United States v. Van Dyke,*

    *14 F.3d 415, 417-424 (8ᵗʰ Cir. 1994)* ............................................................. *35, 63*

*United States v. Villasenor,*

    *114 F.3d 970; 1997 U.S. App. LEXIS 13605 (9ᵗʰ Cir. 1997)* ........................................... *passim*

*United States v. Washington,*

    *1996 U.S. App. LEXIS 24837 (4ᵗʰ Cir. 1996)* ........................................................... *73*

*United States v. White,*

    *371 F. Supp. 2d 378; 2005 U.S. Dist. LEXIS 10355 (WD NY 2005)* ................................... *54, 67*

*United States v. Witherspoon,*

    *231 F.3d 923; 2000 U.S. App. LEXIS 27778*

    *(4ᵗʰ Cir. 11-6-00)* ....................................................................... *43, 84, 85*

*Virgin Islands v. Weatherwax,*

    *20 F.3d 572 (3rd Cir. 1994)* ............................................................... *37, 43, 84, 85*

*Wanatee v. Ault,*

    *39 F. Supp. 2d 1164;*

    *1999 U.S. Dist. LEXIS 3520 (N.D. Iowa 3-22-99)* ..................................................... *68, 74*

*Washington v. Smith,*

    *219 F.3d 620, 629-31 (7ᵗʰ Cir. 2000)* ................................................................. *42*

*Wiggins v. Smith,*

    *539 U.S. 510; 123 S. Ct. 2527, 2535;*

    *156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003)* ..................................................... *passim*

*Williams v. Taylor,*

    *120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, \*\*53-64;*

    *146 L. Ed. 2d 389 (4-18-00)* .......................................................................................... *passim*

**Statutes**

*18 U.S.C. § 1001(a)(2)*.................................................................................................. *2, 3, 9*

*18 U.S.C. § 1623(a)* ...................................................................................................... *passim*

*18 U.S.C. § 1956(h)* ...................................................................................................... *passim*

*18 U.S.C. § 3553(a)* ...................................................................................................... *25, 46*

*21 U.S.C. § 841(a)(1)*.................................................................................................... *passim*

*21 U.S.C. § 846*.............................................................................................................. *passim*

*28 U.S.C. § 1746*............................................................................................................ *29, 89*

**Other Authorities**

*American Bar Association,*

    *Model Code of Professional Responsibility,*

    *Ethical Consideration 7-7 (1992)* ........................................................................... *82*

*Federal Rule of Criminal Procedure 33* .................................................................... *49*

*Federal Rule of Criminal Procedure 16* .................................................................... *27*

*Federal Rules of Civil Procedure 26-37* .................................................................... *27*

*J. Liebman and R. Hertz,*

    *Federal Habeas Corpus Practice and Procedure,*

    *§ 41.6 [n. 2-3] (3rd Ed. 1998)* .............................................................................. *27*

*Rule 2 of the Rules Governing*

    *Section 2255 Proceedings* ........................................................................................ *9*

*Rule 6 of the Rules Governing*

   *Section 2255 Proceedings* ........................................................................ 27

*Rule 6(a) of the Rules Governing Section 2255* ........................................ 27

*Rule 6(c) of the Rules Governing*

   *Section 2255 Proceedings* ........................................................................ 28

*Rule 8 of the Rules Governing*

   *Section 2255 Proceedings* ........................................................................ 27

*Rule 8(c) of the Rules Governing*

   *Section 2255 Proceedings* ........................................................................ 28

*Rules Governing Section 2254 Proceedings* ............................................. 28

*U.S.C.A. Sixth Amendment* ...................................................................... 67

*U.S.S.G. § 3C1.1* ............................................................................. passim

*U.S.S.G. § 3E1.1* ............................................................................. passim