**FILED**

# United States District Court
## Northern District of Illinois
### At Chicago

JUN 1 8 2008
Jun 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1:04-cr-693 |
| | ) | Civil No. |
| Plaintiff-Respondent, | ) | HON. ROBERT W. GETTLEMAN |
| | ) | |
| vs. | ) | |
| | ) | |
| JANUSZ ROBAK, | ) | **MEMORANDUM IN SUPPORT** |
| | ) | **OF § 2255 MOTION** |
| Defendant-Movant. | ) | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

COMES NOW DEFENDANT-MOVANT **Janusz Robak** and submits the following memorandum in support of his motion pursuant to 28 USC § 2255. This memorandum includes and incorporates by reference the Section 2255 Model Court Form as well as the information contained and incorporated by reference therein.

## STATEMENT OF FACTS

The relevant facts of the motion and of this memorandum are set forth and pleaded in the Section 2255 Model Court Form and the Statement of Claim attached thereto. This Court should accept the allegations of Mr. Robak as true where they are not "conclusively" contradicted by the "files and records of the case" for purposes of determining whether Mr. Robak has stated a prima facie claim for relief and is therefore entitled to an evidentiary hearing.[9] Since the Court must necessarily review the allegations of the § 2255 motion for sufficiency, Mr. Robak will not repeat those allegations in this memorandum except as necessary.

08CV3507
JUDGE GETTLEMAN
MAGISTRATE JUDGE DENLOW

---

[9] *See United States v. Dawson*, 857 F.2d 923, 927-928 (3rd Cir. 1988) and *United States v. Rodriguez-Rodriguez*, 929 F.2d 747, 752 (1st Cir. 1991)

## ISSUES PRESENTED

**Issue:**                                                              **Page:**

1.)    Whether The Sentence Of Mr. Robak Is Violative Of His Sixth
       Amendment Right To Effective Assistance Of Counsel? ...........................

**Mr. Robak Answers: "Yes"**

**Most Apposite Case:**

> *United States v. Glover,*
> 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604;
> 2001 U.S. LEXIS 639 (2001)

> *Williams v. Taylor,*
> 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64;
> 146 L. Ed. 2d 389 (4-18-00)

> *Wiggins v. Smith,*
> 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471;
> 2003 U.S. LEXIS 5014 (2003)

> *Strickland v. Washington*
> 466 U.S. 668, 80 L.Ed.2d 674,
> 104 S.Ct. 2052 (1984)

1A.)   Whether The Performance Of Counsel For Mr. Robak Fell Below
       An Objective Standard Of Reasonableness During The Trial,
       Sentencing, And Direct Appeal Process? ...................................................

**Mr. Robak Answers: "Yes"**

**Most Apposite Cases:**

> *Wiggins v. Smith,*
> 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471;
> 2003 U.S. LEXIS 5014 (2003)

> *Kimmelman v. Morrison,*
> 477 U.S. 365, 91 L.Ed.2d 305,
> 106 S.Ct. 2574 (1986)

> *Williams v. Taylor,*
> 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64;
> 146 L. Ed. 2d 389 (4-18-00)

1B1.)  Whether Mr. Robak Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing And Direct Appeal Process, When Counsel Failed To Object To, Or Appeal, The Enhancement Of Mr. Robak's Sentence For Obstruction Of Justice Based On Conduct For Which He Was Separately Convicted? ............................................................................

**Mr. Robak Answers: "Yes"**

**Most Apposite Cases:**

> *United States v. Glover,*
> 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604;
> 2001 U.S. LEXIS 639 (2001)

> *Williams v. Taylor,*
> 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64;
> 146 L. Ed. 2d 389 (4-18-00)

> *United States v. Lloyd,*
> 947 F.2d 339; 1991 U.S. App. LEXIS 24763 (8th Cir. 1991)

> *United States v. Clark,*
> 316 F.3d 210; 2003 U.S. App. LEXIS 216 (3rd Cir. 2003)

1B2.)  Whether Mr. Robak Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Plea, Trial, And Sentencing Process When Counsel Failed To Advise Him To Proceed To A Bench Trial On Stipulated Facts? ........................................

**Mr. Robak Answers: "Yes"**

**Most Apposite Cases:**

> *United States v. Glover,*
> 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604;
> 2001 U.S. LEXIS 639 (2001)

> *Williams v. Taylor,*
> 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64;
> 146 L. Ed. 2d 389 (4-18-00)

> *United States v. Villasenor,*
> 114 F.3d 970; 1997 U.S. App. LEXIS 13605 (9th Cir. 1997)

*United States v. Rogers,*
129 F.3d 76; 1997 U.S. App. LEXIS 29784 (2nd Cir. 1997)

*United States v. Garrett,*
90 F.3d 210; 1996 U.S. App. LEXIS 17621 (7th Cir. 1996)

1B3.)  Whether Mr. Robak Was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Trial, Sentencing, And Direct Appeal Process? ....................................................

**Mr. Robak Answers: "Yes"**

**Most Apposite Cases:**

*United States v. Glover,*
531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604;
2001 U.S. LEXIS 639 (2001)

*Williams v. Taylor,*
120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64;
146 L. Ed. 2d 389 (4-18-00)

*Mathews v. Abramajtys,*
2000 U.S. Dist. LEXIS 4635 (E.D. Mich. 4-11-00)

*United States v. Ramsey,*
323 F. Supp. 2d 27; 2004 U.S. Dist. LEXIS 12462 (D DC 2004)

*United States v. Van Dyke,*
14 F.3d 415, 417-424 (8th Cir. 1994)

*Harris v. Wood,*
64 F.3d 1432 (9th Cir. 1995)

2.)  Whether Mr. Robak's Plea Of Not Guilty, Conviction And Sentence Are Violative Of The Sixth Amendment? ....................................

**Mr. Robak Answers: "Yes"**

**Most Apposite Cases:**

*Kates v. United States,*
930 F.Supp. 189 (E.D. Pa. 1996)

*United States v. Gordon,*
156 F.3d 376 (2d Cir. 1998)

35

*United States v. Blaylock,*
20 F.3d 1458 (9th Cir. 1994)

2A.)    Whether Mr. Robak's Plea Was A Voluntary And Intelligent
Choice Among The Alternative Courses Of Action Open To Him
Where The Performance Of His Counsel Fell Below An Objective
Standard Of Reasonableness During The Plea Process? ...............................

**Mr. Robak Answers: "It was not a voluntary plea"**

**Most Apposite Cases:**

*Kates v. United States,*
930 F.Supp. 189 (E.D. Pa. 1996)

*Carmichael v. United States,*
1998 U.S. Dist. LEXIS 20313 (D. Ct. 12-16-98)

*United States v. Gordon,*
156 F.3d 376 (2d Cir. 1998)

*United States v. Blaylock,*
20 F.3d 1458 (9th Cir. 1994)

2B.)    Whether Mr. Robak Was Prejudiced By The Objectively
Unreasonable Performance Of Counsel During The Plea Process
Where, Absent The Constitutionally Deficient Performance, There
Is A Reasonable Probability He Would Have Pleaded Guilty Or
Nolo Contendere Instead Of Proceeding To Trial? ....................................

**Mr. Robak Answers: "He Was Prejudiced"**

**Most Apposite Cases:**

*Kates v. United States,*
930 F.Supp. 189 (E.D. Pa. 1996)

*Carmichael v. United States,*
1998 U.S. Dist. LEXIS 20313 (D. Ct. 12-16-98)

*United States v. Gordon,*
156 F.3d 376 (2d Cir. 1998)

*United States v. Blaylock,*
20 F.3d 1458 (9th Cir. 1994)

3.)  Whether An Evidentiary Hearing Is Necessary And Would Be
     Useful To This Court? ................................................................................

**Mr. Robak Answers: "Yes"**

**Most Apposite Cases:**

> *Stoia v. United States,*
> 22 F.3d 766 (7th Cir. 1994)

> *Guy v. Cockrell,*
> 343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003)

> *United States v. Blaylock,*
> 20 F.3d 1458 (9th Cir. 1994)

> *Virgin Islands v. Weatherwax,*
> 20 F.3d 572 (3rd Cir. 1994)

> *United States v. Magini,*
> 973 F.2d 261 (4th Cir. 1992)

> *Shaw v. United States,*
> 24 F.3d 1040 (8th Cir. 1994)

## ARGUMENT

1.)   **THE SENTENCE OF MR. ROBAK IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

1A.)   **The Performance Of Counsel For Mr. Robak Fell Below An Objective Standard Of Reasonableness During The Trial, Sentencing, And Direct Appeal Process.**

In *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the

Supreme Court established a two prong test to govern ineffective assistance of counsel claims.

To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of

counsel the defendant must show: (1) that counsel's performance fell below an objective

standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's

objectively unreasonable performance, the result of the proceeding would have been different.

*Id.* 466 U.S. at 688-689; *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,

**53-64; 146 L. Ed. 2d 389 (4-18-00); *Wiggins v. Smith*, 539 U.S. 510; 123 S. Ct. 2527, 2535;

156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003).

The Court stated that, "judicial scrutiny of counsel's performance must be highly

deferential" and added that "a court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance". *Id.*

The Court clarified that this reference to "highly deferential scrutiny referred only[10] to the

first or performance prong of the test and meant that,

> "... the defendant must overcome the presumption that, under the circumstances,
> the challenged action 'might be considered sound trial strategy.'"

*Strickland v. Washington*, 466 U.S. at 689-691

The Court added that,

> "... strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make a reasonable decision that makes particular investigations unnecessary." *Id.*

Two years after its *Strickland* decision, the Court reaffirmed that this portion of the decision sets forth what test that can be made[11] in evaluating whether the performance of counsel was within the range of "reasonable professional assistance", or fell below an objective standard of reasonableness. *Kimmelman v. Morrison,* 477 U.S. 365, 385-387, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986). See also: *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00); *Wiggins v. Smith,* 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003); *Rompilla v. Beard,* ___ U.S. ___, 125 S. Ct. 2456; 162 L. Ed. 2d 360; 2005 U.S. LEXIS 4846 (2005).

The Supreme Court noted that,

> ...a single, serious error may support a claim of ineffective assistance of counsel."

*Kimmelman v. Morrison,* 477 U.S. at 384. The Court added that this "single serious error" could cause counsel's performance to fall "below the level of reasonable professional assistance", even where, "counsel's performance at trial [was] generally creditable enough", and even where

---

[10] The Court stated that "factors which may actually have entered into counsel's selection of strategies and ... may thus affect the performance inquiry ... are irrelevant to the prejudice inquiry." *Strickland v. Washington,* 466 U.S. at 695

[11] This presupposes, for the instant argument, that the defendant provided counsel with complete and accurate information and did not place any restrictions on counsel's strategy. *Strickland v. Washington,* 466 U.S. at 691.

counsel had made "vigorous cross-examination, attempts to discredit witnesses, and [an] effort to establish a different version of the facts." *Id.* 477 U.S. at 386[12]

The Court held that the determining factor was whether or not counsel's "single serious error" or "failure" was the result of, or attributable to, a trial "strategy". *Id.* 477 U.S. 384-386; *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00); *Wiggins v. Smith,* 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003).

The Court then found that no "strategy" was involved in that case and that counsel's performance thereby fell below the *Strickland v. Washington* objective standard because counsel's failure was based "on counsel's mistaken beliefs" as to the laws governing discovery. *Id.* 477 U.S. at 385.

The Supreme Court added:

> "Viewing counsel's failure to conduct any discovery from his perspective at the time he decided to forego that stage of pretrial preparation and applying a 'heavy measure of deference', *ibid.*, to his judgment, we find counsel's decision unreasonable, that is, contrary to prevailing professional norms. The justification Morrison's attorney offered for his omission betray a startling ignorance of the law—or a weak attempt to shift blame for inadequate preparation. 'Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' *Id.* Respondent's lawyer neither investigated, nor made a reasonable decision not to investigate the State's case through discovery."

*Kimmelman v. Morrison,* 477 U.S. at 385.

---

[12] See also *United States v. Alexander,* 2006 U.S. App. LEXIS 5602 (DC Cir. 3-2-06) (same); *Murray v. Carrier,* 477 U.S. 478, 496, 91 L.Ed.2d 397, 106 S.Ct. 2639 (1986) ("The right to effective assistance of counsel … may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."); *Smith v. United States,* 871 F.Supp. 251, 255 & [n.8] (E.D. Va. 1994) (finding performance below constitutional standards for "failure to raise an objection to a clear and indisputable error in the PSR", but pointing out that "[t]he error was an innocent inadvertence, and not indicative of the entirety of counsel's representation of petitioner, which was competent and effective in all other respects."); *United States v. Al King Jones,* 2001 U.S. Dist. LEXIS 1740 (E.D. LA 2-9-01) (same).

In other words, the Court determined that counsel's omissions were not part of any

"strategy" or trial tactic because they had not been taken after thorough investigation of the law

and facts relevant to all plausible options available to counsel. From this, the Court determined

that the omissions were professionally unreasonable and had caused counsel's performance to

fall below the objective standard of *Strickland. See Kimmelman v. Morrison,* 477 U.S. at 385-

387; *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed.

2d 389 (4-18-00); *Wiggins v. Smith,* 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471;

2003 U.S. LEXIS 5014 (2003) (counsels' failure to investigate mitigating evidence could not be

strategic "because the investigation supporting their choice was unreasonable"); *Rompilla v.*

*Beard,* ___ U.S. ___, 125 S. Ct. 2456; 162 L. Ed. 2d 360; 2005 U.S. LEXIS 4846 (2005).[13]

---

[13] The decisions of the lower Courts have followed this unambiguous mandate from the Supreme Court. *See United States v. Stricklin,* 290 F.3d 748; 2002 U.S. App. LEXIS 9118 (5th Cir. 5-1-02) (counsel's performance below objective standard of *Strickland* due to counsel's failure to investigate guidelines and case law defining "mixture or substance" for sentencing for narcotics violations); *United States v. Hylton,* 2002 U.S. App. LEXIS 12818 (DC Cir. 6-28-02) (counsel's performance below objective standard of *Strickland* due to failure to investigate facts and law relevant to defense at trial); *United States v. Holder,* 410 F.3d 651; 2005 U.S. App. LEXIS 10380 (10th Cir. 2005) (same - failure to call defense witness); *United States v. Alferahin,* 2006 U.S. App. LEXIS 575 (9th Cir. 2006) (failure to move for materiality jury instruction); *United States v. Thornton,* 2005 U.S. Dist. LEXIS 17164 (ED PA 2005) (failure to object to introduction of prejudicial Fed.R.Evid. 404(b) evidence); *United States v. McCoy,* 410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Cir. 2005) (attorney agreed to prejudicial stipulation at trial); *Bruce v. United States,* 256 F.3d 592; 2001 U.S. App. LEXIS 15054 (7th Cir. 2001); *Brown v. Myers,* 137 F.3d 1154 (9th Cir. 1998) (counsel failed to investigate and present available testimony supporting petitioner's alibi); *United States v. Kauffman,* 109 F.3d 186 (3rd Cir. 1997) (failure to investigate law and facts relevant to plausible defense ineffective assistance); *Williamson v. Ward,* 110 F.3d 1508 (10th Cir. 1997) (same); *Foster v. Lockhart,* 9 F.3d 722, 726 (8th Cir. 1993) (failure to investigate law and facts relevant to plausible defense ineffective assistance); *United States v. Headley,* 923 F.2d 1079, 1083-84 (3rd Cir. 1991) (same - Guideline case involving failure to investigate facts and law relative to motion for reduction in sentence for "minor role"); *Smith v. Stewart,* 140 F.3d 1263 (9th Cir.), *cert. denied,* 525 U.S. 929 (1998) (Failure to investigate mitigating evidence was ineffective); *Holsomback v. White,* 133 F.3d 1382 (11th Cir. 1998) (failure to investigate was ineffective assistance of counsel).

In short, no deference is due to counsel's actions, and the performance of counsel falls below the *Strickland* objective standard of reasonableness[14] if counsel's specific acts or omissions are not demonstrably[15] the result of actual strategic choices made between or among all plausible options "after thorough investigation of law and facts relevant to [the] options." *Strickland,* 466 U.S. at 691; *Kimmelman v. Morrison,* 477 U.S. at 385-387; *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00)[16]

---

[14] For purposes of this portion of the *Strickland* analysis, the Court presumes that counsel's failures were at least potentially prejudicial to the defendant. *Kimmelman v. Morrison,* 477 U.S. at 365, 387, 390-91.

[15] *See Wiggins v. Smith,* 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003) (court's "assumption" that counsel made reasonable investigation vacated when unsupported by the record); *Bruce v. United States,* 256 F.3d 592; 2001 U.S. App. LEXIS 15054 (7th Cir. 2001) (absent factual support in the record court could not rely on presumption attorney's failure to investigate was reasonable); *Washington v. Smith,* 219 F.3d 620, 629-31 (7th Cir. 2000) (performance professionally unreasonable where counsel failed to produce critical alibi witness at trial; counsel made only "minimal attempts" to contact witness before trial and waited to subpoena her until two days before she was to testify, despite knowing that she was "hard to reach"); *United States v. Burrows,* 872 F.2d 915, 918-919 (9th Cir. 1989) (record must "conclusively" demonstrate strategic nature of counsel's actions); *Harris v. Reed,* 894 F.2d 871, 878 (7th Cir. 1990) (reviewing court should "not construct strategic defenses which **counsel** does not offer") (citing *Kimmelman v. Morrison,* 477 U.S. at 386); *Moffet v. Kolb,* 930 F.2d 1156, 1160-61 (7th Cir. 1991) (counsel's unexplained failure to use available police report, to impeach prosecution witness's statements and support theory of defense, below objective standard of *Strickland*); *United States v. Headley,* 923 F.2d 1079, 1084 (3rd Cir. 1991) (remanding for hearing where there was "[no] rational basis" in the record to believe that sentencing counsel's failure, to argue for downward adjustment in Sentencing Guidelines for minor role, was a "strategic choice"); *United States v. Acklen,* 47 F.3d 739, 743-44 (5th Cir. 1995) (remanding for evidentiary hearing where was nothing in record to indicate counsel's failures were attributable to strategic choice among all plausible alternatives available for defense); *United States v. Dawson,* 857 F.2d 923, 929 (3rd Cir. 1988) (absent evidence in the record, "this court will not speculate on trial counsel's motives"); *Nichols v. United States,* 75 F.3d 1137 (7th Cir. 1996) (same).

[16] The courts have decided that counsel's failure to consider or investigate laws and facts relevant to potentially viable defenses cannot be said to be the result of reasonable professional judgment, nor can it be termed "strategic" or "tactical" or "objectively reasonable", because "counsel can hardly be said to have made a strategic choice against pursuing a certain line of investigation when s/he has not yet obtained the facts on which such a decision could be made." *Gray, supra,* 878 F.2d at 711 (citing *Strickland,* 466 U.S. at 690-91); *Holsomback v. White,* 133 F.3d 1382 (11th Cir. 1998) (same); *Nichols v. United States,* 75 F.3d 1137 (7th Cir. 1996)

Where a convicted defendant is making a claim of ineffective assistance of counsel, the defendant,

> "…must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."

*Strickland v. Washington,* 466 U.S. at 690.

If the record does not "conclusively" demonstrate "strategic reasons" for counsel's failures, the district court entertaining a motion under 28 USC § 2255 must hold an evidentiary hearing.[17] A subsequent affidavit from counsel will not suffice to establish a trial strategy, nor absolve the district court from the requirement of holding an evidentiary hearing.[18]

In the instant case, Mr. Robak has made specific, sworn, factual allegations which this Court should accept as true for the purpose of considering whether to hold an evidentiary hearing, because they are not conclusively disproved by the files and records of this case.

The allegations of Mr. Robak as to the "performance" of counsel include the following:

### CLAIM NUMBER ONE

29.)    Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.

---

[17] *United States v. Holder,* 410 F.3d 651; 2005 U.S. App. LEXIS 10380 (10th Cir. 2005) (remanding for evidentiary hearing where no explanation in record for counsel's complained of failure); *United States v. McCoy,* 410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Cir. 2005) (same); *United States v. Burrows,* 872 F.2d 915, 918-919 (9th Cir. 1989) *and United States v. Briggs,* 939 F.2d 222, 228 (5th Cir. 1991); *United States v. Estrada,* 849 F.2d 1304, 1306-1307 (1st Cir. 1988); *Virgin Islands v. Weatherwax,* 20 F.3d 572, 573 (3rd Cir. 1994); *Shaw v. United States,* 24 F.3d 1040, 1043 (8th Cir. 1994) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel unless claim inadequate on its face or if records conclusively refute factual assertions of claim); *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Nichols v. United States,* 75 F.3d 1137 (7th Cir. 1996) (same); *United States v. Witherspoon,* 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00) (petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).

[18] *Smith v. McCormick,* 914 F.2d 1153, 1170 (9th Cir. 1990); *United States v. Giardino,* 797 F.2d 30, 32 (1st Cir. 1986); *Lindhorst v. United States,* 585 F.2d 361, 365 (8th Cir. 1978).

30.)   Mr. Robak's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing and direct appeal process as hereinafter more fully appears.

31.)   Counsel could have but did not object to, or appeal, the enhancement of Mr. Robak's sentence for obstruction of justice based on conduct for which he was separately convicted

32.)   Counsel's omissions set forth in ¶31 were based on an incomplete investigation of the law relevant to Mr. Robak's sentencing process.

33.)   Counsel could have but did not investigate case law which holds that application of U.S.S.G. § 3C1.1 to actions for which a defendant was separately convicted constitutes "double counting".

34.)   Counsel's omissions set forth in ¶¶31-33 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Robak during the sentencing process.

35.)   Counsel's omissions set forth in ¶¶31-33 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause during the sentencing process.

\* \* \* \* \* \* \* \* \* \*

## CLAIM NUMBER THREE

67.)   Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.

68.)   Mr. Robak's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the plea, trial, and sentencing process as hereinafter more fully appears.

69.)   Prior to trial and during the plea process, counsel could have but did not fully inform themselves and Mr. Robak as to all facts relevant to the determination whether to proceed to a jury trial or, instead, to move for a bench trial on stipulated facts.

70.)   Counsel could have but did not fully advise Mr. Robak as to the requirements for obtaining a reduction in his sentence for "acceptance of responsibility".

71.)   Counsel could have but did not advise Mr. Robak that if he proceeded to a jury trial in federal court, he had only about 1 chance in 7, and probably substantially less chance than that, of walking out of court free. [19]

72.)   Counsel could have but did not fully advise Mr. Robak that he could obtain appellate review of the denial of his motion to suppress, while still obtaining a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility, by proceeding to a bench trial on stipulated facts, while preserving his legal issue for appellate review.

73.)   Counsel could have but did not fully advise Mr. Robak that, if he proceeded to a bench trial on stipulated facts, he would *not* waive his right to raise *any* defenses at his sentencing; he would still be able to challenge his relevant

---

[19] See the U.S. Department of Justice, "Compendium of Federal Justice Statistics", Chapter 3, page 39 (1997).

conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors.

74.) Counsel's acts and omissions set forth in ¶¶69-73 were due to an incomplete investigation of the law relevant to Mr. Robak's determination whether to proceed to a bench or jury trial.

75.) Counsel could have but did not investigate case law such as *United States v. Villasenor*, 114 F.3d 970; 1997 U.S. App. LEXIS 13605 (9th Cir. 1997) (affirming 2 levels reduction in sentence for acceptance of responsibility after bench trial on stipulated facts); *United States v. Rogers*, 129 F.3d 76; 1997 U.S. App. LEXIS 29784 (2nd Cir. 1997) (same); *United States v. Ryan*, 964 F. Supp. 526; 1997 U.S. Dist. LEXIS 6987 (D MA 1997) (same).

76.) Counsel could have but did not investigate the plain language of U.S.S.G. § 3E1.1, Commentary, Application Note 2, which provides in relevant part:

> 2. ... Conviction by trial ... does not automatically preclude a defendant from consideration for such a reduction. ... a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, Commentary, Application Note 2.

77.) In actual fact, Mr. Robak was not even aware that he had any other option but to either proceed to jury trial or plead guilty and, by pleading guilty, lose his chance to appeal the denial of his motion to suppress.

78.) If, prior to advising Mr. Robak to proceed to a jury trial, counsel had conducted an independent investigation of the facts, circumstances, pleadings and laws involved in Mr. Robak's case, they would have advised Mr. Robak to instead move for a bench trial on stipulated facts.

79.) The advice received from counsel regarding whether to a jury trial or bench trial on stipulate facts was so incorrect and so insufficient that it undermined Mr. Robak's ability to make a voluntary and intelligent choice among the alternative courses of action open to him.

80.) Based on the facts set forth in ¶¶69-79, Counsel's performance in the plea, trial, and sentencing process fell below the objective standard of reasonableness required by the Sixth Amendment.

81.) Based on the facts set forth in ¶¶69-79, Mr. Robak's decision to proceed to a jury trial was not a voluntary and intelligent choice among the alternative courses of action open to him.

82.) Counsel's omissions set forth in ¶¶69-79 were not the result of reasoned decisions based on strategic or tactical choices among all plausible

options available to counsel for the defense of Mr. Robak during the plea, trial, and sentencing process.

83.) Counsel's omissions set forth in ¶¶69-79 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause during the plea, trial, and sentencing process.

\* \* \* \* \* \* \* \* \* \*

## CLAIM NUMBER FOUR

87.) Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-86 herein.

88.) Counsel unprofessionally failed to advise Mr. Robak as to all facts and law relevant to his decision to plead not guilty and proceed to trial. Had Mr. Robak been fully advised, there is a reasonable probability that he would have pleaded guilty and/or proceeded to a bench trial on stipulated facts. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

89.) Counsel unprofessionally failed to timely, properly, and effectively move for dismissal of the indictment. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

90.) Counsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing of Mr. Robak. Counsel also unprofessionally failed to object to, unlawful, false and unreliable evidence used to determine Mr. Robak's guideline sentencing range and ultimate sentence. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

91.) Mr. Robak was prejudiced by the objectively unreasonable performance of counsel during the sentencing process, when counsel unprofessionally failed to move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a) in Mr. Robak's case. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

92.) Counsel unprofessionally failed to investigate or present the strongest issues available to Mr. Robak for his direct appeal and failed to preserve viable issues for collateral review. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

93.) Mr. Robak's counsel labored under an actual conflict of interest which adversely affected their performance during the plea, pretrial, trial, sentencing, and direct appeal process in this case. Counsel owed a 'duty' other than to Mr. Robak. This duty was in conflict with the duty owed to Mr. Robak. Counsel chose between the duties. This choice adversely affected the performance of counsel during the plea, pretrial, trial, sentencing, and direct appeal process.

94.) Mr. Robak's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the trial, sentencing, and direct appeal process due to the multiplicity of errors by counsel as set forth herein.

46

(Statement of Claim ¶¶29-35, 67-83, 87-94)

Assuming for purposes of this portion of the *Strickland* analysis that the foregoing failures were potentially prejudicial to Mr. Robak it cannot be said from the present record that counsel's "performance" did not fall below the objective standard of *Strickland.* This is because Mr. Robak has pleaded that counsel's failures in defending Mr. Robak were based on counsel's failures to investigate the law and facts material to him in the trial, sentencing, and direct appeal process; an "innocent inadvertence"[20] but none-the-less an impermissible abdication of counsel's duty to advocate Mr. Robak's case and cause.[21] *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00); *Wiggins v. Smith,* 539 U.S. 510; 123 S. Ct. 2527, 2535; 156 L. Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003) (counsels' failure to investigate mitigating evidence could not be strategic "because the investigation supporting their choice was unreasonable"). [22]

---

[20] *Smith v. United States,* 871 F.Supp. 251, 255 & [n.8] (E.D. Va. 1994) (finding performance below constitutional standards for "failure to raise an objection to a clear and indisputable error in the PSR". but pointing out that "[t]he error was an innocent inadvertence, and not indicative of the entirety of counsel's representation of petitioner, which was competent and effective in all other respects."); *United States v. Al King Jones,* 2001 U.S. Dist. LEXIS 1740 (E.D. LA 2-9-01) (same).

[21] See also *United States v. Soto,* 132 F.3d 56, 58 (D.C. Cir. 1997) (counsel cannot properly invoke a particular Guideline provision '"merely by reciting to the court a list of mitigating facts) (quoting *United States v. Foster,* 988 F.2d 206, 210 (D.C. Cir. 1993) (quoting *United States v. Sergio,* 934 F.2d 875, 881 (7th Cir. 1991))); *United States v. Harfst,* 168 F.3d 398, 401 (10th Cir. 1999)

[22] See also: *Anderson v. Johnson,* 338 F.3d 382; 2003 U.S. App. LEXIS 13778 (5th Cir. 2003) (counsel's performance below objective standard of *Wiggins v. Smith* where attorney failed to make complete investigation of case); *Mays v. Gibson,* 2000 U.S. App. LEXIS 8858 (10th Cir. 2000) (citing *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00)); *Jackson v. Calderon,* 2000 U.S. App. LEXIS 9049 (9th Cir. 5-8-2000) (same).

None of these allegations are rebutted, much less "conclusively" refuted by the files and records of this case. They are, in fact, not even addressed, because the failures to investigate occurred outside the courtroom.

Under these circumstances, this Court should find that Mr. Robak has stated a claim of ineffective assistance of counsel in the trial, sentencing, and direct appeal process sufficient to entitle him to, and require, an evidentiary hearing.

Mr. Robak asks this Honorable Court to **ORDER** such a hearing to allow him to prove his case.

### 1B1.) Mr. Robak Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Sentencing And Direct Appeal Process, When Counsel Failed To Object To, Or Appeal, The Enhancement Of Mr. Robak's Sentence For Obstruction Of Justice Based On Conduct For Which He Was Separately Convicted.

In writing for the majority in *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674,

104 S.Ct. 2052 (1984), Justice O'Connor stated the general rule that,

> "... actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."

*Id.* 466 U.S. at 693, 80 L.Ed.2d at 697.

More specifically, Justice O'Connor set forth the now well known statement of the test

for "prejudice" in claims of actual ineffectiveness of counsel as:

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* 466 U.S. at 695, 80 L.Ed.2d at 698.

While the Court noted the government's, perhaps natural, inclination to argue that

attorney error is harmless unless the defendant can show that "counsel's deficient conduct more

likely than not altered the outcome of the case",[23] the Court specifically and explicitly rejected

this argument by the government.[24]

In rejecting any outcome determinative test such as that employed in Federal Rule of

Criminal Procedure 33 analysis, the Court stated:

---

[23] *Id.* 466 U.S. at 694, 80 L.Ed.2d at 697.

[24] *Id.* This, of course, means that the "plain error" standard also does not apply to ineffective assistance of counsel claims. *Id.* See *United States v. Olano*, 507 U.S. 725, 735 (1993) (plain error "must be real and such that it probably influenced the verdict. . . ."). Moreover, the courts

The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.

*Strickland v. Washington*, 466 U.S. at 694, 80 L.Ed.2d at 697; *Williams v. Taylor*, 120 S. Ct.

1495, 1519; 2000 U.S. LEXIS 2837, **76; 146 L. Ed. 2d 389 (4-18-00)[25].

The Court further specifically rejected the application of the "actual prejudice" standard

of *United States v. Frady*, 456 U.S. 152, 71 L.Ed.2d 816, 102 S.Ct. 1584 (1982), to claims of

ineffective assistance of counsel, with the following admonishment:

> "The principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. As indicated by the 'cause and prejudice' test for overcoming procedural waivers of claims of error, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. *See United States v. Frady*, 456 U.S. 152, 162-169, 71 L.Ed.2d 816, 102 S.Ct. 1558 (1982). An ineffectiveness claim, however, as our articulation of the standards that govern decision of such claims makes clear, is an attack on the fundamental fairness of the proceedings whose result is challenged. Since fundamental fairness is the central concern of the writ of habeas corpus, *see id.* at 126, no special standards ought to apply to ineffectiveness claims made in habeas proceedings."

---

have rejected any 'sufficiency of untainted evidence' test in determining "prejudice" under *Strickland*. See *Johnson v. Scott*, 68 F.3d 106, 109-10 (5th Cir. 1995).

[25] See also *Soffar v. Dretke*, 368 F.3d 441, 478-480; 2004 U.S. App. LEXIS 7793 **106-111 (5th Cir. 2004) (same); *United States v. Day*, 969 F.2d 39, 45 and [n.3] (3rd Cir. 1992) (same) *and United States v. Loughery*, 908F.2d 1014, 1018-1020 (D.C. Cir. 1990) (same). While some Courts have held that *Lockhart* v. *Fretwell*, 506 U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993) modified *Strickland* "to require a separate inquiry into fundamental fairness even when [petitioner] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding", *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00), this construction of *Lockhart v. Fretwell*, was specifically addressed and rejected by the Supreme Court in *Williams v. Taylor*. The Supreme Court's holding in *Lockhart v. Fretwell*, was limited to circumstances where the a "different outcome" would be contrary to the law. *Id.* As Justice O'Connor carefully pointed out in *Lockhart v. Fretwell*,:

> "... today's decision will, in the vast majority of cases, have no effect on the prejudice inquiry under *Strickland* ... The determinative question -- whether there is 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' ... remains unchanged." *Id.* 506 U.S. at 373 (O'Connor, concurring).

*Strickland*, 66 U.S. at 697-98, 80 L.Ed.2d at 700.[26]

The Court hearing an ineffectiveness claim should consider the totality of the factors which guided the decisionmaker in the challenged proceeding, then try to determine which factors were or were not "affected" by counsel's errors.

> "Taking the unaffected [factors] as a given, and taking due account of the effect of the errors on the remaining [factors], a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."

*Strickland v. Washington*, 466 U.S. at 696, 80 L.Ed.2d at 699.

Where through "hindsight"[27] the Court can determine that, but for the errors of counsel, there is a "reasonable probability" of a different outcome, a probability sufficient to "undermine confidence" in the challenged proceedings, the defendant has affirmatively proven prejudice. *Strickland*, 466 U.S. at 694-95; *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001); *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00).[28]

---

[26] *See Kimmelman v. Morrison*, 477 U.S. at 375, 393 and [n. 1] (demonstration of "a reasonable probability" that the verdict would have been different constitutes "actual prejudice" in claims of actual ineffective assistance of counsel); *Osborn   v. Shillinger*, 861 F.2d 612, 626 and [n. 13] (10th Cir. 1988) (same); *Smith v. United States*, 871 F.Supp. 251, 255 (E.D. Va. 1994) (same).

[27] *Lewis v. Dretke*, 355 F.3d 364; 2003 U.S. App. LEXIS 26156 (5th Cir. 2003) (citing *Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996) (citing *Lockhart* v. *Fretwell*, 506 U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993)) ("prejudice", contrary to the "performance" test of *Strickland*, is measured by "hindsight"); *Mayo v. Henderson*, 13 F.3d 528 (2nd Cir. 1994) (same); *McKee v. United States*, 167 F.3d 103; 1999 U.S. App. LEXIS 1390 (2nd Cir. 1999) (same); *Prou v. United States*, 199 F.3d 37; 1999 U.S. App. LEXIS 32827 (1st Cir. 1999) (same). This means that the law applicable to the determination of "prejudice" is the law known to be correct at the time the claim of ineffective assistance of counsel is adjudicated. *Id.* In cases where the outcome of the prejudice inquiry would be affected by *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738; 160 L. Ed. 2d 621; 2005 U.S. LEXIS 628 (1-12-05), the Supreme Court's holding in *Lockhart* v. *Fretwell* requires application of the principles of *Booker* even if Mr. Robak's case was final before *Booker*, *Blakely* or *Apprendi*.

[28] In *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00), the Supreme Court explicitly rejected the theory that *Lockhart* v. *Fretwell*, 506

This rule is applicable to find "prejudice" where hindsight demonstrates that counsel's constitutionally deficient performance deprived a federal criminal defendant of consideration for a favorable adjustment or downward departure under the United States Sentencing Guidelines. *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) (rejecting Court of Appeals' rule that only a 'substantial' change in application of sentencing guidelines constituted "prejudice" within the meaning of *Strickland*).[29]

---

U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993) somehow modified *Strickland* "to require a separate inquiry into fundamental fairness even when [petitioner] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding". *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00). This construction of *Lockhart v. Fretwell*, was specifically addressed and rejected by the Supreme Court in *Williams v. Taylor*. The Supreme Court's holding in *Lockhart v. Fretwell*, was limited to circumstances where the a "different outcome" would be contrary to the law. *Id.* As Justice O'Connor carefully pointed out in *Lockhart v. Fretwell*,:

> "... today's decision will, in the vast majority of cases, have no effect on the prejudice inquiry under *Strickland* ... The determinative question - whether there is 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' ... remains unchanged." *Id.* 506 U.S. at 373 (O'Connor, concurring).

See also: *Mays v. Gibson*, 2000 U.S. App. LEXIS 8858 (10th Cir. 2000) (citing *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00)); *Jackson v. Calderon*, 2000 U.S. App. LEXIS 9049 (9th Cir. 5-8-2000) (same); *United States v. Horey*, 333 F.3d 1185; 2003 U.S. App. LEXIS 12732 (10th Cir. 2003) (ineffective assistance of counsel, defendant prejudiced and sentence vacated even though defendant did not receive *significantly* greater sentence as a result of counsel's omissions).

[29] *United States v. Grammas*, 376 F.3d 433; 2004 U.S. App. LEXIS 13686 (5th Cir. 2004) (prejudice in the context of a claim of ineffective assistance of counsel established by reasonable probability that, but for counsel's errors, the defendant would have received a lesser sentence, even where defendant could have received precisely the same sentence under the guidelines); *United States v. Stricklin*, 290 F.3d 748; 2002 U.S. App. LEXIS 9118 (5th Cir. 5-1-02) (ineffective assistance of counsel; defendant prejudiced thereby where counsel failed to object to composition and quantity drug "mixture or substance" s used to determine relevant conduct for sentencing); *United States v. Smack*, 2003 U.S. App. LEXIS 21746 (3rd Cir. 10-24-03) (same); *United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996) ("The failure to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel") (collecting cases); *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (same); *United States v. Acklen*, 47 F.3d 739, 743 (5th Cir. 1995) (same); *United States v. Headley*, 923 F.2d 1079, 1083-84 (3rd Cir. 1991) (same); *Spearman v. United States*, 860 F.Supp. 1234, 1244-

Since 1-12-05, when the Guidelines were determined to be "advisory" in *United States v.*

*Booker*, 543 U.S. 220, 125 S. Ct. 738; 160 L. Ed. 2d 621; 2005 U.S. LEXIS 628 (1-12-05), the

*Strickland* test, and case law supporting ineffective assistance of counsel at sentencing under the

Guidelines, remains valid for determining "prejudice" for counsel's acts and omissions with

respect to sentencing. This is because there can still be a "reasonable probability" that the Court

---

46 (E.D. Mich. 1994 ) (failure to provide grounds for potential downward departure under guidelines ineffective assistance); *Nichols v. United States*, 75 F.3d 1137 (7th Cir. 1996) (unprofessional failure to challenge relevant conduct as violative of U.S.S.G. § 1B1.3 prejudiced defendant within the meaning of *Strickland*); *United States v. Londono*, 1998 U.S. App. LEXIS 7482 (10th Cir. 1997) (unprofessional failure to challenge enhancement for "leadership role" prejudiced defendant within the meaning of *Strickland*); *United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990) (ineffective assistance of counsel and defendant prejudiced due to counsel's failure to object to probation officer's recommendation that no downward adjustment be made in defendant's sentence for acceptance of responsibility); *United States v. De La Fuente*, 8 F.3d 1333 (9th Cir. 1993) (counsel's performance below objective standard and defendant prejudiced where counsel failed to move for or make proper argument for departure); *United States v. Soto*, 132 F.3d 56, 58 (D.C. Cir. 1997) (failure to request a downward departure at sentencing may constitute ineffective assistance of counsel). It should be noted that an "overlap" between the correct and an incorrectly applied guideline sentencing range "renders a sentencing error unreviewable only if the district court, at the time of sentencing, states unequivocally that it would impose the same sentence with or without the challenged calculation." *United States v. Alaniz*, 351 F.3d 365; 2003 U.S. App. LEXIS 24729 (8th Cir. 2003); *United States v. Rodriguez-Razo*, 962 F.2d 1418, 1423-24 (9th Cir. 1992) (where Guidelines ranges overlap, record must show that sentence would be the same at either offense level to avoid remand if enhancement was erroneously applied); *United States v. Brown*, 316 F.3d 1151; 2003 U.S. App. LEXIS 962 (10th Cir. 2003) ("Where the sentencing error caused an increase in the applicable adjustment level, 'the fact that guideline ranges overlap does not make a plain error harmless.'"); *United States v. Osuna*, 189 F.3d 1289, 1294 (10th Cir. 1999) (on plain error review, reversing when the district court erroneously applied a guidelines range of 51-63 months rather than the correct (and overlapping) range of 46-57 months); *United States v. Knight*, 266 F.3d 203, 208 (3rd Cir. 2001) (noting that "the application of an incorrect guideline range resulting in a sentence that is also within the correct range affects substantial rights") (collecting cases) (quotations omitted); *United States v. Pielago*, 135 F.3d 703, 714, n.1 (11th Cir. 1998) (Kravitch, J., concurring in part and dissenting in part) (prejudice established when actual sentence of 140 months based on erroneous use of offense level with range of 135-168 months was within the range of correct sentence range of 121-151 months "because the district court did not clearly state that it would have imposed" the same sentence were the correct sentencing range applied); *United States v. Grammas*, 376 F.3d 433; 2004 U.S. App. LEXIS 13686 (5th Cir. 2004) (prejudice in the context of a claim of ineffective assistance of counsel established by reasonable probability that, but for

would have followed the Guidelines and/or case law construing the Guidelines and made a downward adjustment under advisory guidelines even though the Court wasn't, and isn't, "required" to grant the downward adjustment and even though the Court had discretion to impose some other sentence.[30]

In the instant case, Mr. Robak has made specific, sworn, factual allegations, in the Statement of Claim of his Section 2255 motion, that he was prejudiced by the objectively unreasonable performance of counsel in the sentencing and direct appeal process, when counsel failed to object to, or appeal, the enhancement of Mr. Robak's sentence for obstruction of justice based on conduct for which he was separately convicted. These allegations include the following:

> 21.) When the Presentence Report was prepared, the Probation Officer recommended finding a Total Offense Level 40 and a Criminal History I with a guideline sentencing range of 292-365 months incarceration with no statutory mandatory minimum. The Total Offense Level included 2 points enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on the conduct for which he was convicted in Count 4. The Total Offense Level did not include any downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. (Appendix, Exhibits A) (Presentence Report, lines 132-137, 226-234, 285-293, 327-348)

---

counsel's errors, the defendant would have received a lesser sentence, even where defendant could have received precisely the same sentence under the guidelines).

[30] *Ballard v. United States*, 400 F.3d 404; 2005 U.S. App. LEXIS 4002 (6th Cir. 2005); *United States v. Hayes*, 2005 U.S. Dist. LEXIS 18309 (ED LA 8-24-05); *United States v. White*, 371 F. Supp. 2d 378; 2005 U.S. Dist. LEXIS 10355 (WD NY 2005); *United States v. Booth*, 2005 U.S. App. LEXIS 28896 (3rd Cir. 12-29-05); *Burley v. Cabana*, 818 F.2d 414 (5th Cir. 1987) (trial counsel was ineffective for failing to inform judge of available sentencing alternatives for youth because there was a reasonable probability that the trial judge would not have imposed life had it known of the alternatives, even though the court could still have imposed the same life sentence); *United States v. Castro*, 26 F.3d 557; 1994 U.S. App. LEXIS 16934 (5th Cir. 1994) (ineffective assistance of counsel for deprivation of opportunity to have a sentencing court exercise its discretion in a defendant's favor); *Shushansky v. United States*, 1994 U.S. Dist. LEXIS 18589 (ED NY 1994) (same); *United States v. Donn*, 661 F.2d 820; 1981 U.S. App. LEXIS 15876 (9th Cir. 1981) (ineffective assistance of counsel for failure to challenge prejudicial information in Presentence Report, even though the court had full discretion under the 'old law' to impose the same sentence irregardless of the reliability of the information).

* * * * * * * * *

23.)    On 5-5-06, Mr. Robak was sentenced to 240 months incarceration for violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) (conspiracy to distribute 3,4-Methylenedioxymethamphetamine from "approximately 1999, and continuing until in or about August, 2004") (Count 1); 18 U.S.C. § 1956(h) (conspiracy to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States; that is, Canada, with the intent to promote the carrying on of a specified unlawful activity, that is, an agreement to distribute a controlled substance from "approximately 1999, and continuing until in or about August, 2004") (Count 2); 18 U.S.C. § 1623(a) (materially false declarations under oath on or about 9-2-04) (Count 4). This sentence represented a Total Offense Level 40 and a Criminal History I with a guideline sentencing range of 292-365 months incarceration with a downward variance of 55 months. It reflected 2 points enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on the conduct for which he was convicted in Count 4. The Total Offense Level did not include any downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. (Appendix, Exhibits A, Exhibits B, Exhibits C)

* * * * * * * * *

## CLAIM NUMBER ONE

29.)    Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.

30.)    Mr. Robak's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the sentencing and direct appeal process as hereinafter more fully appears.

31.)    Counsel could have but did not object to, or appeal, the enhancement of Mr. Robak's sentence for obstruction of justice based on conduct for which he was separately convicted

32.)    Counsel's omissions set forth in ¶31 were based on an incomplete investigation of the law relevant to Mr. Robak's sentencing process.

33.)    Counsel could have but did not investigate case law which holds that application of U.S.S.G. § 3C1.1 to actions for which a defendant was separately convicted constitutes "double counting".

34.)    Counsel's omissions set forth in ¶¶31-33 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Robak during the sentencing process.

35.)    Counsel's omissions set forth in ¶¶31-33 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause during the sentencing process.

36.)    Mr. Robak was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶31-35 because, absent said omissions, there is a reasonable probability that the outcome of his sentencing process would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that he would not have received 2 points upward adjustment under U.S.S.G. § 3C1.1 for obstruction of justice for conduct for

which he was separately convicted in Count 4. Alternatively, had counsel argued on direct appeal that Mr. Robak's sentence was unlawfully enhanced for obstruction of justice based on conduct for which he was separately convicted in Count 4, there is a reasonable probability that the Court of Appeals would have vacated his sentence and remanded for resentencing without enhancement for obstruction of justice.[31]

37.)    Mr. Robak was prejudiced from the unprofessional omissions of counsel, set forth in ¶¶31-35 because said omissions undermine confidence in the reliability of his sentencing process.

(Statement of Claim ¶¶21, 23, 29-37)

It is well settled law that an enhancement under U.S.S.G. § 3C1.1 for obstruction of justice should not be applied if the defendant was separately convicted for the conduct underlying the obstruction of justice enhancement. *United States v. Lloyd*, 947 F.2d 339; 1991 U.S. App. LEXIS 24763 (8th Cir. 1991); *United States v. Clark*, 316 F.3d 210; 2003 U.S. App. LEXIS 216 (3rd Cir. 2003)

In Mr. Robak's case, as set forth above, he was separately convicted for the conduct underlying the obstruction of justice enhancement. (Appendix, Exhibits A) (Presentence Report, lines 132-137, 226-234, 285-293, 327-348) In spite of the fact that this enhancement was patently unlawful, counsel made no objection to the enhancement and did not raise the issue on direct appeal.

Based on the foregoing facts and law, Mr. Robak has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00). *See United States v. Lloyd*, 947 F.2d 339;

---

[31] While Mr. Robak did receive a downward departure, it is well settled law that the starting point for a downward departure must be lawful. *United States v. Burnett*, 66 F.3d 137; 1995 U.S. App. LEXIS 26013 (7th Cir. 1995)

1991 U.S. App. LEXIS 24763 (8th Cir. 1991); *United States v. Clark*, 316 F.3d 210; 2003 U.S. App. LEXIS 216 (3rd Cir. 2003)

This is because Mr. Robak has pleaded and provided competent evidence that, absent counsel's unprofessional acts and/or omissions, there is a reasonable probability the outcome of the sentencing processs would have been different, a probability sufficient to "undermine confidence" in the outcome.

Based on all of the foregoing, Mr. Robak respectfully asks this Honorable Court to **ORDER** an evidentiary hearing in which he can be allowed to prove his case.

### 1B2.) Mr. Robak Was Prejudiced By The Objectively Unreasonable Performance Of Counsel During The Plea, Trial, And Sentencing Process When Counsel Failed To Advise Him To Proceed To A Bench Trial On Stipulated Facts

Mr. Robak has made specific, sworn, factual allegations, in the Statement of Claim of his Section 2255 motion, that he was prejudiced by the objectively unreasonable performance of counsel during the plea, trial, and sentencing process when counsel failed to advise him to proceed to a bench trial on stipulated facts. These allegations include the following:

> 10.) Prior to trial and during the plea process, counsel advised Mr. Robak to proceed to a jury trial without first fully advising Mr. Robak as to material facts, circumstances, and laws involved as hereinafter more fully appears.
>
> 11.) At no time prior to Mr. Robak's trial was he ever advised by counsel that he could obtain appellate review of the denial of his motion to suppress and the sufficiency of evidence, while still obtaining a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility, by proceeding to a bench trial on stipulated facts, while preserving his legal issue for appellate review.
>
> 12.) At no time prior to Mr. Robak's trial was he ever advised by counsel that, if he proceeded to a bench trial on stipulated facts, he would *not* waive his right to raise *any* defenses at his sentencing; he would still be able to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors.

* * * * * * * * * *

### CLAIM NUMBER THREE

> 67.) Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.
>
> 68.) Mr. Robak's sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the plea, trial, and sentencing process as hereinafter more fully appears.
>
> 69.) Prior to trial and during the plea process, counsel could have but did not fully inform themselves and Mr. Robak as to all facts relevant to the determination whether to proceed to a jury trial or, instead, to move for a bench trial on stipulated facts.
>
> 70.) Counsel could have but did not fully advise Mr. Robak as to the requirements for obtaining a reduction in his sentence for "acceptance of responsibility".

71.)    Counsel could have but did not advise Mr. Robak that if he proceeded to a jury trial in federal court, he had only about 1 chance in 7, and probably substantially less chance than that, of walking out of court free.[32]

72.)    Counsel could have but did not fully advise Mr. Robak that he could obtain appellate review of the denial of his motion to suppress, while still obtaining a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility, by proceeding to a bench trial on stipulated facts, while preserving his legal issue for appellate review.

73.)    Counsel could have but did not fully advise Mr. Robak that, if he proceeded to a bench trial on stipulated facts, he would *not* waive his right to raise *any* defenses at his sentencing; he would still be able to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors.

74.)    Counsel's acts and omissions set forth in ¶¶69-73 were due to an incomplete investigation of the law relevant to Mr. Robak's determination whether to proceed to a bench or jury trial.

75.)    Counsel could have but did not investigate case law such as *United States v. Villasenor,* 114 F.3d 970; 1997 U.S. App. LEXIS 13605 (9th Cir. 1997) (affirming 2 levels reduction in sentence for acceptance of responsibility after bench trial on stipulated facts); *United States v. Rogers,* 129 F.3d 76; 1997 U.S. App. LEXIS 29784 (2nd Cir. 1997) (same); *United States v. Ryan,* 964 F. Supp. 526; 1997 U.S. Dist. LEXIS 6987 (D MA 1997) (same).

76.)    Counsel could have but did not investigate the plain language of U.S.S.G. § 3E1.1, Commentary, Application Note 2, which provides in relevant part:

> 2. ... Conviction by trial ... does not automatically preclude a defendant from consideration for such a reduction. ... a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, Commentary, Application Note 2.

77.)    In actual fact, Mr. Robak was not even aware that he had any other option but to either proceed to jury trial or plead guilty and, by pleading guilty, lose his chance to appeal the denial of his motion to suppress.

78.)    If, prior to advising Mr. Robak to proceed to a jury trial, counsel had conducted an independent investigation of the facts, circumstances, pleadings

---

[32] See the U.S. Department of Justice, "Compendium of Federal Justice Statistics", Chapter 3, page 39 (1997).

and laws involved in Mr. Robak's case, they would have advised Mr. Robak to instead move for a bench trial on stipulated facts.

79.)    The advice received from counsel regarding whether to a jury trial or bench trial on stipulate facts was so incorrect and so insufficient that it undermined Mr. Robak's ability to make a voluntary and intelligent choice among the alternative courses of action open to him.

80.)    Based on the facts set forth in ¶¶69-79, Counsel's performance in the plea, trial, and sentencing process fell below the objective standard of reasonableness required by the Sixth Amendment.

81.)    Based on the facts set forth in ¶¶69-79, Mr. Robak's decision to proceed to a jury trial was not a voluntary and intelligent choice among the alternative courses of action open to him.

82.)    Counsel's omissions set forth in ¶¶69-79 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Robak during the plea, trial, and sentencing process.

83.)    Counsel's omissions set forth in ¶¶69-79 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause during the plea, trial, and sentencing process.

84.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, absent said performance, there is a reasonable probability that Mr. Robak would have moved for a bench trial on stipulated facts and would have proceeded to a bench trial on stipulated facts instead of a jury trial on contested facts.

85.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, had he proceeded to a bench trial on stipulated facts, he could have preserved a challenge to the admissibility of the evidence and retained eligibility for a reduction in his sentence under U.S.S.G. § 3E1.1 while, at the same time, retaining his ability to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors.

86.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, absent said performance, Mr. Robak would have received a reduction in his sentence under U.S.S.G. § 3E1.1 for acceptance of responsibility.

(Statement of Claim ¶¶10-12, 67-86)

Where a criminal defendant proceeds to a bench trial on stipulated facts, he is not precluded from obtaining a reduction in his sentence under U.S.S.G. § 3E1.1 for acceptance of responsibility. *United States v. Villasenor*, 114 F.3d 970; 1997 U.S. App. LEXIS 13605 (9th Cir.

1997) (affirming a 2 levels reduction in sentence for acceptance of responsibility after bench trial on stipulated facts); *United States v. Rogers*, 129 F.3d 76; 1997 U.S. App. LEXIS 29784 (2nd Cir. 1997) (same); *United States v. Ryan*, 964 F. Supp. 526; 1997 U.S. Dist. LEXIS 6987 (D MA 1997) (same).

While Mr. Robak did challenge his factual guilt at the jury trial, the real reason Mr. Robak proceeded to jury trial was because counsel affirmatively misadvised him that he had no options but to plead guilty or proceed to jury trial as well as because he wanted appellate review of the District Court denial of his motion to suppress and the sufficiency of the evidence. Since counsel was unable to obtain any kind of a favorable deal or plea agreement, counsel could have and should have advised Mr. Robak that he could proceed to a "bench trial" on "stipulated facts", with the sole purpose of obtaining appellate review of the constitutionality of the admission of evidence and the sufficiency of the evidence. This would have enabled Mr. Robak to both preserve a challenge to the admissibility and sufficiency of the evidence and, at the same time, to still retain eligibility for a reduction in his sentence under U.S.S.G. § 3E1.1 for "acceptance of responsibility".

Since Mr. Robak was never advised of these options prior to his decision to proceed to a jury trial, counsel was clearly ineffective and Mr. Robak was prejudiced by the loss of the opportunity to obtain the reduction in his sentence due to ineffective assistance of counsel. *United States v. Blaylock*, 20 F.3d 1458, 1467 [n. 5] (9th Cir. 1994) (ineffective assistance of counsel where defendant denied reduction for acceptance of responsibility as a result of proceeding to jury trial); *United States v. Estes*, 1998 U.S. App. LEXIS 31866 (9th Cir. 12-17-98) (same); *United States v. Garrett*, 90 F.3d 210; 1996 U.S. App. LEXIS 17621 (7th Cir. 1996)

(ineffective assistance of counsel when defendant denied reduction for acceptance of responsibility due to insufficient sentencing advice).

Based on the foregoing facts and law, Mr. Robak has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001).

Based on all of the foregoing, Mr. Robak respectfully asks this Honorable Court to **ORDER** an evidentiary hearing in which he can be allowed to prove his case.

### 1B3.) Mr. Robak Was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Trial, Sentencing, And Direct Appeal Process

Even where no *single* error by counsel is sufficient to vacate the sentence of the defendant, prejudice may result from the cumulative impact of multiple deficiencies or errors by counsel during the trial process. *Mathews v. Abramajtys,* 2003 U.S. App. LEXIS 2187; 2003 FED App. 0045P (6th Cir. 2003) (affirming in part *Mathews v. Abramajtys,* 2000 U.S. Dist. LEXIS 4635 (E.D. Mich. 4-11-00)).[33]

In Mr. Robak's case, as set forth in the foregoing arguments and in the Statement of Claim of his Section 2255 motion, counsel's performance was below the objective standard required by the Constitution in multiple areas. While Mr. Robak respectfully submits that each of the multiple professionally unreasonable acts and omissions of counsel prejudiced him within the meaning of *Strickland,* he was clearly prejudiced by the cumulative impact of the multiple deficiencies and errors.

Based on the foregoing facts and law, Mr. Robak has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland v. Washington,* 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) and *United States v. Glover,* 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and *Williams v. Taylor,* 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00), due to the "multiplicity of errors" which

---

[33] See also *United States v. Russel,* 2002 U.S. App. LEXIS 9538 (4th Cir. 5-20-02) (vacating denial of motion pursuant to 28 U.S.C. § 2255 and remanding on claim of cumulative error of counsel); *Killian v. Poole,* 282 F.3d 1204; 2002 U.S. App. LEXIS 3887 (9th Cir. 2001); *Johnson v. Newland,* 1999 U.S. Dist. LEXIS 427 (ND Cal. 1-15-99); *United States v. Van Dyke,* 14 F.3d 415, 417-424 (8th Cir. 1994); *Harris By and Through Ramseyer v. Blodgett,* 853 F.Supp. 1239 (W.D. Wash. 1994); *Harris v. Wood,* 64 F.3d 1432 (9th Cir. 1995); *Mak v. Blodgett,* 970 F.2d 614; 1992 U.S. App. LEXIS 15964 (9th Cir. 1992); *United States v. Ramsey,* 323 F. Supp. 2d 27; 2004 U.S. Dist. LEXIS 12462 (D DC 2004) (granting new trial due to multiple deficiencies of counsel).

denied Mr. Robak his Sixth Amendment constitutional right to effective assistance of counsel during the trial, sentencing, and direct appeal process. *Id.*

Based on all of the foregoing, Mr. Robak respectfully asks this Honorable Court to **ORDER** an evidentiary hearing in which he can be allowed to prove his case.

**2.)    MR. ROBAK'S PLEA OF NOT GUILTY, CONVICTION AND SENTENCE ARE VIOLATIVE OF THE SIXTH AMENDMENT.**

The two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).[34] The *Strickland* test has, however, been modified by *Hill v. Lockhart* to evaluate challenges to guilty pleas based on ineffective assistance of counsel in the plea process. *Id.* 474 U.S. at 56-60, 88 L.Ed.2d at 208-211.[35]

As the Courts have noted, "the decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case ... [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision." *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998); *United States v. Grammas*, 376 F.3d 433; 2004 U.S. App. LEXIS 13686 (5th Cir. 2004) (same).

---

[34] *Accord: Hill v. Lockhart*, 877 F.2d 698, 702-703 (8th Cir.), *affirmed*, 894 F.2d 1009, 1010 (1990)(en banc); *United States v. Streater*, 70 F.3d 1314 (D.C. 1995); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988); *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986); *Risher v. United States*, 992 F.2d 982, 984 (9th Cir. 1993).

[35] See also *United States v. Streater*, 70 F.3d 1314 (D.C. 1995); *Betancourt v. Willis*, 814 F.2d 1546, 1548-49 (11th Cir. 1987) (same*); United States v. Loughery*, 908 F.2d 1014, 1018 (D.C. Cir. 1990) (same); *Turner v. State of Tennessee*, 664 F.Supp. 1113, 1117-22 (M.D. Tenn. 1986), affirmed 858 F.2d 1201, 1206 and [n. 11] (6th Cir.), *vacated on other grounds*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), *remanded*, 883 F.2d 38 (6th Cir.), *reinstated as modified*, 726 F.Supp. 1113, *affirmed as modified*, 940 F.2d 1000 (6th Cir.), *cert. denied*, -U.S. 112 S.Ct. 915, 116 L.Ed.2d 815 (1992) (same); *Ostrander v. Green*, 46 F.3d 347 (4th Cir. 1995) ("There is a significant difference between the tests. Under *Strickland*, the defendant shows prejudice if, but for counsel's poor performance, there is a reasonable probability that the outcome of the entire proceeding would have been different. Under *Hill*, the defendant must show merely that there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial."); *Jiles v. United States*, 2003 U.S. App. LEXIS 17091 (7th Cir. 8-18-03) (proof of "factual innocence" not relevant to question whether defendant received effective assistance of counsel in the plea process)

**2A.)    Mr. Robak's Plea Was Not A Voluntary And Intelligent Choice Among The Alternative Courses Of Action Open To Him Because The Performance Of His Counsel Fell Below An Objective Standard Of Reasonableness During The Plea Process.**

In the context of pleas of guilty, the first half of the *Strickland / Hill* test determines whether the plea was a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill*, 474 U.S. at 56-59.[36] In applying this test, the court should ask whether counsel fully informed himself and the defendant as to all facts and law material to the plea. If the pleadings and evidence establish a negative answer to this question, the plea was not a voluntary and intelligent choice among the alternative courses of action open to the defendant, and counsel's performance falls below the objective standard of *Strickland / Hill*.[37]

---

[36] *See also United States v. Ali*, 186 F.3d 1; 1999 U.S. App. LEXIS 17734 (1st Cir. 1999) (same); *Finch v. Vaughn*, 67 F.3d 909, 916 (11th Cir. 1995) (same); *Loughery*, 908 F.2d at 1018 (same); *Hill v. Lockhart*, 877 F.2d at 702-703 (same); *United States v. Nahodil*, 36 F.3d 323, 326-27 (3rd Cir. 1994) (same); *Lewandowski v. Makel*, 949 F.2d 884, 887 (6th Cir. 1991) (same); *United States v. Guerra*, 1996 U.S. App. LEXIS 24982 (5th Cir. 9-25-96) (same); *Tyler v. United States*, 1999 U.S. App. LEXIS 13621 (6th Cir. 1999) ("Rejection of a plea offer must be voluntary in that the defendant must understand the terms of the proffered plea bargain and the consequences of rejecting it.") (collecting authorities).

[37] *See United States v. Herrera*, 412 F.3d 577; 2005 U.S. App. LEXIS 11061 (5th Cir. 6-10-05) (ineffective assistance of counsel in plea process where counsel estimated sentence 27 months less than actual sentence received); *United States v. Reyes*, 2002 U.S. App. LEXIS 11411 (5th Cir. 6-12-02) (ineffective assistance of counsel due to counsel's failure to object to the court's failure to explain guidelines during plea colloquy); *United States v. Gray*, 63 F.3d 57 (1st Cir. 1995) (Plea involuntary where defendant did not understand applicability of mandatory minimum); *United States v. McCoy*, 215 F.3d 102 (D.C. Cir. 2000) (But for counsel's deficient performance, defendant would not have pled guilty); *United States v. Loughery*, 908 F.2d 1014, 1018 (D.C. Cir. 1990) (counsel must not only "inform himself fully on the facts and law", but must also "thoroughly advise the client 'concerning all aspects of the case', and 'keep the client informed of developments in the case.'"); *Finch v. Vaughn*, 67 F.3d at 916 ("For a guilty plea to 'represent an informed choice' so that it is constitutionally 'knowing and voluntary,' the 'counsel must be familiar with the facts and law in order to advise the defendant ...The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis..."); *Hill v. Lockhart*, 877 F.2d at 703 (same) *Lewandowski v. Makel*, 949 F.2d 884, 887 (6th Cir. 1991) (same); *Iaea v. Sunn*, 800 F.2d at 865 (same); *Risher*, 992 F.2d at 983-84 (same); *United States v. Giardino*, 767 F.2d 30, 32 (1st Cir. 1986) (failure to inform defendant in plea process of factual defense below objective standard of *Strickland / Hill*); *United States v.*

This test is also applicable in cases where the defendant is alleging that counsel's incompetence caused him to proceed to trial instead of pleading guilty. The only difference here is that the defendant's decision to plead **not** guilty is **not** a voluntary and intelligent choice among the alternative courses of action available to the defendant and is therefore violative of the Sixth Amendment.[38]

---

*Gaviria*, 116 F.3d 1498 (D.C. Cir. 1997) (Counsel was ineffective for giving incorrect sentencing information in contemplation of plea); *United States v. Ali*, 186 F.3d 1; 1999 U.S. App. LEXIS 17734 (1st Cir. 1999) (plea involuntary where counsel improperly advised defendant he would be eligible for "Safety Valve" reduction if he pleaded guilty); *United States v. Davis*, 239 F.3d 283 (2nd Cir. 2001) (Counsel was ineffective by threatening to withhold services to encourage plea); *Magana v. Hofbauer*, 263 F.3d 542 (6th Cir. 2001) (Counsel misinformed defendant about effect of plea agreement); *United States v. Stephen*, 2002 U.S. App. LEXIS 21158 (4th Cir. 10-10-02) (plea involuntary if counsel affirmatively misadvised defendant he would receive a lesser sentence through plea of guilty).

[38] See *United States v. Jolley*, 2007 U.S. App. LEXIS 25334 (5th Cir. 2007); *United States v. Booth*, 432 F.3d 542; 2005 U.S. App. LEXIS 28896 (3rd Cir. 2005) (ineffective assistance of counsel in plea process where counsel failed to advise defendant he could plead guilty and obtain downward adjustment in sentence *without plea agreement with government*); *United States v. Stout*, 2006 U.S. App. LEXIS 5630 (10th Cir. 3-6-06) (misinformation as to admissibility of certain incriminatory evidence rendered decision to proceed to trial involuntary); *United States v. White*, 371 F. Supp. 2d 378; 2005 U.S. Dist. LEXIS 10355 (WD NY 2005) (failure to inform defendant of actual sentence exposure if he proceeded to trial, rendered counsel's performance below standard of *Strickland* and prevented plea of **not** guilty from being constitutionally intelligent decision); *Kates v. United States*, 930 F.Supp. 189, 192 (E.D. Pa. 1996) (same); *United States v. Grammas*, 376 F.3d 433; 2004 U.S. App. LEXIS 13686 (5th Cir. 2004) (same); *United States v. Gordon*, 156 F.3d 376 (2nd Cir. 1998) (same); *Mask v. McGinnis*, 28 F. Supp. 2d 122; 1998 U.S. Dist. LEXIS 17497 (S.D.N.Y. 1998) (same); *Alvernaz v. Ratelle*, 831 F.Supp. 790 (S.D. Cal. 1993) (same); *Carmichael v. United States*, 1998 U.S. Dist. LEXIS 20313 (D. Conn. 12-16-98) (same - resentencing defendant in claim of ineffective assistance of counsel in the plea process where defendant pleaded not guilty and counsel's advice during the plea process was limited to providing him with a copy of the federal sentencing guidelines); *Turner v. State of Tennessee*, 664 F.Supp. at 1120 (same) (collecting cases); *United States v. Day*, 969 F.2d 39, 43 (3rd Cir. 1992) (remanding for evidentiary hearing on claim of ineffective assistance of counsel in the plea process where defendant proceeded to trial without sufficient advice as to sentencing options if he pleaded guilty instead); *United States v. Blaylock*, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (counsel's failure to advise defendant as to facts material to plea decision prevented plea of *not* guilty from being a knowing and voluntary act within the meaning of the Sixth Amendment); *Pitcher v. United States*, 371 F. Supp. 2d 246; 2005 U.S. Dist. LEXIS 10314 (SD NY 2005) (attorney's comment that defendant had "winnable case" prevented plea of *not* guilty from being a knowing and voluntary act within the meaning of the Sixth Amendment); *United*

In the instant case, in the Statement of Claim in his § 2255. motion, Mr. Robak has pleaded specific, sworn, factual allegations to demonstrate that his plea was not a voluntary and intelligent choice among the alternative courses of action open to him. These allegations include:

### CLAIM NUMBER TWO

38.)    Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.

39.)    Mr. Robak's plea of not guilty, conviction, and sentence are violative of his Sixth Amendment constitutional right to effective assistance of counsel in the plea process as hereinafter more fully appears.

40.)    Prior to trial and during the plea process, counsel could have but did not fully inform themselves and Mr. Robak as to all facts relevant to the determination whether to plead guilty or not guilty and proceed to trial.

---

*States v. Busse,* 814 F.Supp. 760, 764-765 (E.D. Wis. 1993) (counsel's failure to advise defendant as to "impact" of sentencing guideline allowing reduction in offense level for "acceptance of responsibility" below objective standard of *Strickland / Hill* rendering plea of not guilty violative of the Sixth Amendment); *Boria v. Keane,* 99 F.3d 492 (2nd Cir. 1996) (counsel was ineffective in failing to advise client about wisdom of accepting plea bargain which would have substantially reduced sentence); *Paters v. United States,* 159 F.3d 1043 (7th Cir. 1998) (counsel ineffective for failure to advise defendant of facts and law material to decision whether to plead guilty or proceed to trial); *Smith v. United States,* 348 F.3d 545; 2003 U.S. App. LEXIS 22558 (6th Cir. 2003); *Tyler v. United States,* 1999 U.S. App. LEXIS 13621 (6th Cir. 1999). *Cf. United States v. Booth,* 2005 U.S. App. LEXIS 28896 (3rd Cir. 12-29-05) (failure to advise defendant he could plead guilty without plea agreement and potentially obtain downward adjustment for acceptance of responsibility prevented plea of not guilty from being constitutionally voluntary act); *United States v. Gaviria,* 116 F.3d 1498 (D.C. Cir. 1997) (Counsel was ineffective for giving incorrect sentencing information in contemplation of plea); *Slevin v. United States,* 1999 U.S. Dist. LEXIS 11430 (S.D.N.Y. 7-15-99) (granting evidentiary hearing on claim that plea of not guilty was unconstitutional because counsel was ineffective for giving incorrect sentencing information in contemplation of plea); *Wanatee v. Ault,* 39 F. Supp. 2d 1164; 1999 U.S. Dist. LEXIS 3520 (N.D. Iowa 3-22-99) (remanding case to Magistrate Judge for further factual development in claim of ineffective assistance of counsel in the plea process where counsel understated defendant's sentencing exposure if he proceeded to trial instead of pleading guilty); *Ingrao v. United States,* 1997 U.S. Dist. LEXIS 14407 (S.D.N.Y. 1997) (ordering evidentiary hearing on claim that plea of not guilty was violative of defendant's Sixth Amendment right to effective assistance of counsel in the plea process); *United States v. Hurtado,* 2003 U.S. App. LEXIS 7894 (2nd Cir. 4-24-03) (remanding for evidentiary hearing on claim that counsel failed to advise defendant the government was contemplating a superseding indictment if she did not plead guilty); *United States v. Lopez,* 2007 U.S. App. LEXIS 25225 (9th Cir. 2007) (Attorney's failure to advise defendant of "overwhelming" evidence while contemplating plea renders plea of not guilty involuntary).

41.)   Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that there was virtually no chance he could prevail at trial due to the overwhelming weight and quality of the government's evidence.

42.)   Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that if he proceeded to trial in federal court, he had only about 1 chance in 7, and probably substantially less chance than that, of walking out of court free.[39]

43.)   Counsel's failures set forth in ¶¶40-42 were due to an incomplete factual investigation as to the overwhelming amount and quality of evidence available to the United States to use against Mr. Robak.

44.)   Counsel's failures set forth in ¶¶40-42 were due to an incomplete factual investigation as to the government's actual conviction rate after federal criminal trials.

45.)   Prior to trial and during the plea process, counsel could have but did not fully advise Mr. Robak as to the law relevant to the determination whether to plead guilty or not guilty and proceed to trial.

46.)   Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that he could plead guilty without an 'offer' or 'deal' or 'plea agreement' with the government. While the 'straight up' plea of guilty could have been rejected by the Court under certain limited circumstances[40], it was extremely unlikely that the Court would have done so in his case.

47.)   Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak of the *potential opportunity* to plead guilty pursuant to a "conditional" plea agreement under Federal Rule of Criminal Procedure 11(a)(2), whereby he would plea guilty but retain the right to appeal the denial of his motion to suppress to the Court of Appeals.

48.)   Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that, if he tendered a timely plea of guilty, he could likely obtain a 3-points reduction in his offense level under U.S.S.G. § 3E1.1 for "acceptance of responsibility".

49.)   Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that if he pleaded guilty he would *not* waive his right to raise *any* defenses at his sentencing; he would still be able to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors. Counsel could have but did not explain that a timely plea of guilty would

---

[39] See the U.S. Department of Justice, "Compendium of Federal Justice Statistics", Chapter 3, page 39 (1997).

[40] See *United States v. Shepard*, 322 U.S. App. D.C. 160; 102 F.3d 558 (D.C. Cir. 12-6-96) (citing *United States v. Maddox*, 48 F.3d 555, 556-558 (D.C. Cir. 1995) and *Santobello v. New York*, 404 U.S. 257, 260-262 (1971) and *United States v. Jackson*, 390 U.S. 570, 584 (1968) and *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973); *Harris v. United States*, ___ F.3d ___, 1998 U.S. App. LEXIS 20715 (11th Cir. 8-13-98) (Court accepted plea of guilty precluding enhancement to sentence under 21 U.S.C. § 851 even when government "didn't know [defendant] was going to enter a plea")

have made additional, far more useful and powerful defenses available for Mr. Robak at sentencing than he had by proceeding to trial.

50.)    Counsel's acts and omissions set forth in ¶¶44-50 were due to an incomplete investigation of the law relevant to Mr. Robak's determination whether to plead guilty or not guilty and proceed to trial.

51.)    Counsel could have but did not investigate case law such as *United States v. Shepard,* 322 U.S. App. D.C. 160; 102 F.3d 558 (D.C. Cir. 12-6-96) and *United States v. Maddox,* 48 F.3d 555, 556-558 (D.C. Cir. 1995) and *Santobello v. New York,* 404 U.S. 257, 260-262 (1971) and *United States v. Jackson,* 390 U.S. 570, 584 (1968) and *United States v. Ammidown,* 497 F.2d 615, 622 (D.C. Cir. 1973). This case law stands for the proposition that, while a Court *can* reject a knowing and voluntary plea of guilty, the circumstances in which the Court can do so are limited by both the concerns of the defendant and public policy.

52.)    Counsel could have but did not investigate U.S.S.G. § 3E1.1, Application Note 3 and case law construing this Application Note such as *United States v. Rogers,* 972 F.2d 489, 493 (2nd Cir. 1992) ("A defendant who pleads guilty is routinely afforded a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1") and *United States v. Speight,* 726 F.Supp. 861, 865 (D.C.D.C. 1989) (a timely plea of guilty constitutes "significant evidence of acceptance of responsibility").

53.)    In actual fact, Mr. Robak believed he could only plead guilty pursuant to a plea agreement with the government. His plea of not guilty was predicated in material part on his understanding from counsel that he could only plead guilty pursuant to a plea agreement with the government.

54.)    In actual fact, Mr. Robak believed that there was no significant advantage in pleading guilty instead of proceeding to trial. His plea of not guilty was predictated in material part on this understanding.

55.)    If, prior to advising Mr. Robak to plead *not* guilty, trial counsel had conducted an independent investigation of the facts, circumstances, pleadings and laws involved in Mr. Robak's case, they would have advised Mr. Robak to instead plead guilty either with or without a plea agreement.

56.)    Counsel's omissions set forth in ¶¶40-54 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Robak during the plea process.

57.)    Counsel's omissions set forth in ¶¶40-54 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause during the plea process.

58.)    The advice received from counsel regarding whether to plead guilty or not guilty was so incorrect and so insufficient that it undermined Mr. Robak's ability to make a voluntary and intelligent choice among the alternative courses of action open to him.

59.)    Based on the facts set forth in ¶¶40-58, Counsel's performance in the plea process fell below the objective standard of reasonableness required by the Sixth Amendment.

60.)    Based on the facts set forth in ¶¶40-58, Mr. Robak's plea of not guilty was not a voluntary and intelligent choice among the alternative courses of action open to him.

(Statement of Claim ¶¶38-60)

Based on the foregoing, together with the allegations of the paragraphs incorporated by reference and the supporting evidence in the Appendix of Exhibits, Mr. Robak's plea of **not guilty** was **not** a voluntary and intelligent choice among the alternative courses of action open to him and counsel's performance fell below the objective standard of *Strickland / Hill.*

Simply put, an attorney acting pursuant to the objective standard of the Sixth Amendment would have advised Mr. Robak as to all law relevant to his decision whether to plead guilty or whether to proceed to trial and would have advised Mr. Robak to enter a timely plea of guilty instead of proceeding to a trial where the result could only be a verdict of guilty.[41]

Based on all of the foregoing, this Court should find that Mr. Robak has stated a prima facie claim that his plea of **not guilty** was **not** a voluntary and intelligent choice among the alternative courses of action open to him and counsel's performance fell below the objective standard of *Strickland.*

---

[41] See *United States v. Lopez,* 2007 U.S. App. LEXIS 25225 (9th Cir. 2007) (Attorney's failure to advise defendant of "overwhelming" evidence while contemplating plea renders plea of not guilty involuntary)

71

**2B.)   Mr. Robak Was Prejudiced By The objectively Unreasonable Performance of Counsel During The Plea Process Because, Absent The Constitutionally Deficient Performance, There Is A Reasonable Probability He Would Have Pleaded Guilty Or Nolo Contendere Instead Of Proceeding To Trial.**

The second half of the *Strickland / Hill* test for ineffective assistance in the plea process,

the "prejudice requirement", requires a defendant to:

> ... show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."

*Hill v. Lockhart*, 474 U.S. at 57, 88 L.Ed.2d at 209.

More precisely, in the plea process:

> "The second or 'prejudice' requirement ... focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Id.* 474 U.S. at 59.[42] As in the determination of "prejudice" under the normal *Strickland* test, a

"reasonable probability" is "a probability sufficient to undermine confidence in the outcome."

*United States v. Loughery*, 908 F.2d 1014, 1018 (D.C. Cir. 1990) (citing and quoting *Strickland*,

466 U.S. at 694)[43]

---

[42] See also *Ostrander v. Green*, 46 F.3d 347 (4th Cir. 1995) ("There is a significant difference between the tests. Under *Strickland*, the defendant  shows prejudice if, but for counsel's poor performance, there is a reasonable probability that the outcome of the entire proceeding would have been different. Under *Hill*, the defendant must show merely that there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial."). *Cf. United States v. Gray*, 63 F.3d 57 (1st Cir. 1995) (prejudice established where defendant did not understand applicability of mandatory minimum).

[43] It should be noted that a defendant "need not prove with certainty, or even by a preponderance of the evidence, that the outcome would have been different absent his attorney's deficient performance." *Kates v. United States*, 930 F.Supp. 189, 192 [n. 2] (E.D. Pa. 1996)(*citing United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992); *Turner v. State of Tennessee*, 858 F.2d at 1206-07 and [n. 11] (same); *Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998) (same).

To establish "prejudice" sufficient to entitle him to an evidentiary hearing, the defendant must explicitly plead that but for "counsel's constitutionally ineffective performance" the defendant "would have pleaded not guilty and insisted on going to trial". *Hill*, 474 U.S. at 60.[44]

The defendant must also plead such facts and allegations that, if true, establish some objective evidence to support his allegations that, but for counsel's allegedly unprofessional failures, he would have pleaded not guilty and insisted on going to trial. *Hill*, 474 U.S. at 60[45]

---

[44] Courts construe this language to allow a defendant to plead "prejudice", in a claim of ineffective assistance of counsel in the plea process, by pleading or alleging "a reasonable probability" that, but for counsel's errors, he would have pleaded differently. *Paters v. United States*, 159 F.3d 1043; 1998 U.S. App. LEXIS 27932 *9, *12-13 (7th Cir. 1998); *Johnson v. Duckworth*, 793 F.2d 898, 902 [n. 3] (7th Cir. 1986) ("Johnson does not argue or allege in his brief, however, 'that there is a reasonable probability that, but for counsel's errors,' he would have accepted the plea agreement"); *Golden v. United States*, 35 F. Supp. 2d 664; 1999 U.S. Dist. LEXIS 6087 (ND IN 1999) (same - citing *Johnson v. Duckworth*); *United States v. Washington*, 1996 U.S. App. LEXIS 24837 (4th Cir. 1996) (claim of ineffective assistance of counsel in the plea process denied because, "*Washington does not allege, that there is a reasonable probability* that he would not have pleaded guilty and would have insisted on going to trial without counsel's alleged errors.") (emphasis added).

[45] *See Hill v. Lockhart*, 474 U.S. at 60 ("special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty"); *Hill v. Lockhart*, 877 F.2d at 703-704 (time to serve in prison, after proceeding to trial and losing -- but obtaining likely sentence commutation -- would have been less than minimum time to serve before parole release under guilty plea); *Holmes v. United States*, 876 F.2d 1545, 1551-52 (11th Cir. 1989)(age at time of plea to non-paroleable sentence indicated that "he would have risked trial, rather than agree to what likely amount[ed] to a life sentence"); *United States v. Taylor*, 139 F.3d 924 (D.C. Cir. 1998) (potential validity of advice of counsel defense supported claim defendant would have proceeded to trial if he had been fully advised as to the law); *Iaea v. Sunn*, 800 F.2d at 865 (evidence was that petitioner "was reluctant to plead guilty"); *Nahodil*, 36 F.3d at 326-27 (same); *Chizen v. Hunter*, 809 F.2d 560, 563 (9th Cir. 1986)(evidence was that petitioner moved to withdraw guilty plea "as soon as [he] learned that the sentence imposed by the trial judge was different than the one he thought he bargained for"); *Giardino*, 797 F.2d at 32 (attorney's false statements as to available defense were material to decision whether to plead or go to trial); *United States v. Streater*, 70 F.3d 1314 (D.C. 1995) (same); *Loughery*, 908 F.2d at 1018 ("confidence undermined "that defendant would have pleaded guilty when uncommunicated Supreme Court decision reduced potential risk of proceeding to trial); *Spearman v. United States*, 860 F.Supp. 1234, 1243-44 (E.D. Mich. 1994) (plea agreement "illusory" as to value to defendant); *Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998)(affidavits by family that defendant was misadvised as to facts and law relevant to decision whether to plead guilty or proceed to trial); *United States v. Ali*, 186 F.3d 1; 1999 U.S. App.

Where a defendant is alleging that counsel's incompetence caused him to proceed to trial, instead of pleading guilty, the same test applies.[46] The only difference in this situation is that the defendant must plead "that he would have accepted the plea" of guilty, then provide some objective evidence to support such allegation.[47]

---

LEXIS 17734 (1st Cir. 1999) (defendant prejudiced where record demonstrated that counsel improperly advised defendant he would be eligible for "Safety Valve" reduction if he pleaded guilty). *But see Tyler v. United States*, 1999 U.S. App. LEXIS 13621 (6th Cir. 1999) (remanding for evidentiary hearing where facially valid constitutional claim supported *solely* by an affidavit in which defendant stated under oath that he "informed counsel his unambiguous intention to ACCEPT [sic] the 14 years instead of the 'life' sentence."); *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir 2003) (rejecting requirement for "additional objective evidence" beyond allegation that, but for counsel's misadvice, the defendant would have pleaded differently); *Smith v. United States*, 2003 U.S. App. LEXIS 22558 (6th Cir. 11-3-03) (same).

[46] *United States v. Grammas*, 376 F.3d 433; 2004 U.S. App. LEXIS 13686 (5th Cir. 2004) ; It should be noted that, where ineffective assistance of counsel in the plea process resulted in a defendant's unconstitutionally counseled decision to proceed to trial, such as in cases where the attorney failed to advise a defendant as to material facts or law relevant to his decision to plead guilty or proceed to trial, it is well settled law that a subsequent fair trial does not remedy the deprivation. *United States v. Blaylock*, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (citing *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 438 (3rd Cir. 1982); *Alvernaz v. Ratelle*, 831 F.Supp. 790, 797-99 (S.D. Cal. 1993) (granting specific performance of original plea offer) (citing cases); *Turner v. Tennessee*, 858 F.2d 1201, 1208 (6th Cir. 1988) (requiring reinstatement of the original plea offer unless the prosecution can show nonvindictive reasons for withdrawing the offer); *Smith v. United States*, 348 F.3d 545; 2003 U.S. App. LEXIS 22558 (6th Cir. 2003); *Tyler v. United States*, 1999 U.S. App. LEXIS 13621 (6th Cir. 1999).

[47] *United States v. Booth*, 432 F.3d 542; 2005 U.S. App. LEXIS 28896 (3rd Cir. 2005) (counsel's failure to advise defendant he could plead guilty and obtain downward adjustment in sentence without plea agreement with government prejudiced defendant where he likely could have obtained downward adjustment under U.S.S.G. § 3E1.1 for plea of guilty); *United States v. Gordon*, 156 F.3d 376 (2nd Cir. 1998) (substantial difference between sentence received after trial and sentence potentially available had defendant pleaded guilty constitutes "**objective evidence**" supporting claim that defendant would have pleaded guilty with competent legal advice); *Mask v. McGinnis*, 28 F. Supp. 2d 122; 1998 U.S. Dist. LEXIS 17497 (S.D.N.Y. 1998) (same); *Wanatee v. Ault*, 39 F. Supp. 2d 1164; 1999 U.S. Dist. LEXIS 3520 (N.D. Iowa 3-22-99) (same); *Carmichael v. United States*, 1998 U.S. Dist. LEXIS 20313 (D. Conn. 12-16-98) (same); *Ingrao v. United States*, 1997 U.S. Dist. LEXIS 14407 (S.D.N.Y. 1997) (same); *Slevin v. United States*, 1999 U.S. Dist. LEXIS 11430 (S.D.N.Y. 7-15-99) (same); *United States v. Mendoza*, 1999 U.S. App. LEXIS 18794 (9th Cir. 1999) (same); *Kates v. United States*, 930 F.Supp. 189, 192 (E.D. Pa. 1996) (failure to inform defendant of substantial difference in sentence if he proceeded to trial, prejudiced defendant by increased sentence requiring resentencing); *Alvernaz v. Ratelle*, 831 F.Supp. 790 (S.D. Cal. 1993) (same); *United States v. Day*, 969 F.2d 39, 43 (3rd

In the instant case, in his Statement of Claim in his § 2255 motion, Mr. Robak, has

pleaded specific, sworn, factual allegations to demonstrate "prejudice" from counsel's deficient

performance during the plea process. These allegations include:

> 13.)    Prior to trial and during the plea process, counsel advised Mr.
> Robak to stand trial without first conducting an independent investigation of the
> facts, circumstances, pleadings and laws involved as hereinafter more fully
> appears.
>
> 14.)    At no time prior to Mr. Robak's arraignment was he ever advised
> by counsel that he could likely obtain a reduction in his sentence for "acceptance
> of responsibility" if he timely pleaded guilty and demonstrated remorse instead of
> pleading not guilty.
>
> 15.)    Mr. Robak was affirmatively misadvised that he could only obtain
> a benefit to his sentence if the government offered him a "plea agreement".
>
> 16.)    Mr. Robak was affirmatively misadvised that he could only obtain
> a benefit to his sentence if he cooperated with the government in the investigation
> or prosecution of another person who has committed an offense.
>
> 17.)    At no time prior to Mr. Robak's arraignment was he ever advised
> by counsel that, if he pleaded guilty, he would *not* waive his right to raise *any*
> defenses at his sentencing; he would still be able to challenge his relevant
> conduct, his criminal history, and other sentencing factors such as whether he was

---

Cir. 1992) (same); *Turner v. State of Tennessee*, 664 F.Supp. at 1120 (same); *United States v. Blaylock*, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (counsel's failure to advise defendant as to facts material to plea decision prevented plea of **not** guilty from being a knowing and voluntary act within the meaning of the Sixth Amendment; objective evidence supported prejudice because substantial difference between sentence received and potential sentence available through plea of guilty); *United States v. Busse*, 814 F.Supp. 760, 764-765 (E.D. Wis. 1993) (counsel's failure to advise defendant as to "impact" of sentencing guideline allowing reduction in offense level for "acceptance of responsibility" below objective standard and prejudiced defendant within the meaning of *Strickland / Hill*); *Boria v. Keane*, 99 F.3d 492 (2nd Cir. 1996) (counsel was ineffective and objective evidence of prejudice demonstrated where counsel failed to advise client about wisdom of accepting plea bargain which would have substantially reduced sentence); *Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998) (counsel ineffective for failure to advise defendant of facts and law material to decision whether to plead guilty or proceed to trial); *Tyler v. United States*, 1999 U.S. App. LEXIS 13621 (6th Cir. 1999) (remanding for evidentiary hearing where defendant pleaded that counsel improperly rejected favorable plea offer); *United States v. Brannon*, 2002 U.S. App. LEXIS 20969 (4th Cir. 10-7-02) (vacating denial of motion pursuant to 28 U.S.C. § 2255 where attorney's affidavit indicated potential sentence reduction for plea of guilty and evidence conflicting as to whether defendant would have accepted plea). *But see Griffin v. United States*, 330 F.3d 733, 737 (6th Cir 2003) (rejecting requirement for "additional objective evidence" beyond allegation that, but for counsel's misadvice, the defendant would have pleaded not guilty and proceeded to trial); *Smith v. United States*, 2003 U.S. App. LEXIS 22558 (6th Cir. 11-3-03) (same).

entitled to a downward departure or adjustments for mitigating factors. Counsel could have but did not explain that a timely plea of guilty would have made additional, far more useful and powerful defenses available for Mr. Robak at sentencing than he had by proceeding to trial.

18.)     On or about 11-14-05 Mr. Robak proceeded to trial. At trial, the evidence presented by the government was overwhelming.

19.)     Defense counsel's ostensible trial 'strategy' was limited to trying to discredit numerous cooperating government witnesses. This ostensible 'strategy' had almost no chance at all of success.

\* \* \* \* \* \* \* \* \*

## CLAIM NUMBER TWO

38.)     Mr. Robak restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-28 herein.

39.)     Mr. Robak's plea of not guilty, conviction, and sentence are violative of his Sixth Amendment constitutional right to effective assistance of counsel in the plea process as hereinafter more fully appears.

40.)     Prior to trial and during the plea process, counsel could have but did not  fully inform themselves and Mr. Robak as to all facts relevant to the determination whether to plead guilty or not guilty and proceed to trial.

41.)     Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that there was virtually no chance he could prevail at trial due to the overwhelming weight and quality of the  government's evidence.

42.)     Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that if he proceeded to trial in federal court, he had only about 1 chance in 7, and probably substantially less chance than that, of walking out of court free. [48]

43.)     Counsel's failures set forth in ¶¶40-42 were due to an incomplete factual investigation as to the overwhelming amount and quality of evidence available to the United States to use against Mr. Robak.

44.)     Counsel's failures set forth in ¶¶40-42 were due to an incomplete factual investigation as to the government's actual conviction rate after federal criminal trials.

45.)     Prior to trial and during the plea process, counsel could have but did not fully advise Mr. Robak as to the law relevant to the determination whether to plead guilty or not guilty and proceed to trial.

46.)     Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that he could plead guilty without an 'offer' or 'deal' or 'plea agreement' with the government. While the 'straight up' plea of guilty could have been rejected by the Court under certain limited circumstances[49], it was extremely unlikely that the Court would have done so in his case.

---

[48] See the U.S. Department of Justice, "Compendium of Federal Justice Statistics", Chapter 3, page 39 (1997).

[49] See *United States v. Shepard*, 322 U.S. App. D.C. 160; 102 F.3d 558 (D.C. Cir. 12-6-96) (citing *United States v. Maddox*, 48 F.3d 555, 556-558 (D.C. Cir. 1995) and *Santobello v. New York*, 404 U.S. 257, 260-262 (1971) and *United States v. Jackson*, 390 U.S. 570, 584 (1968) and

47.) Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak of the *potential opportunity* to plead guilty pursuant to a "conditional" plea agreement under Federal Rule of Criminal Procedure 11(a)(2), whereby he would plea guilty but retain the right to appeal the denial of his motion to suppress to the Court of Appeals.

48.) Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that, if he tendered a timely plea of guilty, he could likely obtain a 3-points reduction in his offense level under U.S.S.G. § 3E1.1 for "acceptance of responsibility".

49.) Prior to trial and during the plea process, counsel could have but did not advise Mr. Robak that if he pleaded guilty he would *not* waive his right to raise *any* defenses at his sentencing; he would still be able to challenge his relevant conduct, his criminal history, and other sentencing factors such as whether he was entitled to a downward departure or adjustments for mitigating factors. Counsel could have but did not explain that a timely plea of guilty would have made additional, far more useful and powerful defenses available for Mr. Robak at sentencing than he had by proceeding to trial.

50.) Counsel's acts and omissions set forth in ¶¶44-50 were due to an incomplete investigation of the law relevant to Mr. Robak's determination whether to plead guilty or not guilty and proceed to trial.

51.) Counsel could have but did not investigate case law such as *United States v. Shepard*, 322 U.S. App. D.C. 160; 102 F.3d 558 (D.C. Cir. 12-6-96) and *United States v. Maddox*, 48 F.3d 555, 556-558 (D.C. Cir. 1995) and *Santobello v. New York*, 404 U.S. 257, 260-262 (1971) and *United States v. Jackson*, 390 U.S. 570, 584 (1968) and *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973). This case law stands for the proposition that, while a Court *can* reject a knowing and voluntary plea of guilty, the circumstances in which the Court can do so are limited by both the concerns of the defendant and public policy.

52.) Counsel could have but did not investigate U.S.S.G. § 3E1.1, Application Note 3 and case law construing this Application Note such as *United States v. Rogers*, 972 F.2d 489, 493 (2nd Cir. 1992) ("A defendant who pleads guilty is routinely afforded a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1") and *United States v. Speight*, 726 F.Supp. 861, 865 (D.C.D.C. 1989) (a timely plea of guilty constitutes "significant evidence of acceptance of responsibility").

53.) In actual fact, Mr. Robak believed he could only plead guilty pursuant to a plea agreement with the government. His plea of not guilty was predicated in material part on his understanding from counsel that he could only plead guilty pursuant to a plea agreement with the government.

---

*United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973); *Harris v. United States*, ___ F.3d ___, 1998 U.S. App. LEXIS 20715 (11th Cir. 8-13-98) (Court accepted plea of guilty precluding enhancement to sentence under 21 U.S.C. § 851 even when government "didn't know [defendant] was going to enter a plea")

54.)    In actual fact, Mr. Robak believed that there was no significant advantage in pleading guilty instead of proceeding to trial. His plea of not guilty was predicated in material part on this understanding.

55.)    If, prior to advising Mr. Robak to plead *not* guilty, trial counsel had conducted an independent investigation of the facts, circumstances, pleadings and laws involved in Mr. Robak's case, they would have advised Mr. Robak to instead plead guilty either with or without a plea agreement.

56.)    Counsel's omissions set forth in ¶¶40-54 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Mr. Robak during the plea process.

57.)    Counsel's omissions set forth in ¶¶40-54 were the result of counsel's abdication of the duty and responsibility to advocate Mr. Robak's case and cause during the plea process.

58.)    The advice received from counsel regarding whether to plead guilty or not guilty was so incorrect and so insufficient that it undermined Mr. Robak's ability to make a voluntary and intelligent choice among the alternative courses of action open to him.

59.)    Based on the facts set forth in ¶¶40-58, Counsel's performance in the plea process fell below the objective standard of reasonableness required by the Sixth Amendment.

60.)    Based on the facts set forth in ¶¶40-58, Mr. Robak's plea of not guilty was not a voluntary and intelligent choice among the alternative courses of action open to him.

61.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, absent said performance, there is a reasonable probability that Mr. Robak would have pleaded guilty instead of proceeding to trial.

62.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, absent said performance, there is a reasonable probability that Mr. Robak would have accepted responsibility for his offense.

63.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because, had he been advised of the potential opportunity to plead to a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2), there is a reasonable probability that he would have so pleaded while preserving his chance to appeal the denial of his motion to suppress. Conditional guilty pleas are regularly accepted by the government in the Northern District of Illinois.

64.)    Mr. Robak was prejudiced by counsel's constitutionally ineffective and deficient performance set forth herein, because a substantial difference exists between the sentence he could have obtained by a plea of guilty and the actual sentence he received after trial. More specifically, had Mr. Robak pleaded guilty instead of proceeding to trial, there is a reasonable probability he would have received a sentence substantially less than the sentence he received after trial. This is because there is a reasonable probability that he would have received

either a 2 or a 3 points downward adjustment in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility.

65.)    The facts set forth in ¶64 plead and demonstrate "objective evidence" and "special circumstances" to support Mr. Robak's allegations set forth in ¶¶61-63.

66.)    Mr. Robak was prejudiced from the unprofessional acts and omissions of counsel, set forth herein, because said omissions undermine confidence in the reliability of the plea process in his case.

(Statement of Claim ¶¶13-19, 38-66)

Based on Mr. Robak's specific, sworn, factual allegations, together with the allegations of the paragraphs incorporated by reference and the supporting evidence in the Appendix of Exhibits, Mr. Robak was prejudiced by the objectively unreasonable performance of counsel in the plea process. *United States v. Busse*, 814 F.Supp. 760, 764-765 (E.D. Wis. 1993) (counsel's failure to advise defendant as to "impact" of sentencing guideline allowing reduction in offense level for "acceptance of responsibility" below objective standard and prejudiced defendant within the meaning of *Strickland / Hill*); *Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998) (counsel ineffective for failure to advise defendant of facts and law material to decision whether to plead guilty or proceed to trial).

There is a big difference between the sentence of 240 months which Mr. Robak received after trial and the sentence of 113 months which he could have obtained through a timely plea of guilty.[50] Once Mr. Robak's motion to suppress was denied, there wasn't the slightest chance he could prevail at trial. The only thing left was to reduce his losses because he 'was going to

---

[50] Mr. Robak's Total Offense Level was determined to be 40 but he received a 55 months downward departure. Had he timely pleaded guilty and accepted responsibility, he'd have likely obtained 3 points downward adjustment from Total Offense Level 40. Had the obstruction of justice enhancement been denied, he'd have had 2 points downward adjustment for that also. This would have resulted in a Total Offense Level of 35. With Criminal History I, his guideline sentencing range would have been 168-210. Assuming the Court would have granted the same 55 months downward departure, this would have allowed a sentence of 113 months.

prison'. Had he been correctly advised, it cannot be said that he would *not* have pleaded guilty. Certainly "confidence must be undermined" as to what he would have done.

The dispositive point is that "prejudice" under *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) is determined "subjectively", not "objectively". *Hill v. Lockhart*, 877 F.2d 698; 1989 U.S. App. LEXIS 8542 **16 [n. 11] (8th Cir.), *affirmed,* 894 F.2d 1009, 1010 (1990)(en banc)[51] The test is not "what a reasonable person" would have done, had he been advised of the law. The test is instead what Mr. Robak would have done had he been fully advised of the law and facts relevant to **his** plea. *Id.* Mr. Robak has pleaded that, had he been fully advised of the law, he would have pleaded guilty or nolo contendere instead of proceeding to trial. This constitutes prima facie "prejudice" in the plea process. *Id.*

Mr. Robak's case is remarkably similar to the court decisions in *Carmichael v. United States*, 1998 U.S. Dist. LEXIS 20313 (D. Ct. 12-16-98) and *Alvernaz v. Ratelle*, 831 F.Supp. 790 (S.D. Cal. 1993) and *Kates v. United States*, 930 F.Supp. 189, 192 (E.D. Pa. 1996) In each of those cases, the defendants pleaded not guilty and proceeded to trial without being informed of the true consequences of his choice. In each case, the courts vacated the sentences with findings that the defendant's decision was based on "miscalculated risk factors" which had resulted from their counsel's objectively unreasonable performance. *Alvernaz v. Ratelle,* 831 F.Supp. at 794-95; *Kates,* 930 F.Supp. at 192; *Busse,* 814 F.Supp. at 764-765. In each case, the government argued that the defendant's protestations of innocence 'proved' that he would not have pleaded guilty. *Alvernaz v. Ratelle,* 831 F.Supp. at 796; *Kates,* 930 F.Supp. at 191-192; *Busse,* 814 F.Supp. at 762-765. In each case, the courts rejected this argument.

---

[51] The Court of Appeals emphasized this point in *Hill* stating, "[t]his part of the Strickland test is evaluated subjectively, not objectively. That is, it does not matter whether a reasonable person

In *Kates*, the Court graphically stated its analysis as follows:

> The government argues that, because Mr. Kates' attorneys found it difficult to
> deal with him, and Mr. Kates was adamant about not accepting the plea
> agreement, his attorneys were not ineffective. Having come to know Walter Kates
> quite well, albeit from the relatively far reaches of the bench, I agree that he is not
> the easiest of customers. Difficult he can be. But when one undertakes the
> stewardship of a client on the nether end of a criminal caption, one assumes the
> risk that not every little tete-a-tete with that client will be all peaches and cream.
> One just has to overcome that and get across the salient facts, necessary for that
> client to make an intelligent decision. The client has a right not to be left in the
> foggy dark.

*Kates*, 930 F.Supp. at 191-192.

In *Carmichael v. United States*, 1998 U.S. Dist. LEXIS 20313 (D. Ct. 12-16-98),

following well established authorities, the Court also granted a motion pursuant to 28 U.S.C. §

2255 and ordered a defendant resentenced where he had proceeded to trial with constitutionally

insufficient advice from his attorney. The *Carmichael* Court used the following analysis:

> A defendant's Sixth Amendment right to counsel attaches at all critical stages in
> the proceedings "after the initiation of formal charges," *Moran v. Burbine*, 475
> U.S. 412, 431, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986), which has been held to
> include plea negotiations. *United States v. Gordon*, 156 F.3d 376, 379 (2nd Cir.
> 1998) (ordering new trial for violation of defendant's rights when defense counsel
> made serious errors in computation under the Sentencing Guidelines); *Boria v.
> Keane*, 99 F.3d 492, 496-97 (2nd Cir. 1996) (holding that ineffective assistance of
> counsel during plea negotiations justified § 2255 habeas relief); *United States v.
> Day*, 969 F.2d 39, 44 (3rd Cir. 1992) (holding that § 2255 could provide relief
> where trial counsel was ineffective by giving defendant substandard advice about
> his sentence exposure under the Sentencing Guidelines during plea negotiations).
>
> In *Boria*, the petitioner sought habeas relief, asserting that he was deprived of
> constitutionally adequate representation by counsel when the government offered
> him a plea bargain which would have resulted in a one to three year sentence, and
> his attorney allowed him to reject such offer without giving him any advice as to
> the wisdom of so doing. At the time of his petition, Boria was -- and had been for
> six years -- serving a twenty-year to life sentence. The Court of Appeals granted
> the habeas petition and ordered that the sentence be reduced to time served and

---

would have pleaded differently, given the correct information of nine, instead of six, years. What
counts is the likelihood that Hill would have pleaded differently."

that the petitioner be discharged from custody. The Court did not disturb the judgment of conviction.

The Court of Appeals noted that, at a hearing on the motion, the defense attorney made it clear that he had not in any way or at any time discussed with the petitioner the advisability of accepting or rejecting the offered plea. Instead, counsel continued to discuss trial strategy with petitioner. Although counsel testified that he thought the plea offer was a good one, he never advised his client of this fact. Although counsel determined not to advise his client one way or the other, he sought to justify his conduct by asserting that he was certain that the petitioner would never admit his guilt or accept the plea. He conceded, however, that he had been aware that his client -- like any other person -- was capable of changing his mind. *Boria*, 99 F.3d at 495-96.

The Appeals Court next applied *Strickland* to the facts before it, noting that it had never had to do so before because "such a duty is so well understood by lawyers practicing in this Circuit that the question has never been litigated." *Boria*, 99 F.3d at 496. The *Boria* Court turned to the American Bar Association standards as a guide to determine what was reasonable, as directed by the *Strickland* Court. *Strickland*, 466 U.S. at 688.

> "The American Bar Association's standard on the precise question before us is simply stated in its Model Code of Professional Responsibility, Ethical Consideration 7-7 (1992);
>> A defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable. (emphasis added in original)."

*Boria*, 99 F.3d at 496.

The *Boria* Court then reviewed the "wisdom" of a joint project of the American College of Trial Lawyers, the National Defender Project of the National Legal Aid and Defender Association, and the ALI-ABA Committee on Continuing Education. The Reporter for this joint project is Anthony Amsterdam, "a distinguished Professor of Law and Director of Clinical Programs and Trial Advocacy at New York University School of Law." Professor Amsterdam observed:

> The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case. This decision must ultimately be left to the client's wishes. Counsel cannot plead a client guilty, or not guilty against a client's will [citation omitted]. But *counsel may and must give the client the benefit of counsel's professional advice on this crucial decision.* § 201 at 339 (the word 'must' was emphasized by the author; otherwise the emphasis is [the Court of Appeals'])."

Boria, 99 F.3d at 496-97. (emphasis added)

*Carmichael v. United States,* 1998 U.S. Dist. LEXIS 20313 (D. Ct. 12-16-98)

While the facts of Mr. Robak's case are unusual in this court, well established, voluminous, precedent supports and demonstrates the constitutional violation which he has suffered. To the extent that counsel faced a difficult job in advising Mr. Robak, this is simply part and parcel of the obligation imposed by the Sixth Amendment, *and accepted by counsel*, in criminal cases. It bears repeating,

> … when one undertakes the stewardship of a client on the nether end of a criminal caption, one assumes the risk that not every little tete-a-tete with that client will be all peaches and cream. One just has to overcome that and get across the salient facts, necessary for that client to make an intelligent decision. The client has a right not to be left in the foggy dark.

*Kates v. United States,* 930 F.Supp. 189, 191-192 (E.D. Pa. 1996)

Based on the foregoing facts and law, this Court should find that Mr. Robak has stated a prima facie claim of "prejudice" in the plea process sufficient to entitle him to an evidentiary hearing to enable him to prove his case. *Id.*

**3.)    AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT**

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence. This section also provides as follows:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. § 2255[52]

---

[52] *United States v. Grist*, 1998 U.S. App. LEXIS 20199; 1998 Colo. J. C.A.R. 4384 (10th Cir. 1998) (evidentiary hearing required unless § 2255 motion, files, and trial record conclusively show petitioner entitled to no relief; court cannot choose between affidavits); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994) (petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief); *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (same); *Ciak v. United States*, 59 F.3d 296, 306-07 (2nd Cir. 1995) (same); *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); *Nichols v. United States*, 75 F.3d 1137, 1145-46 (7th Cir. 1996) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); *United States v. Witherspoon*, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00) (petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations); *Guy v. Cockrell*, 343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003) (disputed issues of material fact require evidentiary hearing); *Paprocki v. Foltz*, 869 F.2d 281, 287 (6th Cir. 1989) (if there are factual issues in dispute in a section 2255 petition and the record is insufficient to enable the district court to resolve the issue of whether a claim of ineffective assistance of counsel is meritorious, the district court must hold an evidentiary hearing; *Buenoano v. Singletary*, 963 F.2d 1433; 1992 U.S. App. LEXIS 12462 (11th Cir. 1992) ("An evidentiary hearing ... is ... necessary if Buenoano's petition alleges facts that, if true, establish a right to relief.") (citing *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir.1987) and *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991)); *Ellison v. United States*, 324 F.2d 710; 1963 U.S. App. LEXIS 3595 (10th Cir. 1963); *United States v. Gonzalez*, 98 Fed. Appx. 825; 2004 U.S. App. LEXIS 10946 (10th Cir. 2004).

In the instant case as set forth in the Statement of Claim of the § 2255 motion, and the foregoing arguments, Mr. Robak has pleaded, presented evidence, and argued the applicable law to demonstrate that his sentence is violative of his Sixth Amendment right to effective assistance of counsel in the pretrial, plea, trial, sentencing, and direct appeal process. *Id.*

While many of the allegations are already well established by the files and records of this case, many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records". (See Statement of Claim, ¶¶32-35, 40-52, 55-57, 69-76, 78-83). These allegations require an evidentiary hearing under well settled law. *Stoia v. United States,* 22 F.3d 766, 768 (7th Cir. 1994); *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); *Virgin Islands v. Weatherwax,* 20 F.3d 572, 573 (3rd Cir. 1994) (petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief); *Ciak v. United States,* 59 F.3d 296, 306-07 (2nd Cir. 1995) (holding that district court erred in denying request for evidentiary hearing when petitioner "alleged facts, which, if found to be true, would have entitled him to habeas relief."); *Shaw v. United States,* 24 F.3d 1040, 1043 (8th Cir. 1994) (same); *Nichols v. United States,* 75 F.3d 1137, 1145-46 (7th Cir. 1996) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); *United States v. Witherspoon,* 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00) (petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations); *United States v. Grist,* 1998 U.S. App. LEXIS 20199; 1998 Colo. J. C.A.R. 4384 (10th Cir. 1998) (evidentiary hearing required unless § 2255 motion, files, and trial record conclusively show petitioner entitled to no relief;

court cannot choose between affidavits); *Guy v. Cockrell*, 343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003) (disputed issues of material fact require evidentiary hearing).

Based on all of the foregoing, Mr. Robak respectfully requests this Honorable Court to **ORDER** an evidentiary hearing where he can prove his case.

## CONCLUSION

Mr. Robak has demonstrated by the foregoing argument, the factual allegations of his motion, and the attached verified exhibits, that his sentence is violative of his Sixth Amendment right to effective assistance of counsel in the pretrial, plea, trial, sentencing, and direct appeal process in his case.

While many of the allegations are already supported by the record, some need to be developed at an evidentiary hearing.

**WHEREFORE MOVANT** Janusz Robak respectfully asks this **HONORABLE COURT** to:

**ORDER** an evidentiary hearing as set forth in his § 2255 motion; and, upon proof of his allegations herein,

**ORDER** that Mr. Robak's sentence be **VACATED** and that he be **RESENTENCED** with a Total Offense Level of 35 (instead of Total Offense Level 40) and the further 52 months downward departure the Court found appropriate at sentencing on 5-5-06.

Date: 06.13.2008

_Y. Dobak_
**JANUSZ ROBAK**
Defendant-Movant
21659-424
P.O. Box 1731
Waseca, MN 56093

# United States District Court
## Northern District of Illinois
## At Chicago

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1:04-cr-693 |
| | ) | Civil No. |
| Plaintiff-Respondent, | ) | HON. ROBERT W. GETTLEMAN |
| | ) | |
| vs. | ) | |
| | ) | CERTIFICATE OF FILING |
| JANUSZ ROBAK, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Pursuant to the principles of *Houston v. Lack*, 487 U.S. 266, 276 (1988), the attached motion pursuant to 28 U.S.C. § 2255 was filed with the Court on this date by depositing three copies of same into the prison mail collection box, in sealed envelopes, first class postage affixed and addressed to: **Clerk -- U.S. District Court, 219 South Dearborn St, 20th Floor, Chicago, IL 60604.**

I have read the foregoing and state that the facts are set forth upon personal knowledge and are true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746, this _13_ day
of _JUNE_ 2008.

_J. Robak_

**Janusz Robak**
21659-424
P.O. Box 1731
Waseca, MN 56093

88

# United States District Court
## Northern District of Illinois
### At Chicago

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 1:04-cr-693 |
| | ) | Civil No. |
| Plaintiff-Respondent, | ) | HON. ROBERT W. GETTLEMAN |
| | ) | |
| vs. | ) | |
| | ) | |
| JANUSZ ROBAK, | ) | VERIFICATION OF EXHIBITS |
| | ) | |
| Defendant-Movant. | ) | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMES NOW DEFENDANT-MOVANT Janusz Robak** and deposes and states as follows:

1.)    I am the Defendant-Movant in the above entitled case and the instant proceedings pursuant to 28 USC §2255.

2.)    The attached documents are submitted as exhibits in support of my section 2255 motion. I have personal knowledge of the originals of the exhibits and state that the copies truly and accurately represent said originals.

3.)    I have read the foregoing and state that it is true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746 this *13* day
of *JUNE*, 2008.

**JANUSZ ROBAK**
Defendant-Movant
21659-424
P.O. Box 1731
Waseca, MN 56093

89

BP-8757.013  **INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF**
AUG 02       **PRESENTENCE REPORT AND/OR STATEMENT OF REASONS** CDFRM
**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

**TO THE CLERK OF COURT:** This form is filed as an **ATTACHMENT** to my pleading in the
following current cause of action or appeal (indicate current case caption, docket no.,
judicial district, etc.):

    United States v. Janusz Robak, Crim. No. 1:04-cr-693 (ND IL)(Judge Gettleman)

My current cause of action or appeal is (check all that apply):

_____   A direct appeal of my original criminal conviction or sentence (filed with the
       U.S. Court of Appeals);

**X**    An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or
       appeal of its denial, regarding my criminal conviction or sentence (filed with the
       sentencing court or U.S. Court of Appeals); or

_____   Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc.
       (describe):

As part of my current cause of action or appeal, I request the court consider my Pre-
Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where
necessary, from my underlying criminal case, described as follows (indicate underlying
criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

    United States v. Janusz Robak, Crim. No. 1:04-cr-693 (ND IL)(Judge Gettleman)

This form is for informational and notification purposes, and is not intended to create
a new procedural requirement for inmates, courts, or clerks.

Respectfully submitted:

| Inmate Signature  x *J. Robak* | Inmate Printed Name   Janusz Robak |
|---|---|
| Reg. No.  21559-424 | Date Signed  x 06.13.2008 | Institution Address  P.O. Box 1731  Waseca, MN 56093 |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing
copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal
judgements. This form is for you to **ATTACH** to any court action where, as part of
your cause of action or appeal, you request the court to consider your PSR or SOR.
Complete this form as indicated, and submit it as an **ATTACHMENT** to your pleading to
the court considering your current cause of action or appeal. This form is not a
pleading, but an **ATTACHMENT** requesting the court obtain and consider your PSR and/or
SOR when needed. You only need this form when your cause of action involves the PSR
or SOR. Be sure to indicate in your pleading the specific part(s) of the PSR or SOR
you believe relevant to your case.

(This form may be replicated via WP)

**Robak Exhibit A1**

BP-8757.013  INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF
AUG 92       PRESENTENCE REPORT AND/OR STATEMENT OF REASONS  CDFRM
U.S. DEPARTMENT OF JUSTICE                        FEDERAL BUREAU OF PRISONS

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the
following current cause of action or appeal (indicate current case caption, docket no.,
judicial district, etc.):

   United States v. Janusz Robak, Crim. No. 1:04-cr-693 (ND IL)(Judge Gettleman)

My current cause of action or appeal is (check all that apply):

_____   A direct appeal of my original criminal conviction or sentence (filed with the
        U.S. Court of Appeals);

  X     An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or
        appeal of its denial, regarding my criminal conviction or sentence (filed with
        sentencing court or U.S. Court of Appeals); or

_____   Other, e.g., §2241 habeas petition, Privacy Act of 1974 (5 USC §552a), etc.
        (describe):

As part of my current cause of action or appeal, I request the court consider my Pre-
Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where
necessary, from my underlying criminal case, described as follows (indicate underlying
criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

   United States v. Janusz Robak, Crim. No. 1:04-cr-693 (ND IL)(Judge Gettleman)

This form is for informational and notification purposes, and is not intended to create
a new procedural requirement for inmates, courts, or clerks.

Respectfully submitted:

| Inmate Signature  x  *J. Robak* | Inmate Printed Name   Janusz Robak |
| Reg. No.  21659-424 | Date Signed  x 06.13.2008 | Institution Address P.O. Box 1731 Waseca, MN 56093 |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing
copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal
judgements.  This form is for you to ATTACH to any court action where, as part of
your cause of action or appeal, you request the court to consider your PSR or SOR.
Complete this form as indicated, and submit it as an ATTACHMENT to your pleading to
the court considering your current cause of action or appeal.  This form is not a
pleading, but an ATTACHMENT requesting the court obtain and consider your PSR and/or
SOR when needed.  You only need this form when your cause of action involves the PSR
or SOR.  Be sure to indicate in your pleading the specific part(s) of the PSR or SOR
you believe relevant to your case.

(This form may be replicated via WP)

**Robak Exhibit B1**

DENLOW

United States District Court
Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
CRIMINAL DOCKET FOR CASE #: 1:04-cr-00693 All Defendants

Case title: USA v. Robak

Date Filed:
10/20/2005
Date Terminated:
05/05/2006

Assigned to: Hon. Robert W.
         Gettleman
Appeals court case number:
         '06-2451' '7th
         Circuit'

**Defendant**
Janusz Robak (1)                    represented by George Pappas
*TERMINATED:*                                       Law Offices of George Pappas
*05/05/2006*                                        Three First National Plaza
                                                    Suite 3700
                                                    Chicago, IL 60602
                                                    (312)558-6777
                                                    Email: mbeltrame@sbcglobal.net
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*

                                                    Keri A Ambrosio
                                                    Law Offices of Keri Ambrosio
                                                    53 West Jackson Boulevard
                                                    Suite 1220
                                                    Chicago, IL 60604
                                                    (312)788-1598
                                                    Fax: (312) 663 3707
                                                    Email: keri@ambrosiolegal.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Retained*

                                                    Linda Amdur
                                                    Attorney at Law
                                                    53 West Jackson Boulevard
                                                    Suite 1503
                                                    Chicago, IL 60604
                                                    (312) 347-9999
                                                    Email: amdurl@aol.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: CJA Appointment*

                                                    Luis M. Galvan
                                                    Federal Defender Program
                                                    55 East Monroe Street
                                                    Suite 2800
                                                    Chicago, IL 60603

**Robak Exhibit C1**

(312) 621-8300
Email: luis_galvan@fd.org
*TERMINATED: 08/09/2004*
*LEAD ATTORNEY*
*Designation: Public Defender or*
*Community Defender Appointment*

Federal Defender Program
.
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

Alexander M. Salerno
(708) 484-0909
Email: salerno@ameritech.net
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

Kelly A O'Brien
Attorney at Law
Three First National Plaza
Suite 3700
Chicago, IL 60602
(312) 558-6777
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| CONSPIRACY TO POSSESS NARCOTICS (1s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of two hundred forty (240) months on counts 1 and 2 to run concurrently and sixty (60) months on count 4 to run concurrently. The defendant is remanded to the custody of the United States Marshal. Upon release from imprisonment the defendant shall be on supervised release for a term of for (4) years concurrent on all counts. Standard conditions of supervision. Schedule of payments. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (2s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of two hundred forty (240) months on counts 1 and 2 to run concurrently and sixty (60) months on count 4 to run concurrently. The defendant is remanded to the custody of the United States Marshal. Upon release from imprisonment the defendant shall be on supervised release for a term of for (4) |

years concurrent on all counts.
Standard conditions of
supervision. Schedule of payments.
The defendant is hereby committed to the
custody of the United States
Bureau of Prisons to be imprisoned
for a total term of two hundred
forty (240) months on counts 1 and
2 to run concurrently and sixty
(60) months on count 4 to run
concurrently. The defendant is
remanded to the custody of the
United States Marshal. Upon
release from imprisonment the
defendant shall be on supervised
release for a term of for (4)
years concurrent on all counts.
Standard conditions of
supervision. Schedule of payments.

FALSE DECLARATIONS BEFORE
GRAND JURY/COURT
(4s)

Highest Offense
Level (Opening)
Felony

Terminated Counts                                    Disposition
CONSPIRACY TO DISTRIBUTE           The original indictment is dismissed on the
NARCOTICS                                   motion the United States.
(1)
STATEMENTS OR ENTRIES
GENERALLY
(3s)

Highest Offense
Level (Terminated)
Felony

Complaints                                          Disposition
21:846 and 841(a)(1) Conspire
and agree with
others known and
unknown to
distribute a
controlled
substance

Plaintiff
United States of America       represented by Mitchell Allen Mars
United States
Attorney's Office
(NDIL)
219 South Dearborn
Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email:

**Robak Exhibit C3**

mitchell.mars@usdo
j.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

Pretrial Services
.
435-5545
Email:
ilnptdb_Court_Acti
on_Notice@ilnpt.us
courts.gov
*ATTORNEY TO BE*
*NOTICED*

Probation
Department
.
408-5197
Email:
Intake_Docket_ILNP
@ilnp.uscourts.gov
*ATTORNEY TO BE*
*NOTICED*

Christopher K
Veatch
United States
Attorney's Office,
NDIL
219 South Dearborn
Street
Suite 500
Chicago, IL 60604
(312) 886-3389
Email:
christopher.veatch
@usdoj.gov
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/03/2004 | | DEFENDANT Janusz Robak arrested (pmp) (Entered: 08/05/2004) |
| 08/04/2004 | 1 | COMPLAINT Hon. Morton Denlow (pmp) (Entered: 08/05/2004) |
| 08/04/2004 | 2 | ORDER appointing counsel as to Janusz Robak (pmp) (Entered: 08/05/2004) |
| 08/04/2004 | 3 | MINUTE ORDER of 8/4/04 by Hon. Morton Denlow as to Janusz Robak : Initial appearance proceedings of Janusz Robak held. Defendant appears in response to arrest on 08/03/04. Defendant informed of his rights. Enter order appointing attorney Luis M. Galvan as counsel for defendant. Defendant to remain in custody pending, the detention hearing and preliminary examination hearing set for 08/06/04 at 10:30 a.m. Mailed notice (pmp) (Entered: 08/05/2004) |

08/04/2004   4      APPEARANCE of Attorney for Janusz Robak by Luis Galvan
             (pmp) (Entered: 08/05/2004)
08/04/2004   5      FINANCIAL AFFIDAVIT as to Janusz Robak (pmp) (Entered:
             08/05/2004)
08/06/2004   6      MINUTE ORDER of 8/6/04 by Hon. Morton Denlow as to Janusz
             Robak : Interpreter sworn. Defendant waives his right to a
             preliminary examination. Defendant ordered bound to the District
             Court for further proceedings in the custody of the United States
             Marshal. Detention hearing reset to 08/09/04 at 2:00 p.m. Mailed
             notice (pmp) (Entered: 08/09/2004)
08/09/2004   7      APPEARANCE of Attorneys for Janusz Robak by George Pappas
             and Kelly A O'Brien (pmp) (Entered: 08/10/2004)
08/09/2004          ORAL motion by Janusz Robak to substitute counsel (pmp)
             (Entered: 08/10/2004)
08/09/2004   8      MINUTE ORDER of 8/9/04 by Hon. Morton Denlow as to Janusz
             Robak : Interpreter sworn. Defendant's oral motion to substitute
             counsel is granted. [0-1] Luis Galvan is granted leave to
             withdraw as counsel for defendant. George Pappas and Kelly
             O'Brien are granted leave to file their appearance as counsel for
             defendant. Detention hearing held. Defendant ordered detained as
             a risk of flight and danger to the community. Mailed notice (pmp)
             (Entered: 08/10/2004)
09/02/2004   9      MINUTE ORDER of 9/2/04 by Hon. Morton Denlow as to Janusz
             Robak : Detention hearing called. Detention hearing continued
             generally. Mailed notice (pmp) (Entered: 09/03/2004)
09/28/2004   15     RENEWED motion by Janusz Robak to set bail ; Notice (pmp)
             (Entered: 10/05/2004)
09/30/2004   10     INDICTMENT Counts filed against Janusz Robak (1) count(s) 1
             (pmp) (Entered: 10/01/2004)
09/30/2004   11     DESIGNATION SHEET Felony Category III (pmp) (Entered:
             10/01/2004)
09/30/2004   12     MINUTE ORDER of 9/30/04 by Hon. Martin C. Ashman as to
             Janusz Robak : No bond set; detained by magistrate. No notice
             (pmp) (Entered: 10/01/2004)
10/01/2004   13     ARRAIGNMENT NOTICE: Before Hon. Morton Denlow as to Janusz
             Robak : Arraignment and plea set for Monday, 10/04/04 at 10:00
             a.m. before Magistrate Judge Denlow in courtroom 1350. Mailed
             notice (pmp) (Entered: 10/01/2004)
10/01/2004   14     SUBMISSION by USA regarding defendant's bail motion;
             (Attachments) (pmp) (Entered: 10/04/2004)
10/04/2004          ORAL motion by USA to exclude to time as to defendant
             Janusz Robak (pmp) (Entered: 10/05/2004)
10/04/2004   16     MINUTE ORDER of 10/4/04 by Hon. Morton Denlow as to Janusz
             Robak : Interpreter sworn. For reasons stated in open court,
             defendant's renewed motion to set bail is denied. [15-1]
             Arraignment and plea held. Defendant waives formal reading of the
             indictment and enters a plea of not guilty to all counts of the
             indictment. Defendant informed of rights. 16.1(a) conference to
             be held by or on 10/12/04. Pretrial motions to be filed by or on
             11/16/04. Status hearing set before Judge Gettleman on 11/16/04
             at 9:25 a.m. Government's oral motion to exclude to time as to
             defendant Janusz Robak is granted. [0-1] Time ordered excluded to
             11/16/04 pursuant to 18:3161(a)(1)(F). Mailed notice (pmp)
             (Entered: 10/05/2004)
11/10/2004   18     MOTION by Janusz Robak for substitution of counsel ; Notice
             (pmp) (Entered: 11/22/2004)

**Robak Exhibit C5**

11/16/2004   17    APPEARANCE of Attorney for Janusz Robak by Alexander M.
             Salerno (pmp) (Entered: 11/16/2004)

11/16/2004   19    MINUTE ORDER of 11/16/04 by Hon. Robert W. Gettleman as to
             Janusz Robak : Status hearing reset to 12/16/04 at 9:00 a.m.
             Defendant's motion for substitution of counsel is granted. [18-1]
             Mr. Salerno and Ms. Ambrosio are granted leave to appear as
             defense counsel. The court deems the period of time from 11/16/04
             through 12/16/04 excludable under the provisions of T. 18 USC
             3161(h)(8)(B)(iv), continuity of counsel. No notice (pmp)
             (Entered: 11/22/2004)

12/16/2004   22    MINUTE ORDER of 12/16/04 by Hon. Robert W. Gettleman as to
             Janusz Robak : Status hearing held and continued to 01/07/05 at
             9:00 a.m. Defendant's submission re: bond is due by 12/27/04.
             Government's response is due by 01/04/05. The court deems the
             period of time 12/16/04 through 01/07/05 excludable under the
             provisions of T. 18 USC 3161(h)(8)(iv) continuity of counsel. No
             notice (pmp) (Entered: 12/23/2004)

12/21/2004   20    TRANSCRIPT of proceeding as to Janusz Robak held before
             Hon. Morton Denlow on 09/02/2004 (pmp) (Entered: 12/21/2004)

12/21/2004   21    TRANSCRIPT of proceeding as to Janusz Robak held before
             Hon. Morton Denlow on 10/04/2004 (pmp) (Entered: 12/22/2004)

01/03/2005   23    MINUTE ORDER of 1/3/05 by Hon. Robert W. Gettleman as to
             Janusz Robak : Status hearing is reset to 01/27/2005 at 10:00
             a.m. Defendant's bond motion is due by 01/06/2005. Government's
             response is due by 01/14/2005. Time is excluded from 01/08/05
             through 01/27/05 pursuant to 18 USC 3161 (h)(1)(F) and the
             authority of the Tibboel case. Mailed notice (pmp) (Entered:
             01/04/2005)

01/12/2005   24    TRANSCRIPT of proceeding as to Janusz Robak held before
             Hon. Morton Denlow on 08/09/04 and 09/02/04 (2 vols. [24-1,24-2]
             (pmp) (Entered: 01/12/2005)

01/20/2005   25    MOTION by Janusz Robak for reconsideration order detaining
             Janusz Robak withotu bond; Notice (pmp, ) (Entered: 01/27/2005)

01/20/2005   26    NOTICE of Motion by Keri A Ambrosio for presentment of
             motion for reconsideration25 before Honorable Robert W. Gettleman
             on 1/27/2005 at 09:15 AM. (pmp, ) (Entered: 01/27/2005)

01/24/2005   27    RESPONSE by United States of America as to Janusz Robak
             regarding MOTION by Janusz Robak for reconsideration 25; Notice
             of Filing; Exhibits. (pmp, ) Modified on 3/24/2006 (ym, ).
             (Entered: 01/27/2005)

02/24/2005   29    MOTION by Janusz Robak to dismiss the indictment with
             supporting memorandum of law (pmp, ) (Entered: 03/02/2005)

03/17/2005   31    ATTORNEY Appearance for defendant Janusz Robak by Keri A
             Ambrosio (pmp, ) (Entered: 03/21/2005)

03/21/2005   32    MINUTE entry before Judge Robert W. Gettleman : Status
             hearing set for 4/6/2005 at 09:00 AM. The court deems the period
             of time from 03/23/05 through 04/06/05 excludable under the
             provisions of T 18 U.S.C. 3161(h)(8)(B)(iv)-continuity. Telephone
             notice (pmp, ) (Entered: 03/23/2005)

04/06/2005   33    REQUEST by Janusz Robak for appointment of counsel.(rbf, )
             (Entered: 04/07/2005)

04/06/2005   34    NOTICE of Motion by Keri A Ambrosio for presentment of
             request for appointment of counsel 33 before Honorable Robert W.
             Gettleman on 4/20/2005 at 09:15 AM. (rbf, ) (Entered: 04/07/2005)

04/06/2005   35    MINUTE entry before Judge Robert W. Gettleman : Status
             hearing held and continued to 04/19/05 at 9:00 a.m. The court
             deems the period of time from 04/06/05 through 04/19/05

**Robak Exhibit C6**

excludable under the provisions of T. 18 U.S.C.
3161(h)(8)(B)(iv)-continuity. Open court notice notice (pmp, )
(Entered: 04/12/2005)

04/08/2005    Attorney update in case as to Janusz Robak. Attorney
Federal Defender Program for Janusz Robak added. (ar, ) (Entered:
04/13/2005)

04/08/2005  36    MINUTE entry before Judge Robert W. Gettleman : Defendant
Janusz Robak's request for appointment of counsel 33 is granted.
The Federal Defender Program is appointed to represent Defendant.
Mailed notice (ar, ) (Entered: 04/13/2005)

04/08/2005  37    MINUTE entry before Judge Robert W. Gettleman : Defendant's
request for appointment of counsel is granted. The Federal
Defender Program is appointed to represent defendant. Mailed
notice (pmp, ) (Entered: 04/18/2005)

04/19/2005  38    ATTORNEY Appearance for defendant Janusz Robak by Linda
Amdur (pmp, ) (Entered: 04/21/2005)

04/19/2005  39    MINUTE entry before Judge Robert W. Gettleman : Status
Hearing as to Janusz Robak held and continued to 5/19/05 at 09:00
AM. The Court grants early return of subpoenas. The Court deems
the period of time from 4/19/05 through 5/19/05 excludable under
the provisions of T.18 USC 3161(h)(8)(B)(iv) - continuity. Mailed
notice (emd, ) (Entered: 04/22/2005)

05/19/2005  40    MINUTE entry before Judge Robert W. Gettleman : Status
Hearing as to Janusz Robak held and continued to 6/16/2005 at
09:00 AM. The Court deems the period of time from 5/19/05 through
6/16/05 excludable under the provisions of T. 18 U.S.C.
3161(h)(8)(B)(iv) - continuity. (amb, ) (Entered: 05/23/2005)

06/16/2005  41    MINUTE entry before Judge Robert W. Gettleman : Status
Hearing held and continued to 07/19/05 at 9:00 a.m. Defendant's
pretrial motions are due by 07/19/05. The court deems the period
of time from 6/16/05 through 7/19/05 excludable under the
provisions of T. 18 U.S.C. 3161(h)(8)(B)(iv) continuity. No
notice (pmp, ) (Entered: 06/20/2005)

07/13/2005  42    MINUTE entry before Judge Robert W. Gettleman : Status
hearing reset to 7/27/2005 at 09:00 AM. The Court deems the
period of time from 7/19/05 through 7/27/05 excludable under the
provisions of T. 18 USC 3161(h)(8)(B)(iv) - continuity. Mailed
notice (emd, ) (Entered: 07/14/2005)

07/27/2005  43    STATEMENT of compliance by Janusz Robak with local criminal
rule 16.1; Notice. (emd, ) (Entered: 07/29/2005)

07/27/2005  44    MOTION by Janusz Robak for bill of particulars; (Exhibits)
(pmp, ) (Entered: 08/01/2005)

07/27/2005  45    MINUTE entry before Judge Robert W. Gettleman : Status
Hearing held and continued to 08/25/05 at 9:00 a.m. as to Janusz
Robak. Defendant's pretrial motions are due by 7/27/05.
Government's response is due by 08/10/05. Defendant's reply is
due by 08/17/05. The court deems the period of time from 07/27/05
through 08/25/05 excludable under the provisions of T 18 USC
3161(h)(1)(F). Mailed notice (pmp, ) (Entered: 08/01/2005)

08/10/2005  46    CONSOLIDATED reponse by United States of America as to
Janusz Robak regarding defendant's pretrial motions 29 and 44;
Notice; (Exhibits) (pmp, ) (Entered: 08/11/2005)

08/17/2005  47    REPLY by Janusz Robak to government's consolidated response
to defendant's pretrial motions 46; Notice (pmp, ) (Entered:
08/18/2005)

08/25/2005  48    MINUTE entry before Judge Robert W. Gettleman : Status
hearing held. The Court rules orally on defendant's pretrial

**Robak Exhibit C7**

motions. Document no. 44 is denied without prejudice. Document
no. 29 is withdrawn. Any motions in limine are due by 10/21/05.
Pretrial conference is set for 10/26/05 at 10:00am. Trial is set
for 11/14/05 at 9:30am. No notice (emd, ) (Entered: 09/19/2005)

09/16/2005　49　MINUTE entry before Judge Robert W. Gettleman : The Court
deems the period of time from 8/26/05 through 11/14/05 excludable
under the provisions of T. 18 USC 3161(h)(8)(B)(i) - interest of
justice. No notice (emd, ) (Entered: 09/19/2005)

10/11/2005　50　MOTION by Janusz Robak to suppress statements of defendant
and physical evidence seized from defendant's vehicle (gma, )
(Entered: 10/13/2005)

10/11/2005　51　NOTICE of Motion by Linda Amdur for presentment of MOTION
by Janusz Robak to suppress statements of defendant and physical
evidence seized from defendant's vehicle 50 before Honorable
Robert W. Gettleman on 10/18/2005 at 09:15 AM. (gma, ) (Entered:
10/13/2005)

10/11/2005　52　MEMORANDUM by Janusz Robak in support of MOTION by Janusz
Robak to suppress statements of defendant and physical evidence
seized from defendant's vehicle 50 (gma, ) (Entered: 10/13/2005)

10/18/2005　55　MINUTE entry before Judge Robert W. Gettleman as to Janusz
Robak: Order defendant to be detained at the Chicago Metropolitan
Correctional Center until at least 11/02/05. Government's
response to defendant's motion to suppress statements and
physical evidence is due by 10/25/05. Defendant's reply is due by
10/28/05. Pretrial conference is reset to 11/02/05 at 11:00 a.m.
Mailed notice (pmp, ) (Entered: 10/21/2005)

10/18/2005　　Set/Reset Hearings as to Janusz Robak: Pretrial Conference
set for 11/02/2005 at 11:00 AM. (pmp, ) (Entered: 10/21/2005)

10/19/2005　53　MOTION by Janusz Robak for court's assistance (pmp, )
(Entered: 10/21/2005)

10/19/2005　54　NOTICE of Motion by Linda Amdur for presentment of motion
for court's assistance 53 before Honorable Robert W. Gettleman on
10/25/2005 at 09:15 AM. (pmp, ) (Entered: 10/21/2005)

10/20/2005　56　SUPERSEDING INDICTMENT as to Janusz Robak (1) count(s) 1s,
2s, 3s, 4s (pmp, ) (Entered: 10/21/2005)

10/20/2005　57　DESIGNATION Sheet: FELONY (Category III). (pmp, ) (Entered:
10/21/2005)

10/20/2005　58　MINUTE entry before Judge Michael T. Mason as to Jan Robak:
Detention order previously in 04cr693 to stand. (pmp, ) (Entered:
10/21/2005)

10/21/2005　59　MOTION by Janusz Robak to bar evidence of stops of
defendant by authorities at U.S./Canadian border; Notice (meg, )
(Entered: 10/25/2005)

10/25/2005　60　RESPONSE by United States of America to MOTION by Janusz
Robak to suppress50 (Veatch, Christopher) (Entered: 10/25/2005)

10/25/2005　64　MINUTE entry before Judge Robert W. Gettleman as tp Janusz
Robak: Defendant's motion for court assistance placement of
defendant in a facility in proximity to Chicago, Illinois is
granted. Defendant is to stay at the Chicago Metropolitan
Correctional Center until at least 11/02/05. Mailed notice (pmp,
) (Entered: 11/01/2005)

10/27/2005　61　Santiago Proffer by United States of America as to Janusz
Robak (Veatch, Christopher) (Entered: 10/27/2005)

10/27/2005　65　PETITION by United States of America for writ of habeas
corpus ad testificandum as to Janusz Robak (redacted image) (pmp,
) Modified on 11/1/2005 (pmp, ). (Entered: 11/01/2005)

**Robak Exhibit C8**

10/27/2005   66     MINUTE entry before Judge Amy J. St. Eve as to Jan Robak:
                   (Enter order) Plaintiff's petition for writ of habeas corpus ad
                   testificandum 65 is granted. The United States Marshal and Warden
                   of Federal Medical Center, Rochester, Minnesota are directed to
                   produce defendant Andrzej Ogonowski Prisoner #21154-424 to appear
                   as a witness on 11/14/05 at 9:00 a.m. as the United States
                   District Courthouse, 219 South Dearborn, Chicago, Illinois in
                   courtroom 1703 before Judge Robert. W Gettleman. Mailed notice
                   (pmp, ) Modified on 11/1/2005 (pmp, ). (Entered: 11/01/2005)
10/27/2005   67     ORDER as to Janusz Robak. Signed by Judge Amy J. St. Eve on
                   10/27/05. (redacted image)Mailed notice (pmp, ) (Entered:
                   11/01/2005)
10/30/2005   62     REPLY by Janusz Robak to Government's Response To
                   Defendant's Motion To Suppress Statements and Evidence (Amdur,
                   Linda) (Entered: 10/30/2005)
10/30/2005   63     MOTION by Janusz Robak for leave to File Instanter
                   Defendant Robak's Reply To Government's Response To Defendant's
                   Motion To Suppress Statements and Evidence (Amdur, Linda)
                   (Entered: 10/30/2005)
10/31/2005          WRIT of habeas corpus ad testificandum Issued as to Andrzej
                   Ogonowski regarding Janusz Robak (pmp, ) (Entered: 11/01/2005)
11/01/2005   68     REPLY by United States of America to MOTION by Janusz Robak
                   to bar evidence of stops of defendant by authorities at
                   U.S./Canadian border59 (Attachments: # 1 Exhibit A# 2 Exhibit B#
                   3 Exhibit C)(Veatch, Christopher) (Entered: 11/01/2005)
11/02/2005   79     MINUTE entry before Judge Robert W. Gettleman : Arraignment
                   held. Defendant enters plea of not guilty to superseding
                   indictment. Defendant's motion for leave to file reply to
                   government's response to defendant's motion to suppress
                   statements and evidence is granted. Hearing begins and concluded
                   on defendant's motion to suppress. Defendant's motion to suppress
                   is denied with exception that government is precluded from
                   presenting certain evidence 50 63. Status hearing set for 11/9/05
                   at 1:00pm. Defendant is to remain at the Chicago M.C.C. until at
                   least 11/14/05. (emd, ) (Entered: 11/10/2005)
11/02/2005   80     ORDER as to Janusz Robak Signed by Judge Robert W.
                   Gettleman on 11/2/05. (emd, ) (Entered: 11/10/2005)
11/05/2005   69     MOTION by Janusz Robak to dismiss Motion To Dismiss Count
                   Two For Vagueness (Amdur, Linda) (Entered: 11/05/2005)
11/06/2005   70     Voir Dire Questions by Janusz Robak (Amdur, Linda)
                   (Entered: 11/06/2005)
11/07/2005   76     ATTORNEY Designation for USA of Christopher K Veatch,
                   Mitchell Allen Mars (emd, ) (Entered: 11/09/2005)
11/08/2005   71     PROPOSED Voir Dire by United States of America as to Janusz
                   Robak (Mars, Mitchell) (Entered: 11/08/2005)
11/08/2005   72     PROPOSED Jury Instructions by United States of America as
                   to Janusz Robak (Mars, Mitchell) (Entered: 11/08/2005)
11/08/2005   73     Proposed Statement of the Case by United States of America
                   as to Janusz Robak United States's proposed Statement of the Case
                   (Mars, Mitchell) (Entered: 11/08/2005)
11/08/2005   74     Proposed Jury Instructions by Janusz Robak (Amdur, Linda)
                   (Entered: 11/08/2005)
11/08/2005   75     MOTION by Janusz Robak in limine To Redact Prosecutor's
                   Arguments and Statements From Transcript of Detention Hearing
                   That is The Subject of the Charges Contained in Count Four
                   (Amdur, Linda) (Entered: 11/08/2005)

**Robak Exhibit C9**

11/09/2005   77     United States's List of Individuals' Names by United States of America as to Janusz Robak List of Individuals (Mars, Mitchell) (Entered: 11/09/2005)

11/10/2005   78     RESPONSE by United States of America as to Janusz Robak Government's Response to Defendant's Motion to Dismiss Count Two (Mars, Mitchell) (Entered: 11/10/2005)

11/10/2005   81     ADDITIONAL proposed jury instructions by Janusz Robak (pmp, ) (Entered: 11/16/2005)

11/10/2005   82     MOTION by Janusz Robak to bar government's submission regarding defendant's bail motion and conclusions regarding ultimate facts at hearing; (Exhibits) (pmp, ) (Entered: 11/16/2005)

11/10/2005          ORAL motion by Janusz Robak to reconsider ruling on motion to suppress (pmp, ) (Entered: 11/18/2005)

11/10/2005   87     MINUTE entry before Judge Robert W. Gettleman as to Jan Robak : Defendant's motion in limine to redact prosecutors arguments 75 is withdrawn. Defendant's motion to bar government's submission re: defendant's bail motion 82 is granted in part and denied in part. November 16, 2005 defendant's motion to bar evidence of stops is denied with exception. Defendant's motion to dismiss count II 69 is denied. Defendant's oral motion to reconsider ruling on motion to suppress [0] is denied. (pmp, ) (Entered: 11/18/2005)

11/10/2005   88     ORDER as to Janusz Robak . Signed by Judge Robert W. Gettleman on 11/10/05. (pmp, ) (Entered: 11/18/2005)

11/14/2005   83     GOVERNMENT'S ex parte by United States of America as to Janusz Robak (RESTRICTED) (pmp, ) Modified on 11/17/2005 (pmp, ). (Entered: 11/17/2005)

11/14/2005   84     MINUTE entry before Judge Robert W. Gettleman as to Jan Robak: Trial begins - jury. Trial adjourned to 11/15/2005 at 10:00 AM. (pmp, ) (Entered: 11/17/2005)

11/15/2005   85     MINUTE entry before Judge Robert W. Gettleman as to Jan Robak : Trial held-jury. Trial adjourned to 11/16/2005 at 10:00 AM. (pmp, ) (Entered: 11/17/2005)

11/15/2005   89     MINUTE entry before Judge Robert W. Gettleman as to Jan Robak: Government's petition for order granting immunity pursuant to Section 6002, Title 18 U.S. Code to compel testimony of Mart Rucinski is granted. (pmp, ) (Entered: 11/18/2005)

11/15/2005   90     ORDER as to Janusz Robak. Signed by Judge Robert W. Gettleman on 11/15/05. (pmp, ) (Entered: 11/18/2005)

11/15/2005   91     PETITION by United States of America for order granting immunity pursuant to Section 6002, Title 18 United States Code to compel testimony of Marta Rucinski as to Janusz Robak; (Exhibits) (pmp, ) (Entered: 11/18/2005)

11/15/2005   92     MOTION by Marta Rucinski as to Janusz Robak to quash subpoena (pmp, ) (Entered: 11/18/2005)

11/15/2005   93     MINUTE entry before Judge Robert W. Gettleman as to Janusz Robak : Movant Marta Rucinski' motion to quash subpoena 92 is denied. (pmp, ) (Entered: 11/18/2005)

11/16/2005   86     MINUTE entry before Judge Robert W. Gettleman as to Janusz Robak : Trial resumed-jury. Jury adjourned to 11/17/2005 at 10:00 AM. (pmp, ) (Entered: 11/18/2005)

11/17/2005   95     MINUTE entry before Judge Robert W. Gettleman as to Janusz Robak : Trial resumed-jury. Trial adjourned to 11/21/05 at 10:00 a.m. (pmp, ) (Entered: 11/21/2005)

11/17/2005   97     MINUTE entry before Judge Robert W. Gettleman as to Janusz Robak : Order entered ruling on proposed jury instructions and

**Robak Exhibit C10**

objections to instruction. Final jury instructions conference set
for 11/18/05 at 11:00 a.m. Mailed notice (pmp, ) (Entered:
11/22/2005)

11/17/2005   98    ORDER as to Janusz Robak. Signed by Judge Robert W.
Gettleman on 11/17/05.Mailed notice (pmp, ) (Entered: 11/22/2005)

11/18/2005   94    Jury Instructions At Close All Evidence by Janusz Robak
(Amdur, Linda) (Entered: 11/18/2005)

11/18/2005   96    MINUTE entry before Judge Robert W. Gettleman : Jury
instruction conference held. (pmp, ) (Entered: 11/21/2005)

11/21/2005   99    NOTICE of filing as to Janusz Robak regarding government's
points and authorities regarding count three (pmp, ) (Entered:
11/23/2005)

11/21/2005         ORAL Rule 29 motion by Janusz Robak for judgment of
acquittal (pmp, ) (Entered: 11/23/2005)

11/21/2005  100    MINUTE entry before Judge Robert W. Gettleman as to Janusz
Robak : Defendant's oral Rule 29 motion for judgment of acquittal
[0] is denied as to counts 1, 2 and 4. The court reserves ruling
as to count 3. (pmp, ) (Entered: 11/23/2005)

11/21/2005  101    MINUTE entry before Judge Robert W. Gettleman as to Janusz
Robak: Trial resumed-jury. Evidence heard and concluded. Closing
argmments heard. Jury instructed. Jury retires to deliberate.
Deliberations continued to 11/22/05 at 10:00 a.m. (pmp, )
(Entered: 11/23/2005)

11/21/2005  102    POINTS and authorities by United States of America
regarding count three as to Janusz Robak (pmp, ) Modified on
11/23/2005 (pmp, ). (Entered: 11/23/2005)

11/22/2005  103    MINUTE entry before Judge Robert W. Gettleman as to Janusz
Robak: Jury deliberations concluded. Jury returns its verdict
finding defendant guilty on counts 1, 2 and 4 and not guilty on
count 3 of the superseding indictment. Jury polled. Jury
discharged. Trial ends. Defendant's post-trial motions are due by
01/20/06. trial held on 11/22/2005 Status hearing set for
01/27/2006 at 11:30 AM. Mailed notice (pmp, ) (Entered:
11/30/2005)

11/22/2005  104    JURY Verdict as to Janusz Robak (1) guilty on Count 1s, 2s
and 4s. (pmp, ) (Entered: 11/30/2005)

12/09/2005  105    MINUTE entry before Judge Robert W. Gettleman at to Janusz
Robak : The time of the 01/27/06 status hearing is re-set to 1:00
p.m. Mailed notice (pmp, ) (Entered: 12/12/2005)

01/19/2006  106    MOTION by Janusz Robak for acquittal after Return of
Verdict (Amdur, Linda) (Entered: 01/19/2006)

01/19/2006  107    MOTION by Janusz Robak for new trial (Amdur, Linda)
(Entered: 01/19/2006)

01/27/2006  108    MINUTE entry before Judge Robert W. Gettleman as to Janusz
Robak: Status hering held. Defendant's motion [No.106] for
acquittal is denied. Defendant's motion for new trial [No.107] is
denied. Cause referred to Probation Department for pre-sentence
invesigation and report. The Probation Officer will give copies
of any documents used to compute criminal history and offense
level to counsel for all parties on request. Sentencing is set
for 3/31/06 at 1:30 p.m. Mailed notice (pmp, ) (Entered:
01/30/2006)

01/27/2006  109    MINUTE entry before Judge Robert W. Gettleman as to Janusz
Robak: Order defendant is to remain at the Chicago Metropolitan
Correctional Center until the Probation Officer interviews
defendant for pre-sentence report or to 2/10/06, whichever is

**Robak Exhibit C11**

earlier. Defense counsel is permitted to be present at the
interview. Mailed notice (pmp, ) (Entered: 01/30/2006)

02/27/2006  110  MINUTE entry before Judge Robert W. Gettleman as to Janusz
Robak: Sentencing is re-set from 3/1/06 to 4/17/2006 at 10:00 AM.
Mailed notice (pmp, ) (Entered: 02/28/2006)

04/04/2006  111  TRANSCRIPT of proceedings for the following dates:
11/2/05,11/9/05,11/10/05,11/14/05,11/15/05,
11/16/05,11/17/05,11/18/05,11/21/05 and 11/22/05; Before the
Honorable Robert W. Gettleman as to Janusz Robak (10 vols) (pmp,
) (Entered: 04/05/2006)

04/10/2006  112  MINUTE entry before Judge Robert W. Gettleman as to Janusz
Robak: Sentencing dat eof 4/17/06 is re-set to 5/5/2006 at 01:30
PM. Mailed notice (pmp, ) (Entered: 04/11/2006)

04/27/2006  113  Position Paper Regarding Sentencing by Janusz Robak
(Attachments: # 1 Letters)(Amdur, Linda) (Entered: 04/27/2006)

04/27/2006  114  SENTENCING MEMORANDUM as to Janusz Robak (Mars, Mitchell)
(Entered: 04/27/2006)

05/02/2006  115  OBJECTION to Presentence Investigation Report by Janusz
Robak (Amdur, Linda) (Entered: 05/02/2006)

05/05/2006  119  Sentencing held on 5/5/2006, JUDGMENT (Sentencing Order) as
to Janusz Robak (1) The defendant is hereby committed to the
custody of the United States Bureau of Prisons to be imprisoned
for a total term of two hundred forty (240) months on counts 1
and 2 to run concurrently and sixty (60) months on count 4 to run
concurrently. The defendant is remanded to the custody of the
United States Marshal. Upon release from imprisonment the
defendant shall be on supervised release for a term of for (4)
years concurrent on all counts. The original indictment is
dismissed on the motion of the United States. Count 3 of the
superseding indictment has been dismissed previously. Janusz
Robak terminated. Signed by Judge Robert W. Gettleman on
5/5/06.Mailed notice (pmp, ) (Entered: 05/16/2006)

05/12/2006  116  NOTICE OF APPEAL by Janusz Robak (cja) (dj, ) (Entered:
05/15/2006)

05/12/2006  117  DOCKETING statement by Janusz Robak regarding notice of
appeal116; Notice of Filing (dj, ) (Entered: 05/15/2006)

05/15/2006  118  Transmission of short record as to Janusz Robak to US Court
of Appeals re notice of appeal116 (dj, ) (Entered: 05/15/2006)

05/16/2006      JUDGMENT and Commitment as to Janusz Robak issued to U.S.
Marshal (pmp, ) (Entered: 05/16/2006)

05/17/2006  120  TRANSCRIPT designation and order form by Janusz Robak for
proceedings held on 1/27/06 and 5/5/06 before Judge Gettleman
(pmp, ) (Entered: 05/18/2006)

05/25/2006  121  USCA case number as to Janusz Robak 06-2451 for notice of
appeal 116 (pmp, ) (Entered: 05/30/2006)

06/06/2006  122  CERTIFIED and transmitted the long record regarding notice
of appeal116 as to Janusz Robak to US Court of Appeals (USCA no.
06-2451) consisting of 1 volume of pleadings, 1 vaulted item and
14 volumes of transcripts. (dj, ) (Entered: 06/06/2006)

06/06/2006  123  USCA RECEIVED on 6/6/06 the long record on appeal as to
Janusz Robak (06-2451) (dj, ) (Entered: 06/08/2006)

06/14/2006  124  Judgment and Commitment Returned Executed as to Janusz
Robak on 6/6/06. (pmp, ) (Entered: 06/15/2006)

06/28/2006  125  TRANSCRIPT of proceedings for the following dates: 1/27/06
and 5/5/06; Before the Honorable Robert W. Gettleman as to Janusz
Robak (2 vols) (pmp, ) (Entered: 06/29/2006)

**Robak Exhibit C12**

06/29/2006    126    TRANSMITTED supplemental record on appeal as to Janusz
                     Robak consisting of two volumes of transcripts of proceedings
                     [125-1,125-2] regarding notice of appeal 116 (06-2451) (pmp, )
                     Modified on 7/5/2006 (meg, ). (Entered: 06/29/2006)
07/25/2007    127    OPINION from the USCA for the 7th Circuit; Argued 2/12/07;
                     Decided 7/25/07 in USCA case no. 06-2451 (meg, ) (Entered:
                     07/30/2007)
08/16/2007    128    OPINION from the USCA for the 7th Circuit; Argued 2/12/07;
                     Decided 7/25/07 in USCA case no. 06-2451 (meg, ) (Entered:
                     08/20/2007)
08/16/2007    129    MANDATE of USCA (certified copy) as to Janusz Robak
                     regarding transcript[20], USCA case number121, received
                     record123, docketing statmeent117, transcript125, transcript111,
                     notice of appeal116, transcript designation and order form120,
                     opinion from appellate court127. Transmitted long record to
                     USCA122, transmission of notice of appeal and docket sheet to
                     USCA118, supplemental record sent to USCA126, opinion from
                     appellate court128. The judgment of the District Court is
                     Affirmed, in accordance with the decision of this court entered.
                     (USCA#: 06-2451). (meg, ) (Entered: 08/20/2007)
08/16/2007    130    APPEAL record returned as to Janusz Robak: USCA mandate
                     129. 1 Volume of pleadings, 16 Volumes of transcripts, 1 In
                     Camera material. (USCA#: 06-2451) (meg, ) (Entered: 08/20/2007)

**Robak Exhibit C13**

*230 Fed. Appx. 607, *; 2007 U.S. App. LEXIS 17942, ***

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JANUSZ ROBAK, Defendant-Appellant.

No. 06-2451

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

230 Fed. Appx. 607; 2007 U.S. App. LEXIS 17942

February 12, 2007, Argued
July 25, 2007, Decided

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [**1]
Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 04 CR 693. Robert W. Gettleman, Judge.

**DISPOSITION:** AFFIRMED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant appealed from the U.S. District Court for the Northern District of Illinois where a jury found him guilty of conspiring to distribute Ecstasy, conspiring to commit money laundering, and perjury. Defendant argued that the district court erred by denying his motion to suppress his incriminating statements and by admitting evidence of a border stop during which he was caught attempting to bring undeclared cigarettes into the U.S.

**OVERVIEW:** The offenses stemmed from defendant's involvement in a Ecstasy smuggling ring operating across the U.S./Canadian border. Defendant apparently asked for an attorney during his initial questioning by a Drug Enforcement Agency (DEA) agent. The agent ceased his questioning; defendant was moved to a DEA office, and a Polish-speaking DEA officer greeted him in Polish. The appellate court held that a reasonable, objective observer would not believe the officer's Polish greeting of "good day" to be reasonably likely to elicit incriminating information. That the officer omitted any reference to drugs did not undermine the voluntariness of defendant's reinitiation of communication. Defendant was read his Miranda rights in both Polish and English. When he signed the waiver, he was fully aware of his rights and voluntarily waived them prior to making incriminating statements and consenting to a search. Finally, the admission of evidence of his detention at the border with undeclared cigarettes was not unfairly prejudicial because the border-stop evidence was properly admitted to prove defendant's knowledge of border procedures, a permissible noncharacter purpose under Fed. R. Evid. 404(b).

**OUTCOME:** The appellate court affirmed the ruling of the district court.

**CORE TERMS:** border, custody, border-stop, questioning, talk, interrogation, cigarettes, reinitiated, smuggling, suppress, incriminating statements, incriminating response, reasonably likely to elicit, prejudicial, distribute, undeclared, detention, other-act, commit, driver, stolen cars, conspiracy, greeted, money laundering, enforcement officers, right to counsel, admissible to prove, prejudicial effect, abuse of discretion, substantially outweighed

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Clifford Histed, OFFICE OF THE UNITED STATES ATTORNEY, Chicago, IL USA.

For JANUSZ ROBAK, Defendant - Appellant: Robert A. Novelle, Timothy R. Roellig, SERPICO, NOVELLE & NAVIGATO, Chicago, IL USA.

**JUDGES:** Before Hon. MICHAEL S. KANNE, Circuit Judge, Hon. ILANA DIAMOND ROVNER, Circuit Judge, Hon. DIANE S. SYKES, Circuit Judge

**OPINION**

[*607] **ORDER**

A jury found Janusz Robak guilty of conspiring to distribute Ecstasy in violation of 21 U.S.C. §§ 841(a)(1) and 846, [*608] conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h), and perjury in violation of 18 U.S.C. § 1623(a). The offenses stem from Robak's involvement in a large-scale Ecstasy smuggling ring operating across the U.S./Canadian border. On appeal, Robak argues the district court erred by denying his motion to suppress his incriminating statements and by admitting evidence of a border stop at the U.S./Canada border during which he was caught attempting to bring undeclared cigarettes into the United States.

We affirm. Robak freely reinitiated [**2] communication with law enforcement officers after initially invoking his right to counsel, and offered the incriminating statements following an appropriate *Miranda* waiver. The border-stop evidence was admissible to prove his knowledge of border procedures and was not unduly prejudicial.

**I. Background**

Officer Zachary McCorkle [1] pulled over the driver of what he believed to be a stolen vehicle for a minor traffic violation in Norridge, Illinois. Robak was driving the car and presented Officer McCorkle with a bogus driver's license identifying him as Daniel Kot. McCorkle took Robak (whom he believed to be Daniel Kot) to the Norridge Police Department for questioning about the car. After asking several booking questions, McCorkle learned Robak's true identity from FBI Special Agent James Swanty, who arrived a short time later to arrest Robak on federal drug charges.

**FOOTNOTES**

1 Officer McCorkle serves on the Elgin Police Department and at the time was specially assigned to the Kane County Auto Theft Task Force, a unit with the Illinois State Police.

Agent Swanty took Robak into federal custody and read him his *Miranda* rights in English. Unsure if Robak understood--Robak is Polish and speaks his native [**3] language--Agent Swanty ceased his questioning until the rights could be given in Polish. At that point he was unsure whether Robak had requested counsel; however, his written report reflected Robak had indeed made the request.

About an hour later, Robak was moved to a Drug Enforcement Administration ("DEA") office where he was met by DEA Task Force Officer Magdalena Garrison, who was unaware of any previous request for counsel by Robak. Garrison greeted Robak by saying "good day" in Polish, and Robak asked why he was in custody. Garrison replied, "because of an issue of stolen cars." [2] Robak then asked, "Can we talk about it?" Garrison said they could but first they had to follow certain procedures. Garrison and the other officer then read Robak his *Miranda* rights in both Polish and English, and Robak initialed each line and signed a waiver of rights form. The form stated: "I have read this statement of my rights, and I understand what my rights are. At this time I am willing to answer questions without a lawyer present." During the ensuing interview, Robak identified photos of individuals and explained what he knew about them, and then admitted transporting money and pills that he [**4] believed were steroids to and from Canada. At this time Robak also consented to a search of his Norridge residence. The interview ended when Robak requested an attorney.

**FOOTNOTES**

2 Coincidentally, Garrison had been at the U.S. Attorney's office helping to prepare a criminal complaint against Robak earlier in the day for unrelated drug charges.

Robak initially was charged by indictment with conspiracy to distribute Ecstasy. He then filed a "Motion to Suppress Statements of Defendant and Physical Evidence Seized from Defendant's Vehicle." [*609] Nine days later, a grand jury returned a superseding indictment charging Robak with (1) conspiracy to distribute Ecstasy; (2) conspiracy to commit money laundering; (3) lying to the FBI regarding the investigation; and (4) perjury allegedly committed during his

detention hearing. The next day Robak filed a "Motion to Bar Evidence of Stops of Defendant by Authorities at the U.S./Canadian Border." The district court held a hearing and denied Robak's motions. A jury returned a guilty verdict on all counts except for the third.

## II. Discussion

Robak challenges the district court's denial of his motion to suppress his incriminating statements and his motion to exclude [**5] the border-stop evidence. We address each issue in turn, reviewing the district court's evidentiary ruling for abuse of discretion. *United States v. Thomas*, 453 F.3d 838, 844 (7th Cir. 2006), and the court's findings of fact and credibility determinations on the suppression motion for clear error, *United States v. Jensen*, 169 F.3d 1044, 1046 (7th Cir. 1999). A district court's "decision to credit the testimony of one witness over another, each of whom has told a facially plausible story" can almost never be clear error." *United States v. Briggs*, 273 F.3d 737, 740 (7th Cir. 2001) (quoting *Jensen*, 169 F.3d at 1046).

### A. Denial of Motion to Suppress

*Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), requires that prior to custodial interrogation, a suspect "must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." [3] A suspect may waive these rights "provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking [**6] there can be no questioning." *Id.* at 444-45.

### FOOTNOTES

3 "Custodial interrogation" means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

After the right to counsel is invoked, a suspect in custody may "change his mind," making a subsequent interrogation permissible, if "the    [defendant] himself initiates further communication, exchanges, or conversations with the police" and waives his *Miranda* rights. [4] *Oregon v. Bradshaw*, 462 U.S. 1039, 1044, 103 S. Ct. 2830, 77 L. Ed. 2d 405 (1983) (quoting *Edwards v. Arizona*, 451 U.S. 477, 485, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981)); *see also United States v. Huerta*, 239 F.3d 865, 873 (7th Cir. 2001) (holding defendant reinitiated communication when she asked why detectives wanted her shoes and then said she wanted to talk). A suspect is interrogated for purposes of *Miranda* if the officer should know his words or actions "are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980); *United States v. Westbrook*, 125 F.3d 996, 1002 (7th Cir. [*610] 1997) (applying *Innis*, we ask whether a reasonable, objective [**7] observer would believe the officer's question was "reasonably likely to elicit" an incriminating response). Thus, "volunteered statements are not subject to *Miranda* warnings." *Westbrook*, 125 F.3d at 1002.

### FOOTNOTES

4 To determine whether a defendant waived his rights in the reinitiation context, courts consider whether the police made threats, promises, or inducements to talk, and whether the defendant was properly advised of and understood his rights and after requesting an attorney simply changed his mind. *Oregon v. Bradshaw*, 462 U.S. 1039, 1046, 103 S. Ct. 2830, 77 L. Ed. 2d 405 (1983).

Here, Robak apparently asked for an attorney during his initial questioning by Agent Twenty. Twenty ceased his questioning, Robak was moved to a DEA office, and Officer Garrison, a Polish-speaking DEA officer, greeted him in Polish. Robak then asked Officer Garrison why he was in custody. When she responded, he asked, "Can we talk about it?" The district court held that by this line of inquiry, Robak voluntarily reinitiated conversation with the police. Robak argues that Officer Garrison reinitiated the interrogation when she greeted him in Polish when he arrived at the DEA office. He also argues that Officer Garrison's incomplete explanation [**8] that he was in custody because of stolen cars (with no mention of drugs) is evidence of her intent to elicit incriminating responses from him.

We agree with the district court that a reasonable, objective observer would not believe Garrison's Polish greeting of "good day" to be reasonably likely to elicit incriminating information. Accordingly, Officer Garrison did not reinitiate the

**Robak Exhibit D3**

interrogation. Robak voluntarily resumed communication with law enforcement when he asked Officer Garrison why he was in custody and then further asked to "talk about it" when the officer replied that he was under arrest for "stolen cars." That Officer Garrison omitted any reference to drugs does not undermine the voluntariness of Robak's rendition of communication. Officer Garrison told Robak that before they could "talk about it" they first had to follow procedure; Robak was then read his *Miranda* rights in both Polish and English. When he signed the waiver, he was fully aware of his rights and voluntarily waived them prior to making the incriminating statements and consenting to the search. The district court properly denied the suppression motion.

**B. Admission of Border-Stop Evidence**

Robak argues that [**9] the admission of evidence of his detention at the U.S./Canada border with undeclared cigarettes was unfairly prejudicial because that incident differs substantially from the charged crime of smuggling Ecstasy. Rule 404 (b) of the *Federal Rules of Evidence* provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as . . . opportunity, intent, preparation, plan, [or] knowledge . . . ." Other-act evidence is admissible if

(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury's finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Burke*, 425 F.3d 400, 410 (7th Cir. 2005) (quoting *United States v. Biswell*, 85 F.3d 295, 296 (7th Cir. 1996)).

On appeal, Robak renews [**10] his argument that the first, second, and fourth requirements for the admission of other-act evidence were not met. We disagree. The border-stop evidence was properly admitted to prove Robak's knowledge of U.S./Canada border procedures, a permissible [*61.1] noncharacter purpose under Rule 404(b). The distinction between smuggling cigarettes and Ecstasy is undeniable but does not prompt us to regard the admission of this evidence as an abuse of discretion. Robak suggests that the jury could infer his knowledge of border procedures from his occupation: a truck driver who made deliveries to Canada. This may be true, but it does not call into question the admissibility of the border-stop incident. Robak's prior border detention for undeclared cigarettes was admitted for a permitted noncharacter purpose and was not so dissimilar as to fail the test for admission of other-act evidence.

Moreover, the evidence of Robak's prior act of smuggling cigarettes is not likely to have influenced a jury so much that its prejudicial effect substantially outweighed its probative value. *United States v. Hicks*, 368 F.3d 801, 807 (7th Cir. 2004) ("Evidence is unfairly prejudicial only if it will induce the jury to [**11] decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." (internal citations omitted)). The district court gave an appropriate cautionary instruction regarding the purposes for which the border-stop evidence could be considered. "[w]e consistently have explained that such instructions minimize the prejudicial effect of this type of evidence." *United States v. Strong*, 485 F.3d 985, 991 (7th Cir. 2007) (citing *United States v. Whitlow*, 381 F.3d 679, 686 (7th Cir. 2004) & *United States v. Rollins*, 301 F.3d 511, 520 (7th Cir. 2002)).

**AFFIRMED**

LexisNexis®

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**Robak Exhibit D4**